UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOY MCCOLLEY, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CASEY'S GENERAL STORES, INC.,<br><br>　　　　　　　　　Defendant. | No. 2:18-cv-00072<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Joy McColley, individually and on behalf of all others similarly situated, as collective action representative, upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

## PRELIMINARY STATEMENT

1. LakeThis lawsuit seeks to recover unpaid overtime compensation for Plaintiff and similarly situated co-workers who worked for Defendant Casey's General Stores, Inc. ("Casey's" or "Defendant") in the United States as exempt-classified Store Managers.

2. Plaintiff seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and the supporting United States Department of Labor regulations, on behalf of herself and all similarly situated current and former FLSA Collective Members (defined as Plaintiff and all Store Managers who work or worked for Defendant and were classified as exempt at any time from February 16, 2015 to the present who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

3. Defendant classified Plaintiff and the FLSA Collective Members as exempt from the FLSA's overtime provisions.

4. By the conduct described in this Complaint, Defendant willfully violated the FLSA by failing to pay Plaintiff and the FLSA Collective Members overtime wages as required by law.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

6. Upon information and belief, Defendant is subject to personal jurisdiction in Indiana.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

*Plaintiff*

**Joy McColley**

9. Plaintiff Joy McColley is an adult individual who is a resident of Crown Point, Indiana.

10. Plaintiff worked for Defendant as a Store Manager in Griffith, Indiana from approximately February 2014 to January 2017.

11. McColley's written consent to join a collective action under 29 U.S.C. § 216(b) is

attached as Exhibit 1.

12. McColley regularly worked for Defendant and for Defendant's benefit in excess of 40 hours per workweek. McColley typically worked 50-60 hours per week.

13. Pursuant to Defendant's policy, pattern, or practice of not paying overtime wages to McColley and the FLSA Collective Members when they worked beyond 40 hours in a workweek, McColley and FLSA Collective Members regularly performed work without receiving overtime compensation.

14. McColley is a covered employee within the meaning of the FLSA.

15. McColley has retained Cohen & Malad, LLP, Hepworth Gershbaum & Roth, PLLC and the Shavitz Law Group, P.A. to represent her, and seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs, on behalf of herself and the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

*Defendant*

**Casey's General Store, Inc.**

16. Casey's General Store, Inc. is an Iowa corporation and a convenience store chain that operates approximately 2000 stores in the United States, including in Indiana. Defendant is registered to do business in Indiana.

17. Defendant has owned and/or operated Defendant's stores during the relevant period, including the store at which Plaintiff worked in Griffith, Indiana.

18. At all relevant times, Defendant was and is an employer within the meaning of the FLSA.

19. Defendant employed Plaintiff and other similarly situated current and former FLSA Collective Members.

20.     Defendant had gross annual revenues exceeding $500,000.00 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings the First Cause of Action on behalf of herself and all similarly situated current and former FLSA Collective Members who work or have worked for Defendant during the Collective Period (defined as February 16, 2015 to present) who elect to opt into this action.

22.     Plaintiff and other FLSA Collective Members are similarly situated in that they are subject to Defendant's common compensation policy, pattern, or practice, including without limitation Defendant's failure to pay such persons for all overtime hours worked when they worked over 40 hours in a workweek in violation of the FLSA.

23.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and all other FLSA Collective Members when they worked over 40 hours in a workweek.  The FLSA Collective Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective Members, pursuant to 29 U.S.C. § 216(b).

## COMMON FACTUAL ALLEGATIONS

24.     During the course of their employment with Defendant, Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one and one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

25.     Plaintiff and FLSA Collective Members primarily performed manual, non-exempt job duties such as customer service, preparing food, taking orders, stocking shelves and cleaning

the store.

26. Plaintiff and FLSA Collective Members' primary duties were not directly related to Defendant's management or general business operations.

27. Plaintiff and FLSA Collective Members' primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

28. The performance of manual labor duties occupied the majority of Plaintiff and FLSA Collective Members' working hours.

29. All of the work that Plaintiff and FLSA Collective Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

30. Pursuant to a common policy, pattern or practice, Defendant treated Plaintiff and FLSA Collective Members similarly with respect to the violations claimed and failed to pay them overtime wages and maintain accurate records of their hours of work, despite the fact that Plaintiff and FLSA Collective Members regularly worked more than 40 hours per workweek, all in violation of the FLSA.

31. Defendant knew (or should have known) that Plaintiff and FLSA Collective Members primarily performed non-managerial duties, yet still maintained a policy not to pay Plaintiff and FLSA Collective Members overtime wages.

32. Defendant also underfunded its stores' payroll budgets. Plaintiff and FLSA Collective Members had to work long hours with no extra overtime compensation while performing the work of non-exempt employees (who otherwise would have received overtime pay for such work) due to the lack of sufficient payroll money from Defendant to pay the non-exempt workers.

33. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

34. Defendant was aware or should have been aware that the FLSA requires them to pay non-exempt employees an overtime premium for all hours worked in excess of 40 hours per workweek.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime Wages Brought by Plaintiff Individually and on Behalf of the FLSA Collective Members

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all relevant times, Plaintiff and other similarly situated FLSA Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. The overtime wage provisions set forth in §§ 201, *et seq.*, of the FLSA apply to Defendant.

38. At all relevant times, Defendant was the employer of Plaintiff and other similarly situated FLSA Collective Members and was engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

39. At all relevant times, Plaintiff and other similarly situated FLSA Collective Members were employees within the meaning of the FLSA.

40. Defendant failed to pay Plaintiff and other similarly situated FLSA Collective Members the overtime wages to which they were entitled under the FLSA.

41. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

42. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the FLSA Collective Members.

43. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44. As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated FLSA Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*, in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective Members, prays for the following relief:

A. that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all FLSA Collective Members who worked during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. the payment at one and one-half times their regular rates of pay for all overtime hours worked by Plaintiff and FLSA Collective Members for which they have not been properly compensated;

C. liquidated damages pursuant to 29 U.S.C. § 216(b);

D. reasonable attorneys' fees and costs;

E.  a reasonable service award to the Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA Collective Members and for the risks she took in doing so;

F.  prejudgment interest; and

G.  all other relief that this Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  February 16, 2018

Respectfully submitted,

By:  /s/ Scott D. Gilchrist
Richard E. Shevitz (#12007-49)
Scott D. Gilchrist (#16720-53)
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
(317) 636-2495 FAX
Email: rshevitz@cohenandmalad.com
Email: sgilchrist@cohenandmalad.com

Gregg I. Shavitz*
Camar Jones*
Logan A. Pardell*
SHAVITZ LAW GROUP, P.A.
E-mail: gshavitz@shavitzlaw.com
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
E-mail: mpalitz@shavitzlaw.com
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: 800-616-4000
Facsimile: (561) 447-8831

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Attorneys for Plaintiff and the Putative FLSA Collective Members*

*to apply for admission *pro hac vice*