UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOY MCCOLLEY, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,<br><br>      Defendants. | No. 2:18-cv-00072<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## **<u>AMENDED COLLECTIVE ACTION COMPLAINT</u>**

Plaintiff Joy McColley, individually and on behalf of all others similarly situated, as collective action representative, upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

## **<u>PRELIMINARY STATEMENT</u>**

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and similarly situated co-workers who worked for Defendants Casey's General Stores, Inc., Casey's Marketing Company, and Casey's Retail Company (together, "Casey's" or "Defendants") in the United States as exempt-classified Store Managers.

2. Plaintiff seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and the supporting United States Department of Labor regulations, on behalf of herself and all similarly situated current and former FLSA Collective Members (defined as Plaintiff and all Store Managers who work or worked for Defendants and were classified as exempt at any time from February 16, 2015 to the present who

elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b)).

3. Defendants classified Plaintiff and the FLSA Collective Members as exempt from the FLSA's overtime provisions.

4. By the conduct described in this Amended Complaint, Defendants willfully violated the FLSA by failing to pay Plaintiff and the FLSA Collective Members overtime wages as required by law.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

6. Upon information and belief, Defendants are subject to personal jurisdiction in Indiana.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

*Plaintiff*

**Joy McColley**

9. Plaintiff Joy McColley is an adult individual who is a resident of Crown Point, Indiana.

10. Plaintiff worked for Defendants as a Store Manager in Griffith, Indiana from approximately February 2014 to January 2017.

11. McColley's written consent to join a collective action under 29 U.S.C. § 216(b) was previously filed in this action.

12. McColley regularly worked for Defendants and for Defendants' benefit in excess of 40 hours per workweek. McColley typically worked 50-60 hours per week.

13. Pursuant to Defendants' policy, pattern, or practice of not paying overtime wages to McColley and the FLSA Collective Members when they worked beyond 40 hours in a workweek, McColley and FLSA Collective Members regularly performed work without receiving overtime compensation.

14. McColley is a covered employee within the meaning of the FLSA.

15. McColley has retained Cohen & Malad, LLP, Hepworth Gershbaum & Roth, PLLC and the Shavitz Law Group, P.A. to represent her, and seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs, on behalf of herself and the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

*Defendants*

16. Casey's General Stores, Inc. is an Iowa corporation. Casey's General Store, Inc., together with its wholly-owned subsidiaries Casey's Marketing Company and Casey's Retail Company, operates approximately 2,000 convenience stores in the United States, including in Indiana.

17. Defendants are registered to do business in Indiana.

18. Defendants have owned and/or operated Defendants' stores during the relevant period, including the store at which Plaintiff worked in Griffith, Indiana.

19. At all relevant times, Defendants were and are employers within the meaning of the FLSA.

20. Defendants employed Plaintiff and other similarly situated current and former FLSA Collective Members.

21. Defendants had gross annual revenues exceeding $500,000.00 for all relevant periods herein.

22. Each Defendant employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former FLSA Collective Members and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former FLSA Collective Members. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

23. Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former FLSA Collective Members including, without limitation, those terms and conditions relating to the claims alleged herein.

24. Defendants jointly employed Plaintiff and other similarly situated current and former FLSA Collective Members.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings the First Cause of Action on behalf of herself and all similarly situated current and former FLSA Collective Members who work or have worked for Defendants during the Collective Period (defined as February 16, 2015 to present) who elect to opt into this

action.

26. Plaintiff and other FLSA Collective Members are similarly situated in that they are subject to Defendants' common compensation policy, pattern, or practice, including without limitation Defendants' failure to pay such persons for all overtime hours worked when they worked over 40 hours in a workweek in violation of the FLSA.

27. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and all other FLSA Collective Members when they worked over 40 hours in a workweek. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective Members, pursuant to 29 U.S.C. § 216(b).

## **COMMON FACTUAL ALLEGATIONS**

28. During the course of their employment with Defendants, Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one and one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

29. Plaintiff and FLSA Collective Members primarily performed the same or substantially similar job duties.

30. Plaintiff and FLSA Collective Members primarily performed manual, non-exempt job duties such as customer service, preparing food, taking orders, stocking shelves and cleaning the store.

31. Plaintiff and FLSA Collective Members' primary duties were not directly related to Defendants' management or general business operations.

32. Plaintiff and FLSA Collective Members' primary duties did not include the

exercise of discretion or independent judgment regarding matters of significance.

