UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOY MCCOLLEY, on behalf of herself and all others similarly situated, Plaintiffs, | )<br>)<br>)<br>) |
| v. | ) CAUSE NO.: 2:18-CV-72-DRL-JEM |
| CASEY'S GENERAL STORES, INC., *et al.*, Defendants. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Substitute Named Plaintiff and Amend Complaint [DE 286], filed December 4, 2024. Plaintiffs move to substitute opt-in plaintiff Nancy White as the named plaintiff in place of Joy McColley, who has died, and to amend the complaint to reflect that substitution. Defendants filed a response objecting to the request on December 18, 2024, and on January 10, 2025, Plaintiffs filed a reply.

**I.   Analysis**

Federal Rule of Civil Procedure 25(a) provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). When a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is

1

"inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Plaintiffs seek to substitute Nancy White, one of the members of the collective action, as the named plaintiff in this case. She is willing to serve as named plaintiff and collective representative, worked in Indiana as a store manager for Defendants, and maintains the same claims as Plaintiff McColley and the other collective action members who have joined the case. Defendants agree that substitution is appropriate, but object to the selection of Ms. White. They argue that Plaintiffs should be required to choose one of the opt-in plaintiffs from whom they have already begun taking discovery, since they would be required to take additional discovery if Ms. White is the named plaintiff, and that requirement would be an injustice to them. They also argue that under the current agreement, Ms. White cannot testify at trial and they would need to revise the discovery plan, at additional cost to them, if Plaintiffs wish for her to testify.

Unlike a class action requiring potential plaintiffs to opt out, "plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court," *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010), making them already full parties to the suit. *See also Bristol v. Cont'l Home Loans, Inc.*, No. 12CV1130LDWETB, 2014 WL 12844081, at *2 (E.D.N.Y. July 14, 2014) ("any plaintiff who has opted-in to the action 'ha[s] the same status in relation to the claims of the lawsuit as do the named plaintiffs'") (quoting *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)). "The addition of new . . . class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties involve the same or related factual and legal questions as the original complaints." *Gilliam*

2

*v. Addicts Rehab. Ctr. Fund*, No. 05 CIV. 3452 RJHRLE, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (quotation omitted). Ms. White has "already opted into the lawsuit prior to seeking this amendment, thus, providing defendants with prior notice of [her] claims," and "assert[s] identical wage and hour claims as those of the plaintiffs in the original complaint," *id*., making substitution appropriate. *See also Aguilar v. Advanced MEPF Servs. Corp.*, No. 19CV5014RPKTAM, 2022 WL 598148, at *3 (E.D.N.Y. Jan. 20, 2022) ("'In FLSA collective actions, the substitution of a named representative plaintiff by a plaintiff who has already opted-in to the litigation is unlikely to prejudice the defendant, because they are already on notice of the claims of the new named representative.' Courts have described such substitutions as 'a particularly simple procedural matter' because under 29 U.S.C. § 216(b), opt-in plaintiffs are already 'full parties for all purposes.'" (quoting *Bristol.*, 2014 WL 12844081, at *1-2) (listing cases).

In this case, the only prejudice that Defendants identify is the need to take more discovery and the cost for motion practice with respect to amending the discovery plan. They do not point to any bad faith on the part of Plaintiffs, who did not delay in seeking the amendment, which would not be futile. Although the discovery process will have to be adjusted, the adjustment is not notably more significant than if one of the opt-in plaintiffs required replacement, and there is adequate time in the discovery period to complete the additional needed discovery. On the other hand, if Plaintiffs are prohibited from replacing Plaintiff McColley, then the claims of all 1,508 opt-in plaintiffs, all full parties to the case, will be prejudiced.

To the extent that Defendants argue that the stipulated representative discovery plan must be amended, this Order serves as its amendment. Plaintiff White must respond to interrogatories and requests for production within 30 days of the date of this order and all other references to the named plaintiff or to Plaintiff McColley will be construed to now apply to Plaintiff White, who

3

may testify at trial. Plaintiffs will make Ms. White available for deposition as soon as reasonably practical, and the parties are to work together in good faith to schedule her deposition.

## II. Conclusion

Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion to Substitute Named Plaintiff and Amend Complaint [DE 286], **SUBSTITUTES** Nancy White as the named plaintiff for Joy McColley, and **DIRECTS** the Clerk of Court to amend the caption to show Nancy White in place of Joy McColley as the named plaintiff and **ORDERS** the parties to participate in discovery as directed herein.

So ORDERED this 16th day of January, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record