**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NANCY WHITE, on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,<br><br>   Defendants. | Case No.: 2:18-cv-00072 (DRL) (JEM) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

**INTRODUCTION**

Plaintiffs filed a motion to compel seeking the production of documents and electronically stored information of the Area Supervisors, District Managers, and Regional Directors who supervised Plaintiff and the 75 Representative Plaintiffs. ECF No. 300. On March 27, 2025, the Court granted Plaintiffs' motion and ordered that Plaintiffs file "an itemization of their costs and fees, including attorney's fees, incurred in bringing the motion to compel along with argument as to why those expenses are reasonable in this situation." ECF No. 309 at 9. Plaintiffs incurred $45,545.00 in attorneys' fees in connection with the motion to compel and $9,587.50 in fees associated with this motion. Plaintiffs are not seeking costs through this motion. Plaintiffs respectfully request that the Court grant their motion for attorneys' fees totaling $55,132.50.

**BACKGROUND**

The history relating to the discovery dispute that led to Plaintiffs' motion to compel is set forth in that motion at ECF No. 300 at pp 3-9 and is incorporated herein. After conferrals failed and Defendants refused to produce any of the requested discovery, Plaintiffs filed their 17-page brief which was supported by seven exhibits. ECF No. 300, 301, 301-1 to 301-7. Plaintiffs also filed a motion to file a document under seal which Defendants designated as confidential. ECF No. 303. Defendants never submitted a brief to keep that document confidential despite designating it as such.

On March 11, 2025, Defendants filed their opposition to Plaintiffs' motion to compel. ECF Nos. 306-307. On March 14, 2025, Plaintiffs filed their reply 14-page reply brief. ECF No. 308.

Plaintiffs' counsel spent 62.7 hours on the motion to compel. Declaration of Michael Palitz, Esq. ("Palitz Decl.") at ¶ 16 (Shavitz Law Group, P.A. spent 43.70 hours on the motion);

1

Declaration of Charles Gershbaum, Esq. ("Gershbaum Decl.") at ¶ 4 (Hepworth Gershbaum & Roth PLLC spent 19 hours on the motion). The briefing was time-consuming and complex in that it required, among other things, research into the exemption and relevance issues, electronic discovery standards, proportionality factors, and similar cases involving the scope of electronic discovery sought, review of conferral history and discovery requests and responses, review of case law to support arguments, reviewing case law Defendants relied upon to distinguish same, and research into Defendants' financial records to refute burden arguments.

Plaintiffs also spent 13.7 hours on this motion for fees and will spend additional time on the reply briefing should Defendants oppose this motion. Palitz Decl. at ¶ 17 (Shavitz Law Group, P.A. spent 11 hours on the motion); Gershbaum Decl. at ¶ 7 (Hepworth Gershbaum & Roth PLLC spent 2.7 hours on the motion). Plaintiffs also ask the Court to allow them to seek fees associated with this motion.

## ARGUMENT

### A.    Legal Standards

In order to determine reasonable attorneys' fees, courts apply the lodestar approach to establish a "presumptively reasonable fee" by calculating the number of hours reasonably expended by counsel on the litigation and multiplying that number of hours by reasonable hourly rates. *Nexus Staffing, Inc. v. Nexus Emp. Sols. Plus of Ind., Inc*., 2022 U.S. Dist. LEXIS 246397, at *20-21 (N.D. Ind. Aug. 24, 2022) (quoting *Eagle F. v. Phyllis Schlafly's Am. Eagles*, 498 F. Supp. 3d 1024, 1044 (S.D. Ill. 2020)); *accord Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). To determine the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The movant bears

2

the burden of proving that the requested hourly rate is reasonable and 'in line with those prevailing in the community.'" *Nexus Staffing, Inc.*, 2022 U.S. Dist. LEXIS 246397, at *21. The Court is to evaluate the "evidence proffered by the parties" and may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005).

