UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NANCY WHITE, on behalf of herself and all others similarly situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:18-CV-72-DRL-JEM |
| CASEY'S GENERAL STORES, INC., *et al.*, Defendants. | ) ) ) ) | |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees [DE 313], filed on April 10, 2025. Plaintiffs request an award of attorney fees in the total amount of $60,267.50 for the successful motion to compel and briefing on the request for fees. Defendants object to the amount requested.

**I.   Background**

On February 16, 2018, this putative class action was filed asserting that Defendants violated FLSA overtime requirements by failing to pay required overtime compensation to its store managers due to misclassifying them as exempt. Discovery was bifurcated between issues related to class certification and the case in chief. On March 31, 2021, Plaintiffs' motion for conditional certification was granted, and 1,916 individuals have joined this action as opt in Plaintiffs. On April 6, 2023, the Court approved the parties' agreed discovery plan, which provided that the parties would identify 75 opt-in plaintiffs to respond to written discovery requests propounded by Defendants. For each of those 75 opt-ins, Plaintiffs could choose to depose either an employee who reported to the opt-in or a supervisor. The parties also agreed that electronically stored information could be obtained from any individual identified in a Rule 26 disclosure and any

1

individual identified as an ESI custodian or witness for trial, among other custodians. Plaintiffs filed a motion to compel on November 21, 2024, but after several hearings and conferences between the parties, the parties were able to narrow the issues, and the motion was denied without prejudice with leave to file a motion describing the remaining dispute. That motion was filed as ordered on March 4, 2025, seeking to compel production of documents and electronically stored information of the representative plaintiffs' supervisors. It was granted on March 26, 2025, with Plaintiffs ordered to file an itemization of attorney fees and argument regarding why those expenses are reasonable. That request is currently before the Court. Defendants filed a response on April 25, 2025, and on April 30, 2025, Plaintiffs filed a reply, with request for additional fees incurred in the briefing of the fees request.

## II. Analysis

Rule 37 provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiffs' motion to compel was granted, so it is up to Defendants to demonstrate that their nondisclosure was substantially justified or other circumstances make an award of attorney fees unjust. Defendants do not argue that their nondisclosure was substantially justified, but argue that the amount of fees should be reduced.

As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Plaintiffs request reimbursement of a total of 84.3 hours of attorney time on the motion to compel and briefing the motion for fees, at rates of $650 to $1,100 per hour. Defendants argue that Plaintiffs fail to offer evidence of rates in the local community and that the number of attorney hours should be reduced.

In particular, Defendants argue that Plaintiffs have not established the market rate for their services, since their normal rates are in a much more expensive market and have not included any evidence that clients actually pay them at those rates. They also point out that two of the identified attorneys did not explicitly attest that the fee reflects the hourly rate charged to clients. Defendants identify other fee awards in this District with much lower attorney rates, and request that the Court cut the rates awarded in this case by 40%. In reply, Plaintiffs explain that the universe of rates they used as comparators are FLSA collective actions in the Seventh Circuit and point out that they included cases in the Southern District of Indiana and Northern District of Illinois.

"The reasonable hourly rate (or 'market rate') for lodestar purposes is 'the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question.'" *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir.1999)). This case is a class action involving potentially millions of dollars of recovery and geographically dispersed class members. Other courts have found the rates charged by these attorneys to be reasonable in similar cases, as described in the attorneys' affidavits. The Court agrees that the rates are

3

appropriate for employment attorneys in complex collective actions in Indiana and Illinois. *Harper*, 223 F.3d at 604 ("While an attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services, such affidavits in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiffs' burden."); *Dees v. Davis*, No. 122CV00163HABSLC, 2024 WL 1653530, at *3 (N.D. Ind. Apr. 16, 2024) ("Counsel properly supported their hourly rates. They submitted a summary of their resumes, attached their actual rates billed, and . . . filed two fee affidavits.").

Defendants also argue that Plaintiffs request includes duplicative and excessive time. They argue that it should not have required three senior attorneys to research and draft the motion and reply, and request that the Court cut the hours to one attorney from each firm representing Plaintiffs. Plaintiffs counter that the briefing had to cover a number of complex discovery issues, that counsel for Defendants also had partners handling this discovery dispute, and that the time spent was reasonable. They point out that two of the most junior attorneys on the case are responsible for the bulk of the hours billed on the motion. Plaintiffs argue that there were a large number of complicated discovery issues in dispute, relevant to a number of important components of the case, and that it was important to Plaintiffs' case that they be successful on the motion in order to proceed on the merits of their case, so counsel for Plaintiffs staffed the motion to attain that result. They point out that they attempted to confer with Defendants to reach a resolution without resorting to motion practice. "Rule 37(a)(4) presumptively requires every loser to make good the victor's costs," incentivizing the resolution of disputes without court intervention. *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994). Defendants are not entitled to a reduction of fees through questioning the lawyering that led to their losing the motion.

Defendants also take issue with the fact that the attorneys apparently drafted their own declarations, and assert that there are duplicative time entries. In particular, they argue that they should not be charged for the time of both attorneys on a phone call about the case. As Plaintiff points out, they identify a total of .8 hours of what they call duplicative time entries, which does not equate to a 45% reduction in fees. The Court will reduce the award by the .8 hours of duplicative billing expenses they identify, for a total of $550.00. *See, e.g.*, *Doe v. Howe Mil. Sch.*, No. 3:95-CV-206RM, 1996 WL 939352, at *4 (N.D. Ind. Oct. 16, 1996) ("Time spent on duplicative work or work consisting solely of communications among the various attorneys acting as co-counsel for the plaintiffs can not be allowed."). The Court will not, however, reduce the award for time spent in drafting the instant request for fees and attendant declarations. *See, e.g.*, *Annie Oakley Enters., Inc. v. Amazon.com, Inc.*, No. 1:19-CV-1732-JMS-MJD, 2022 WL 456660, at *6 (S.D. Ind. Feb. 15, 2022) ("the fee-shifting provisions of Rule 37 are broad and permit a prevailing party to recover all costs incurred in connection with litigating a discovery dispute, including attorneys' fees and fees incurred in pursuing a fee award") (citing *Rickels*, 33 F.3d at 787).

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees [DE 313], with the exception explained above, and **ORDERS** Defendants to reimburse Plaintiffs in the amount of $59,717.50, within a reasonable time.

SO ORDERED this 14th day of May, 2025.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:    All counsel of record