IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

NANCY WHITE, on behalf of herself
and all others similarly situated,

        Plaintiffs,

    v.

CASEY'S GENERAL STORES, INC.,
CASEY'S MARKETING COMPANY,
and CASEY'S RETAIL COMPANY,

        Defendants.

Case No.2:18-cv-00072 (DRL) (JEM)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF 466 OF THE OPT-IN PLAINTIFFS

Defendants Casey's General Stores, Inc., Casey's Marketing Company, and Casey's Retail Company ("Casey's"), by and through their counsel, respectfully submit this Memorandum of Law in Support of Their Motion for Summary Judgment with Respect to the Claims of 466 of the Opt-in Plaintiffs.[1] It is undisputed that of these 466 Opt-in Plaintiffs, 450 did not work as Store Managers at all within three years of their respective opt-in dates. Consequently, these 450 Opt-in Plaintiffs' claims are barred by the statute of limitations set forth in the Fair Labor Standards Act ("FLSA"). The Court should grant judgment to Casey's with respect to these 450 Opt-in Plaintiffs and dismiss their claims with prejudice.

Likewise, it is undisputed that the remaining 16 Opt-in Plaintiffs who are the subject of this motion never held the Store Manager position and, as a result, do not share the claims asserted by the Named Plaintiff, who alleges she was misclassified as exempt from the overtime

---

[1] These 466 persons are listed in the Motion for Summary Judgment.

requirements of the FLSA when she held the Store Manager position. These 16 Opt-in Plaintiffs' claims should also be dismissed with prejudice.

## I.    RELEVANT BACKGROUND

This FLSA collective action, which alleges unpaid overtime compensation, was filed on February 16, 2018. ECF No. 1, ¶ 1. Plaintiffs filed their Motion for Conditional Certification on November 16, 2018. ECF No. 65. On December 14, 2018, Defendant filed its response, ECF No. 77, and on January 8, 2019, Plaintiffs filed their Reply. ECF No. 82. The Motion for Conditional Certification sought a collective comprised of Casey's "Store Managers throughout the United States who are or were classified as exempt Store Managers" during the relevant period. ECF No. 65, pp. 2–3. On January 14, 2020, prior to decision on the Motion for Conditional Certification, Plaintiffs filed a Motion for Equitable Tolling (the "First Tolling Motion"), seeking blanket tolling for persons in the putative collective. ECF No. 93.

On March 31, 2021, the Court granted the Motion for Conditional Certification, but denied the First Tolling Motion. *McColley v. Casey's General Stores, Inc.*, 559 F.Supp.3d 771, 775 (N.D. Ind. 2021) (Leichty, J.).[2] With respect to the First Tolling Motion, the Court held that it was premature, stating that a:

> blanket toll is inappropriate when it requires the court to rule in the dark as to the circumstances of potential class members who have not yet joined the action. The court appreciates that this case has lingered . . . but that alone isn't a basis to equitably toll the statute of limitations. Equitable tolling may well be appropriate later, but the court won't make that determination now, without knowing whether a particular plaintiff or group of plaintiffs knew about this action but forewent the opportunity to join, whether the class notice served as the first word of the opportunity to opt in, or a great many other facts that this record lacks. Equitably tolling the statute of limitations for a swath of plaintiffs whose circumstances are unknown could potentially benefit plaintiffs who have sat on their hands while their claims have tolled and who don't deserve equity. In short, ruling now would be premature.

---

[2] Original named plaintiff Joy McColley has passed away. Upon motion by Plaintiffs, the Court substituted Nancy White as the named plaintiff and instructed the clerk to revise the case caption accordingly. ECF No. 296.

*Id*. at 780. Subsequently, court-authorized notice was sent to persons who worked as Store Managers within three years of the date this lawsuit was filed. *See McColley v. Casey's General Stores, Inc.*, 627 F.Supp.3d 972, 976 (N.D. Ind. 2022) (Leichty, J.); *see* Dkt. 156.

