UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NANCY WHITE, on behalf of herself and all others similarly situated,<br><br>                   Plaintiff,<br><br>    v.<br><br>CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,<br><br>                   Defendants. | No. 2:18-cv-00072-DRL-JEM |

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING EQUITABLE TOLLING AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Nancy White ("White"), along with the 1,916 Opt-Ins who are now participating in the case by virtue of filing their Consents to Join with the Court (collectively, "Plaintiffs"), request that the Court reconsider its September 12, 2022, Opinion and Order denying Plaintiffs' motion for equitable tolling. ECF No. 237. Plaintiffs seek reconsideration due to a change in the law as set forth in the Seventh Circuit's decision in *Richards v. Eli Lilly & Co. Lilly USA, LLC*, 149 F.4th 901 (7th Cir. Aug. 2025). In *Richards*, the Seventh Circuit clarified that "district courts should decide as soon as practicable whether notice is appropriate" and district courts "are empowered to use their equitable tolling authority" when there are delays that "risk[] running out the clock on putative plaintiffs' FLSA claims." *Id*. at 914. The Seventh Circuit reiterated that, in Fair Labor Standards Act ("FLSA") cases, equitable tolling "is a fair and appropriate measure, especially while disputes about notice are being resolved." *Id*. The *Richards* decision also held that "even minimal pre-notice discovery risks running out the clock on putative plaintiffs' FLSA

claims" and such delays could justify equitable tolling to prevent that harm to the FLSA putative collective members. *Id.*

Reconsideration of the Court's decision on Plaintiffs' motion for equitable tolling is appropriate here because of the change in law and the legal standard for equitable tolling. The *Richards* decision links equitable tolling to delay in notice issuing to the FLSA putative collective members. *Id.* at 914. The Court's prior ruling denying Plaintiffs' motion for equitable tolling did not have the guidance from the Seventh Circuit in *Richards* and the Court focused its decision on the diligence of the opt-in plaintiffs in filing their consent to join forms – not the 26-month delay in deciding Plaintiffs' motion for conditional certification. ECF No. 237 at pp.7-9. Without equitable tolling, 450 Opt-Ins will lose their claims entirely[1] and approximately 900 more will lose substantial time within the statutory period, drastically reducing the damages they can claim in this action.

Accordingly, Plaintiffs respectfully ask the Court to reconsider its prior decision denying Plaintiffs' motion for equitable tolling and, in accordance with *Richards*, grant Plaintiffs' motion for equitable tolling.

**I.   PROCEDURAL BACKGROUND**

Plaintiffs filed this FLSA collective action on February 16, 2018. ECF No. 1. After a period of narrowly tailored discovery limited to the conditional certification issues which began in July 2018, Plaintiffs filed their Motion for Conditional Certification on November 16, 2018. ECF No. 65. On December 14, 2018, Defendant filed its Response, ECF No. 7, and on January 8, 2019, Plaintiffs filed their Reply. ECF No. 82. On March 31, 2021, the Court granted Plaintiffs' motion for conditional certification. ECF No. 131.

---

[1] *See* Defendants' summary judgment motion at ECF No. 347.

On January 14, 2020 – one year after Plaintiffs filed their Motion and while the motion for conditional certification was pending – Plaintiffs filed their first Motion for Equitable Tolling to preserve the claims of putative FLSA collective members. ECF No. 93.

More than two years after filing the motion for conditional certification, on March 31, 2021, the Court granted the motion for conditional certification. ECF No. 131. The Court also denied as premature Plaintiffs' first Motion for Equitable Tolling, finding that because the case was at the pre-certification stage and the identity of the putative opt-in plaintiffs had not yet been determined, it could not evaluate the merits of tolling at that time. ECF No. 131 at 11-12.

On April 5, 2022, Plaintiffs filed their second motion for equitable tolling. ECF No. 219. The Court denied that motion on September 12, 2022. ECF No. 237.

## II. ARGUMENT

### A. Legal Standard for Motions for Reconsideration

"A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier[.]" *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004). "A motion to reconsider is appropriate where . . . there has been a controlling or significant change in law since the submission of the issues to the court[.]" *Dalsen v. Costello*, 2024 U.S. Dist. LEXIS 147521 (N.D. Ind. Aug. 19, 2024) (internal citation and quotation omitted).