33. The performance of manual labor duties occupied the majority of Plaintiff and FLSA Collective Members' working hours.

34. All of the work that Plaintiff and FLSA Collective Members have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

35. Pursuant to a common policy, pattern or practice, Defendants treated Plaintiff and FLSA Collective Members similarly with respect to the violations claimed and failed to pay them overtime wages and maintain accurate records of their hours of work, despite the fact that Plaintiff and FLSA Collective Members regularly worked more than 40 hours per workweek, all in violation of the FLSA.

36. Upon information and belief, Defendant's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA.

37. Defendants knew (or should have known) that Plaintiff and FLSA Collective Members primarily performed non-managerial duties, yet still maintained a policy not to pay Plaintiff and FLSA Collective Members overtime wages.

38. Defendants also underfunded their stores' payroll budgets. Plaintiff and FLSA Collective Members had to work long hours with no extra overtime compensation while performing the work of non-exempt employees (who otherwise would have received overtime pay for such work) due to the lack of sufficient payroll money from Defendants to pay the non-exempt workers.

39. As part of its regular business practice, Defendants haves intentionally, willfully,

and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

40. Defendants were aware or should have been aware that the FLSA requires them to pay non-exempt employees an overtime premium for all hours worked in excess of 40 hours per workweek.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime Wages Brought by Plaintiff Individually and on Behalf of the FLSA Collective Members**

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. At all relevant times, Plaintiff and other similarly situated FLSA Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. The overtime wage provisions set forth in §§ 201, *et seq.*, of the FLSA apply to Defendants.

44. At all relevant times, Defendants employ or employed Plaintiff and other similarly situated FLSA Collective Members and were engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

45. At all relevant times, Plaintiff and other similarly situated FLSA Collective Members were employees within the meaning of the FLSA.

46. Defendants failed to pay Plaintiff and other similarly situated FLSA Collective Members the overtime wages to which they were entitled under the FLSA.

47. Defendants' violations of the FLSA, as described in this Amended Complaint, have been willful and intentional.

48. Defendant's failure to pay overtime wages for work performed by the Plaintiff and

other similarly situated FLSA Collective Members in excess of forty (40) hours per workweek was willful.

49. Defendant's unlawful conduct has been widespread, repeated and consistent.

50. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the FLSA Collective Members.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Defendants' willful violations of the FLSA, Plaintiff and other similarly situated FLSA Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective Members, prays for the following relief:

A. that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, informing all similarly situated FLSA Collective Members of the nature of the action, and of their right to join this lawsuit;

B. Certification of the FLSA Collective;

C. Designation of Plaintiff as representative of the FLSA Collective, and counsel of record as Class Counsel;

D. Equitable tolling of the FLSA statute of limitation as a result of Defendant's failure to post requisite notices under the FLSA;

E. The payment at one and one-half times their regular rates of pay for all overtime hours worked by Plaintiff and FLSA Collective Members for which they have not been properly compensated and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

F. Liquidated damages pursuant to 29 U.S.C. § 216(b);

G. Prejudgment interest and post-judgment interest, as provided by law; and

H. Reasonable service award to the Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA Collective Members and for the risks she took in doing so;

I. Reasonable attorneys' fees and costs; and

J. Such other relief that this Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Amended Complaint.

Dated:  April 24, 2018

Respectfully submitted,

By: /s/ Scott D. Gilchrist
Richard E. Shevitz (#12007-49)
Scott D. Gilchrist (#16720-53)
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
(317) 636-2495 FAX
Email: rshevitz@cohenandmalad.com
Email: sgilchrist@cohenandmalad.com

Gregg I. Shavitz*
Camar Jones*
Logan A. Pardell*
SHAVITZ LAW GROUP, P.A.
E-mail: gshavitz@shavitzlaw.com
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
E-mail: mpalitz@shavitzlaw.com
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: 800-616-4000
Facsimile: (561) 447-8831

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Attorneys for Plaintiff and the
Putative FLSA Collective Members*

*admitted or to apply for admission *pro hac vice*

Gregg I. Shavitz*
Camar Jones*
Logan A. Pardell*
SHAVITZ LAW GROUP, P.A.
E-mail: gshavitz@shavitzlaw.com
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
E-mail: mpalitz@shavitzlaw.com
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: 800-616-4000
Facsimile: (561) 447-8831

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Attorneys for Plaintiff and the
Putative FLSA Collective Members*

*admitted or to apply for admission *pro hac vice*