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, (1983). Indeed, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "If ever there was a case for reviewing the determinations of a trial court under a highly deferential version of the 'abuse of discretion' standard," it is in the case of attorneys' fees. *Siddiqui v. Nat'l Ass'n of Broad. Emps.*, 2025 U.S. App. LEXIS 6781, at *6 (7th Cir. Mar. 24, 2025) (quoting *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988)). Such decisions receive "significan[t] deference" and "wide latitude." *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011).

### B.   Plaintiffs Seek a Presumptively Reasonable Fee and Had to Perform Substantial Amounts of Work in Light of Defendants' Actions to Obtain this Discovery through the Motion to Compel

As set forth above, Plaintiffs' Counsel had to dedicate substantial time and resources to litigate this discovery issue. Plaintiffs seek attorneys' fees of $55,132.50 for 76.4 hours of work on the Motion to Compel and Motion for Attorneys' Fees. Palitz Dec. at ¶¶ 18-19 and Exhibit A to Palitz Decl.; Gershbaum Decl. at ¶ 4 and 7 and Exhibit B to Gershbaum Decl. The requested

3

hourly rates, hours worked, and lodestar totals for each attorney who worked on the motion to compel and motion for attorneys' fees are:

| Attorney | Rate | Hours Worked | Lodestar Total |
|---|---|---|---|
| David A. Roth, Esq. Partner 33 years of experience | $1,100 | 6.9 | $7,712.50 |
| Charles Gershbaum, Esq. Partner 34 years of experience | $925.00 | 2 | 1,850.00 |
| Gregg Shavitz, Esq. Partner 31 years of experience | $750.00 | 7.7 | $5,745.00 |
| Michael Palitz, Esq. Partner 15 years of experience | $650.00 | 47 | $30,545.00 |
| Rebecca Predovan, Esq. Associate 15 years of experience | $725.00 | 12.8 | $9,280.00 |
| Totals | | 76.4 | $55,132.50 |

Shavitz Law Group ("SLG") spent 43.7 hours working on the Motion to Compel, Palitz Decl. at ¶ 16. SLG's total lodestar is associated with the Motion to Compel is $29,060. *Id.* SLG spent 11 hours working on the Motion for Attorneys' Fees. Palitz Decl. at ¶ 17. SLG's total lodestar is associated with the Motion for Attorneys' Fees is $7,230.00. *Id.* SLG's total hours worked on both the Motion to Compel and Motion for Attorneys' Fees are 54.7. Palitz Decl. at ¶¶ 18-19. SLG's total lodestar is associated with both Motions is $36,290. *Id.*

Hepworth Gershbaum & Roth PLLC ("HGR") spent 19 hours working on the Motion to Compel. Gershbaum Decl. at ¶ 4. HGR's total lodestar is associated with the Motion to Compel is $16,485. *Id.* HGR spent 2.7 hours working on the Motion for Attorneys' Fees. Gershbaum Decl. at ¶ 7. HGR's total lodestar is associated with the Motion for Attorneys' Fees is $2,357.50.

*Id.* HGR's total hours worked on both the Motion to Compel and Motion for Attorneys' Fees are 21.7. Gershbaum Decl. at ¶ 4 and 7. HGR's total lodestar is associated with both Motions is $18,842.50. *Id.*