Just over one year after the Court's ruling on Plaintiffs' first motion seeking equitable tolling, Plaintiffs filed a second Motion for Equitable Tolling (the "Second Tolling Motion"), relying on information they had gathered from the collective. ECF Nos. 219 and 220. Specifically, "*[t]o address the issues raised by the Court regarding Plaintiffs' first motion for equitable tolling* (ECF No. 131 at 11–12), Plaintiffs' Counsel conducted a survey of the Opt-Ins who (i) joined this lawsuit following the issuance of Court-authorized Notice; and (ii) whose claims would be eroded or extinguished if the Court denies Plaintiffs' Second Motion for Equitable Tolling." ECF No. 220 at 2 (emphasis added). Plaintiffs' counsel received responses from 1,100 of the 1,264 members of the collective whose claims are affected, at least in part, by the statute of limitations. *McColley*, 627 F.Supp.3d at 976.

Having reviewed the information Plaintiffs provided and this now fulsome record with respect to tolling, the Court denied the Second Tolling Motion. *Id*. at 983. As this Court noted, "[e]quitable tolling of a limitations period is an extraordinary remedy." *Id*. Critically, "[t]he standard for equitable tolling focuses on an individual's diligence, not that of another putative or named plaintiff." *Id*. Thus, "equitable tolling . . . is a personal not representative extension of fairness and grace in the face of an otherwise individualized application of the statute of limitations." *Id*. at 978. Accordingly, "[t]he sense of fairness that leads to tolling the statute of limitations thus cannot be driven by the presence of an arguably extraordinary circumstance alone." *Id*. at 979.

Ultimately, despite the fact that the Plaintiffs had had more than a year to gather information in support of their Second Tolling Motion, this Court found that the

> *record presents scant evidence of any diligence.* [Plaintiffs] only focus[] on when the court approved the collective and when notice arrived in the hands of opt-in members. *The notice's purpose isn't to solicit claims, much less to resurrect time-barred claims,* but instead to alert individuals of the option—and that's what it is recognizing the need for neutrality and the goals of efficiency and enforcement—to participate in an organized collective. *This record provides no facts that would permit the court to conclude that any one opt-in member exercised reasonable diligence in pursuing his rights. This record offers no facts that show what any one member did to pursue his rights before deciding to file a written notice consenting to join this suit.* In short, the timing of the notice, at least on this scant record, isn't an excuse or alone a reasonable metric for diligence.

*Id*. at 981–82 (emphasis added).

Plaintiffs admitted that the claims of 364 opt-ins were "completely extinguished" by the Court's decision to deny the Second Tolling Motion. *See* ECF No. 220 at 4. Plaintiffs further admitted that the claims of an additional 101 opt-ins were extinguished as their claims fell outside even the tolling period requested in the Second Tolling Motion. *Id*. at n.2. While subsequent investigation has refined the number—as set forth in the contemporaneously filed Local Rule 56.1 Statement of Undisputed Material Facts ("SOF"), it is actually at least 450[3] in total—Plaintiffs are nevertheless correct that none of these persons have viable claims. The Court did not, as Plaintiffs assert, extinguish their claims; rather, the passage of time and the plain language of the FLSA did.

## II.  RELEVANT FACTS

Casey's incorporates the SOF by reference.

---

[3] This number assumes that a three-year, and not a two-year, limitations period applies. In filing this motion with respect only to persons barred by the three-year limitations period. Casey's does *not* concede that such is the proper limitations period. Casey's expressly reserves the right to move to dismiss or strike the claims of, or for summary judgment with respect to the claims of, any person whose claims would be barred the FLSA's two-year limitations period. Casey's further reserve the right to move for summary judgment with respect to that portion of any person's claim that would be eliminated by application of the FLSA's two-year limitations period.

4

## III. ARGUMENT

### A. Rule 56 Legal Standard

Summary judgment is appropriate when "the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations but must show through assembly of evidence that specific facts exist creating a genuine issue for trial. *Id.* at 256.