### B. The Court Should Reconsider Its Denial of Plaintiffs' Motions for Equitable Tolling Because the Seventh Circuit Recently Held that Delay in Issuing Notice Is a Basis for Equitable Tolling

The Seventh Circuit's *Richards* decision constitutes a change in the law with respect to equitable tolling in FLSA cases. The Seventh Circuit made clear that even minor delays (i.e., "minimal" pre-certification discovery) are sufficient grounds for equitable tolling because of the

district court's responsibility to guard against delays which could "run[] out the clock on putative plaintiffs' FLSA claims." *Richards*, 149 F.4th at 914. Specifically, *Richards* cautions that pre-notice issues should be:

> . . . [C]onducted expeditiously, we are mindful that even minimal pre-notice discovery risks running out the clock on putative plaintiffs' FLSA claims. To that end, district courts should decide as soon as practicable whether notice is appropriate and are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery. See *Clark*, 68 F.4th at 1014 (Bush, J., concurring) ("Equitable considerations support the use of tolling for FLSA collective actions."). Indeed, the equitable tolling of FLSA claims is already a familiar practice in our circuit, *see, e.g.*, *Iannotti*, 603 F. Supp. 3d at 657; *Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F. Supp. 3d 784, 799 (N.D. Ind. 2020), and that is a fair and appropriate measure, especially while disputes about notice are being resolved.

*Id*.

*Richards* conflicts with the Court's decision denying Plaintiffs' motion for equitable tolling because the Court's decision focused on whether the opt-in plaintiffs exercised reasonable diligence in learning about the case and joining it. ECF No. 237 at pp. 7-14. *Richards* explains that equitable tolling is a "fair and appropriate measure" to account for delays concerning dispute concerning notice. This would squarely include the dispute in its case that occasioned a delay as to whether "whether notice is appropriate," and should be sent to the putative collective and the delays that occurred during the pendency of the briefing for this dispute. Plaintiffs previously argued that the Court's over two-year delay in deciding Plaintiffs' motion for conditional certification was a proper basis for equitable tolling. ECF No. 220 at pp. 2, 4-12. The Court (lacking the guidance which *Richards* now provides) did not factor in the 26-month delay in ruling on Plaintiffs' motion for conditional certification and how that delay ran out the clock completely or substantially on many Opt-In Plaintiffs' claims.[2]

---

[2] This delay was the result of a confluence of factors: COVID, changes as to which Judge was assigned, heavy dockets, etc. Plaintiffs do not blame the Court but merely seek to protect the Opt-In Plaintiffs who lost the ability to proceed completely in the case or lost a significant portion of

### C. Plaintiffs' Tolling Request

Plaintiffs previously sought equitable tolling on their FLSA claims starting on March 9, 2019, and ending on March 31, 2021 – the date the Court decided the motion for conditional certification. March 9, 2019 is two months after Plaintiffs' motion for conditional certification was fully briefed which Plaintiffs maintain is a reasonable time to begin the tolling period. This request is also consistent with *Richards* which holds that equitable tolling should be considered even when there is minimal pre-certification discovery (which, in the undersigned counsel's experience, typically lasts about two to three months). *Richards*, 149 F.4th at 914.

Reconsidering equitable tolling follows *Richards'* directive that district courts must guard against delays which prejudice FLSA collective members. Here, there is no doubt that 26 months of time in the FLSA statutory period were lost from the time Plaintiffs' motion for conditional certification was fully briefed on January 8, 2019, to the time the Court issued its decision on March 31, 2021. That delay substantially prejudiced FLSA collective members. 26 months of unpaid overtime claims within this time period were lost. 450 Opt-Ins could lose their claims entirely if the requested toll is not granted. *See* Defendants' Motion for Summary Judgment (ECF No. 348) at p. 1 & Declaration of Janet Classon (ECF No. 350) at ¶ 5. These individuals suffered from the unpaid overtime pay issues alleged in the complaint and joined promptly after receiving notice of the lawsuit. Equitable tolling will prevent them from losing all or a large part of their FLSA claims.

---

their potential damages claims. The impact of the delay in this case is not insignificant as 450 Opt-In Plaintiffs will lose their claims in their entirety and approximately 900 more Opt-In Plaintiffs' claims would be drastically diminished.

## **CONCLUSION**

Due to the change in law from the Seventh Circuit in *Richards*, Plaintiffs respectfully request that the Court reconsider its September 12, 2022 Opinion and Order denying Plaintiffs' equitable tolling motion (ECF No. 237) and enter an Order equitably tolling the statute of limitations for the Opt-In Plaintiffs from March 9, 2019 to March 31, 2021 (the date of the Court's conditional certification decision).

Dated: November 28, 2025    Respectfully submitted,

    s/Michael Palitz
Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Camar Jones*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

Richard E. Shevitz
Scott Gilchrist
**COHEN & MALAD, LLP**
One Indiana Square Suite 1400
Indianapolis, IN46204
Phone: (317) 636-6481
Facsimile: (317) 636-2593
E-mail: rshevitz@cohenandmalad.com
E-mail: sgilchrist@cohenandmalad.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*

        Rebecca S. Predovan*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
E-mail: mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com

*Attorneys for Plaintiffs and the FLSA Collective Members*

*admitted or to apply for admission *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on November 28, 2025, I served a true copy of this document by all counsel of record via the Court's Electronic Case Filing system.

       /s/ Michael Palitz
       Michael Palitz