Plaintiffs' requested hourly rates are reasonable. Courts have found Shavitz Law Group, P.A.'s rates to be reasonable and consistent with their substantial experience litigating wage and hour collective actions like this case. "As for rates submitted by SLG, the Court finds these rates are reasonable and consistent with their years of experience and prevailing rates in this district. SLG personnel who worked on this matter include partner attorneys with hourly rates of $650 to $750, an of counsel with an hourly rate of $700, an associate attorney with an hourly rate of $650, and a legal assistant with an hourly rate of $150." *Schmidt v. Vision Service Plan*, No. 2:20-cv-02400 (E.D. Cal.) (Mar. 5, 2025 Order – ECF No. 88 at p. 23) (approving Mr. Shavitz's rate of $750 and Mr. Palitz's rate of $650); *Rieske v. GEICO*, No. 2:21-cv-04122 (E.D.N.Y.) (ECF No. 127-2) (settlement approved where rates of $750 for Mr. Shavitz and $650 for Mr. Palitz); *Peterson v. Nelnet*, No. 17-cv-01064-NYW (D. Colo. 2022) (Mr. Shavitz's rate was $750 per hour and Mr. Palitz's rate was $650.00 per hour); *Slaughter v. Sykes Enters,* 2019 U.S. Dist. LEXIS 21767, at *25-27 (D. Colo. Feb. 11, 2019) (six-year old case, Mr. Shavitz's rate was $700 per hour; other plaintiffs' counsel's rates were $950 and $700 per hour); *Amaraut v. Sprint/United Mgmt. Co.*, No. 19 Civ. 411, 2021 U.S. Dist. LEXIS 147176, at *20-21 (S.D. Cal. Aug. 5, 2021) (four-year old case, approving wage and hour class and collective action settlement with plaintiffs' counsel's rates ranging from $600 to $1,005; Shavitz Law Group was plaintiffs' counsel and their rates were $700 (Mr. Shavitz), $625 (Mr. Palitz)); *Biscardi v. GEICO*, No. 8:21-cv-02240 (D. Maryland) (ECF No. 143-2) (settlement approved where rates of $750 for Mr. Shavitz and $650 for Mr. Palitz).

5

Courts have also found the requested rates to be reasonable for the HGR lawyers in other similar cases where the rates were submitted with settlement approval motions to justify the fee requests. On September 25, 2024, the Hon. Arlene Roth, Supreme Court, State of New York, County of New York after oral testimony, found "Mr. Roth's hourly rate of a thousand dollars an hour **"reasonable for an attorney with his experience and expertise"** *Roth and Roth, LLP, v Long Is. R.R,*, (NY County, Index 158366/2022).[1] In 2024 the court in another wage and hour matter approved rates of $975 for Mr. Roth; $875 for Mr. Gershbaum, and $675 for Ms. Predovan *Stoddard v Loves Travel Stops*, No. 5:21-cv-308 (W.D. Ok.) (ECF Nos. 135-3) & Order (ECF No. 136) (Order approving settlement); in 2022 the courts approved rates of $900 for Mr. Roth; $850 for Mr. Gershbaum, and $650 for Ms. Predovan *Vasser v. Mapco*, No. 3:20-cv-00665 (M.D. Tenn. Mar. 31, 2022) (ECF Nos. 159)) & Order (ECF No. 160) (Order approving settlement). In 2021 the court approved rates of $900 for Mr. Roth; $850 for Mr. Gershbaum, and $625 for Ms. Predovan. Accordingly, the rates requested herein are in line with past rates approved by multiple judges in different courts dealing with wage and hour matters.[2]

Plaintiffs' counsel's rates are justified by their significant experience handling many class and collective action cases against nationwide employers. Palitz Decl. at ¶¶ 5-14; Gershbaum Decl. at ¶¶5 and 9.

The rates requested are consistent with rates approved for plaintiffs' employment collection action attorneys in Indiana and the Seventh Circuit generally. While Plaintiffs have been unable to locate any cases where courts have assessed the reasonableness of rates for

---

[1] The pertinent parts of the transcript are attached to the Gershbaum Decl. as Exhibit A.
[2] While the NY Supreme Court case did not deal with wage and hour issues, it is telling that it involved an case where the court also ordered plaintiff to move for fees and costs. The oral testimony given in support of the fee application was more than sufficient, and the court awarded Mr. Roth the full and complete fee requested at the $1,000.00 an hour rate.

6

employment attorneys in complex collective actions in the Northern District of Indiana, other courts in the Seventh Circuit have considered the reasonableness of such rates. *E.g., Knox v. The Jones Group*, No. 15-cv-1738 (S.D. Ind.) (Aug. 31, 2017 Order) (attached as Exhibit B to Palitz Decl.); *Bainter v. Abram Investments, LLC*, NO. 17-cv-7064 (N.D. Ill. Oct. 9, 2018) (attached as Exhibit C to Palitz Decl.). *Knox* was a 2017 case that approved rates for experienced attorneys between $525 to $650 per hour. In *Bainter*, a 2018 case, the court approved rates for experienced attorneys between $550 to $700 per hour. The rates Plaintiffs seek above are in line with both *Knox* and *Bainter* (slightly higher which is reasonable since *Knox* and *Bainter* are from 2017 and 2018).[3]