### B. Each Opt-In Plaintiff Must Personally Meet the FLSA's Limitations Period.

Unlike the certification of a Rule 23 class, the certification of an FLSA collective does not create a group of people "with an independent legal status." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Conditional certification simply invokes a joinder process through which individuals are provided with notice of an FLSA action and the opportunity to "become parties to [that action] . . . by filing written consent[s] with the court." *Id.* Simply put, "FLSA collective actions are unlike class actions." *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 724 (7th Cir. 2024). Rather, "a collective action is no more than a consolidation of individual cases, brought by individual plaintiffs." *Id.* at 725 (quotation omitted). "Section 216(b) [of the FLSA] confers on opt-in plaintiffs the rights and duties of parties." *Id, citing* C. Wright & A. R. Miller, Federal Practice and Procedure § 1807 (3d ed. 2005) ("[E]very plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not."). That is, "Congress made [persons that opt into an FLSA action] real *parties*." *Id*. (emphasis in original).

5

The statute of limitations for unpaid overtime claims under the FLSA is two years; it extends to three years only when a plaintiff establishes his or her employer willfully violated the FLSA. 29 U.S.C. § 255(a). An individual opt-in plaintiff's claim covers the two or three-year period preceding his or her respective opt-in dates. 29 U.S.C. § 256(b) (providing that an opt-in plaintiff's commencement of the action is the "date on which [their] written consent is filed in the court in which the action was commenced"). "[T]he statute of limitations on opt-in plaintiffs' claims enjoys tolling only after the plaintiff files her consent, which goes to show the focus on a plaintiff's own management of her claim." *Vanegas*, 113 F.4th at 724.

### C. The Court Should Grant Summary Judgment to Casey's with Respect to Each of these 466 Persons.

As set forth in the SOF, 450 of the Opt-in plaintiffs did not work as a Store Manager within three years of the date their respective consents to join were filed with the Court. Accordingly, their claims are barred by the FLSA's three-year limitations period. 29 U.S.C. § 256(b).

As to the remaining 16 Opt-in Plaintiffs that are the subject of this motion, each simply did not work Store Manager at any point in time for Casey's. As a result, they cannot assert the same claim as the Named Plaintiff Nancy White in this matter, which is premised on Nancy White's claim that she was misclassified as exempt from overtime as a Store Manager. These individuals' claims should be dismissed with prejudice.

### D. The Court Should Not Reconsider Its Order Denying Plaintiffs' Second Tolling Motion.

Based on extensive discussions with Plaintiffs' Counsel, Casey's understands that Plaintiffs intend to argue that, based on the Seventh's Circuit's recent decision in *Richards v. Eli Lilly & Co.*, 149 F.4th 901 (7th Cir. 2025), the Court should reconsider and grant Plaintiffs'

6

Second Tolling Motion. In *Eli Lilly*, the Seventh Circuit rejected the two-step standard for determining certification of a collective action for trial articulated *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D.N.J. 1987), which this Court and many others in the Seventh Circuit had previously adopted and followed. *See* 149 F.4th at 912–14. In doing so, the Seventh Circuit joined the Fifth and Sixth Circuits by adopting a different standard than the *Lusardi* two-step approach. *See id.* at 908. Specifically, the Seventh Circuit held that in order for a district court to authorize notice to a proposed collective under section 216(b) of the FLSA,

> a plaintiff must first make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated. By this, we mean that a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy. A plaintiff's evidence of similarity need not be definitive, but defendants must be permitted to submit rebuttal evidence and, in assessing whether a material dispute exists, courts must consider the extent to which plaintiffs engage with opposing evidence.

*Id.* at 913. The Seventh Circuit further held

> If the district court is persuaded that the evidence necessary to resolve a similarity dispute is likely in the hands of yet-to-be-noticed plaintiffs, it may proceed with a two-step approach—that is, it may issue notice to the proposed collective while postponing the final determination as to whether plaintiffs are similarly situated until plaintiffs move for certification after opt-in and discovery are complete. Alternatively, if the court is confident that a similarity dispute can be resolved by a preponderance of the evidence before notice, it may authorize limited and expedited discovery to make this determination and tailor (or deny) notice accordingly. This flexibility promotes efficient case management, enabling a district court to tailor its approach depending on the issues and complexities of the case before it.