### C. The Court Should Award Plaintiffs' Counsel Their Fees Associated with this Motion for Attorneys' Fees

Plaintiffs' Counsel spent 13.7 hours and has a total lodestar of $9,587.50 for the time spent preparing this Motion for Attorneys' Fees. Palitz Decl. ¶ 17; Gershbaum Decl. ¶ 7. The Court should award Plaintiffs' Counsel their fees for the time spent preparing this motion, any additional reply briefing, and any time spent preparing for and arguing the motion (if necessary). "It is well established that 'time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable.'" *Black v. Nunwood, Inc.*, 2015 U.S. Dist. LEXIS 56609, at *17-18 (S.D.N.Y. Mar. 6, 2020) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979)); *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988) ("counsel are entitled to full compensation, including the time spent pursuing requests for fees.") (citing *Muscare v. Quinn*, 680 F.2d 42 (7th Cir. 1982)); *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for . . . fees.");

---

[3] In the event that Defendants challenge the hourly rates requested by Plaintiffs, Defendants should be required to provide the hourly rates that its attorneys with similar experience as Plaintiffs' counsel above charge for their services.

7

*Kinney v. International Brotherhood of Electrical Workers*, 939 F.2d 690, 694 (9th Cir. 1991); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978). "The Court follows the view that time spent preparing, prosecuting, and defending a fee application is compensable." *In re Chas. A Stevens & Co.*, 991 Bankr. LEXIS 162, at *11 (Bankr. N.D. Ill. Feb. 1, 1991); *Reid v. Unilever United States, Inc.*, 2015 U.S. Dist. LEXIS 75383, at *35 (N.D. Ill. June 10, 2015) ("time spent preparing a fee petition is compensable"). "The principle is well established that :the fee application is a necessary part of the award of attorney's fees. If the original award is warranted . . . a reasonable amount should be granted for time spent in applying for the award." *Donovan v. CSEA, Local Union 100,* 784 F.2d 98, 106 (2d Cir. 1989).

In addition to the fees associated with the Motion to Compel, Plaintiffs request $9,587.50 in attorneys' fees associated with the work to prepare this motion and also will seek any additional fees necessary to prepare the reply briefing and any other time spent needed to prepare for and argue the motion.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court award Plaintiffs' Counsel $55,132.50 in attorneys' fees for the Motion to Compel and Motion for Attorneys' Fees.

Dated: April 10, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　s/*Rebecca S. Predovan*
　　　　　　　　　　　　　　　　　　Rebecca S. Predovan*
　　　　　　　　　　　　　　　　　　Marc S. Hepworth*
　　　　　　　　　　　　　　　　　　Charles Gershbaum*
　　　　　　　　　　　　　　　　　　David A. Roth*
　　　　　　　　　　　　　　　　　　**HEPWORTH, GERSHBAUM & ROTH, PLLC**
　　　　　　　　　　　　　　　　　　192 Lexington Avenue, Suite 802
　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　Telephone: (212) 545-1199
　　　　　　　　　　　　　　　　　　Facsimile: (212) 532-3801
　　　　　　　　　　　　　　　　　　E-mail: mhepworth@hgrlawyers.com
　　　　　　　　　　　　　　　　　　E-mail: cgershbaum@hgrlawyers.com
　　　　　　　　　　　　　　　　　　E-mail: droth@hgrlawyers.com

E-mail: rpredovan@hgrlawyers.com

Michael J. Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Camar R. Jones*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

Richard E. Shevitz
Scott Gilchrist
**COHEN & MALAD, LLP**
One Indiana Square Suite 1400
Indianapolis, IN 46204
Phone: (317) 636-6481
Facsimile: (317) 636-2593
E-mail: rshevitz@cohenandmalad.com
E-mail: sgilchrist@cohenandmalad.com

*admitted/to apply pro hac vice     ***Attorneys for Plaintiffs and the FLSA Collective***