*Id.* at 913–14. The Seventh Circuit further advised in dicta that:

> When district courts do decide to authorize pre-notice discovery, we trust that they will carefully supervise this process to prevent abuses and unnecessary delay. And while such discovery should be conducted expeditiously, we are mindful that even minimal pre-notice discovery risks running out the clock on putative plaintiffs' FLSA claims. **To that end, district courts should decide as soon as practicable whether notice is appropriate and are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery.**

7

*See id.* at 914 (citations omitted and emphasis added).

Plaintiffs' Counsel has indicated they intend to rely on *Eli Lilly* to seek the Court's reconsideration of its order denying Plaintiffs' Section Tolling Motion. However, while *Eli Lilly* recognized district courts' discretion to grant equitable tolling, the Seventh Circuit did not articulate a new or lower standard that plaintiffs must meet in order for a district court to grant equitable tolling. *See id.* As a result, the Court applied the correct equitable tolling standard when it decided Plaintiffs' Second Tolling Motion and that same standard applies today.

Additionally, the *Eli Lilly* court provided guidance regarding equitable tolling in the context of the new collective certification standard it articulated. In other words, *Eli Lilly* advises district courts to consider whether equitable tolling is appropriate when the district court authorizes pre-notice discovery pursuant to the new collective certification standard it articulated. However, when this Court decided Plaintiffs' conditional certification motion, it did so under the *Lusardi* standard. As a result, *Eli Lilly's* guidance regarding equitable tolling is inapplicable in this matter.

As the Court observed in its Order denying Plaintiffs' Second Tolling Motion, former Named Plaintiff Joy McColley filed her motion for conditional certification on November 16, 2018, and the motion was fully briefed and ripe for ruling on January 8, 2019 (less than 1 year after the initial Complaint was filed). *See* ECF No. 237 at 2. This case was subsequently reassigned to several judges while this motion was pending, until it was reassigned to the present court on January 5, 2021. *See id.* This Court acted expeditiously and granted Plaintiffs' conditional certification motion on March 31, 2021. *See id.*, pp. 2–3. Notably, while the conditional certification motion was pending for over two years, the delay in the Court's decision was not caused by pre-notice discovery, as contemplated by the *Eli Lilly* Court's guidance

regarding equitable tolling. Rather, as Plaintiff argued, the delayed decision on her conditional certification motion was the result of "COVID-19, the district's workload [and] the case's reassignment twice, until eventually this presider received the case and ruled rather promptly." *See id.*, p. 13. As this Court correctly observed, Plaintiffs did not present evidence that any these circumstances prevented any opt-in plaintiff rom filing a suit or filing a consent to join this lawsuit, as many opt-in plaintiffs did during the period that the conditional certification motion was pending. Accordingly, the Court correctly held that the impacted opt-in plaintiffs failed to present evidence that they exercised reasonable diligence in pursuing their individual FLSA claims. *See id.*, pp. 13–14. Nothing has changed in this regard since the Court issued the Order denying Plaintiffs' Second Tolling Motion on September 12, 2022. As a result, it would be inequitable for the Court to now revisit its Order on Plaintiffs' Second Tolling Motion three years after that Order was issued and, on the basis of inapplicable guidance in the *Eli Lilly* decision, equitably toll the claims of hundreds of opt-in plaintiffs who the Court has already found did not present evidence that they diligently pursued their individual FLSA claims within the applicable limitations period. *See id.* The Court should, accordingly, grant Casey's motion for summary judgment and dismiss the time-barred Opt-In Plaintiffs' claims with prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court should grant summary judgment with respect to the claims of the 466 Opt-in Plaintiffs identified in Defendants' Motion for Summary Judgment.

Date:  November 6, 2025

Respectfully submitted,

*/s/ John H. Lassetter*
John H. Lassetter (MN #0389009)
Niloy Ray (MN #0398699)
Brendan C. Johnson (MN #0403009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
E-mail:  jlassetter@littler.com
E-mail:  nray@littler.com
E-mail:  bcjohnson@littler.com

Sarah Doty (#35007-53)
**LITTLER MENDELSON, P.C.**
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
Facsimile:  317.636.0712
E-mail: sdoty@littler.com

*Attorneys for Defendants*

4898-6646-5345 / 091581.1001