**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **NANCY WHITE, on behalf of herself and all others similarly situated,** | |
| Plaintiffs, | Case No.2:18-cv-00072 (DRL)(JEM) |
| v. | |
| **CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,** | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING EQUITABLE TOLLING

There is no basis to reconsider the Court's September 12, 2022 Order (the "2022 Order") denying Plaintiff's Second Tolling Motion and, therefore, the Court should reject Plaintiffs' *fourth* bite of the equitable tolling apple with this Motion (the "Reconsideration Motion").[1] Plaintiffs' Reconsideration Motion is so patently baseless that the Court should award Defendants the fees they incur in opposing it.

As an initial matter, the dicta from *Richards v. Eli Lilly & Co.*, 149 F.4th 901 (7th Cir. 2025) upon which the Reconsideration Motion rests did not change the law regarding equitable tolling, much less do so in any way pertinent to 2022 Order. District courts have long had the authority to equitably toll limitations periods, which this Court recognized in the 2022 Order. The *Richards* Court recognized as much, stating "the equitable tolling of FLSA claims is already a familiar practice in our circuit." *Id*. at 914 (citations omitted). The *Richards* Court's indication that

---

[1] The instant suit was first filed by Joy McColley as the Named Plaintiff. She subsequently passed away and has been replaced as Named Plaintiff by Nancy White. For ease of reference, Defendants collectively refer to both as "Plaintiff" unless otherwise indicated.

equitable tolling is available under certain circumstances that are inapplicable to Plaintiffs does not change the law.

Moreover, even if the *Richards* decision changed the law, the purported change is irrelevant to the Court's decision on the Second Tolling Motion. In the Second Tolling Motion, Plaintiff asked the Court to toll the limitations period from March 9, 2019 to Sept 25, 2021 and identified March 9, 2019 as being two months after her Motion for Notice and Conditional Certification ("Motion for Notice") was fully briefed. She did not seek tolling due to the discovery conducted in the nine months leading up to her Motion for Notice and neither claimed nor demonstrated that any abuse of the discovery process disadvantaged her. Although the Second Tolling Motion did not rest on and could not have rested on an unnecessary or abusive discovery delay, Plaintiff asks this Court to reconsider the 2022 Order based on the following language from *Richards*:

> When district courts do decide to authorize pre-notice discovery, we trust that they will carefully supervise this process *to prevent abuses and unnecessary delay*. And while such discovery should be conducted expeditiously, we are mindful that even minimal pre-notice discovery risks running out the clock on putative plaintiffs' FLSA claims. To that end, district courts should decide as soon as practicable whether notice is appropriate and are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery.

*Richards*, 149 F.4th at 914 (emphasis added). As the Second Tolling Motion was not predicated on discovery at all, much less predicated on discovery "abuses" by Defendants or "unnecessary delay" caused by Defendants in discovery which "unfairly disadvantaged" her, the foregoing language has no bearing on the 2022 Order.

Critically, Plaintiff entirely glosses over that, as the Court held in the 2022 Order, equitable tolling has two elements—extraordinary circumstances and the exercise of due diligence. Even if we assume *Richards* can be read to mean that a "delay in discovery" constitutes extraordinary circumstances to satisfy the the first element—which it does not—*Richards* says nothing of the

2

second element that requires each individual plaintiff seeking equitable tolling to demonstrate that they exercised due diligence in pursuing their individual rights. The Second Tolling Motion failed because no Plaintiff seeking the "extraordinary remedy," of equitable tolling, *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021), offered a single shred of evidence that they pursued their claims diligently. Indeed, the 2022 Order flatly states "The court addresses only diligence today." Plaintiffs make no effort in the Reconsideration Motion to address the failings of the Second Tolling Motion with respect to diligence, nor could they. The failings that led the Court to deny the Second Tolling Motion are unaffected by *Richards*. There is no basis for reconsidering the 2022 Order. The Court should deny the Reconsideration Motion.

## I.    BACKGROUND

The instant suit was filed in February 2018 by Named Plaintiff Joy McColley and amended in April 2018. Dkts. 1, 25. Plaintiff affirmatively sought and obtained an order bifurcating discovery into two phases— certification and merits. *See* Dkts. 36, 40. On November 16, 2018, nine months after initiating this action and following limited discovery conducted by both parties, Plaintiff filed the Motion for Notice. Dkt. 65.

Notably, 37 individuals had filed notice of their consent to join this matter as party plaintiffs before Plaintiff filed the Motion for Notice. *See* Dkts. 6-9, 33, 41–43, 45, 56, 59–64. In support of her Motion for Notice, Plaintiff submitted the declarations of 13 Opt-in Plaintiffs. *See, e.g.*, Dkt. 65-2 ¶6; Dkt. 65-3 ¶6; Dkt. 65-4 ¶5. Some of these Opt-in Plaintiffs testified they had spoken to other store managers—the position at issue—before November 2018 about this lawsuit. *See, e.g.*, Dkt. 65-2 ¶21; Dkt. 65-3 ¶¶21; Dkt. 65-4 ¶19. Casey's timely filed its response to the Motion for Notice. Dkt. 77. Plaintiff filed a reply brief in support of the Motion for Notice on January 8, 2019. Dkt. 82.

Plaintiff first moved for equitable tolling on January 14, 2020 (the "First Tolling Motion"). *See* Dkt. 93. In the First Tolling Motion, Plaintiff requested that the Court "equitably toll the FLSA statute of limitations on the Potential Opt-Ins' FLSA claims from November 16, 2018 (the date Plaintiff filed her Motion for Notice) to the date the Court issues its order on Plaintiff's Motion for Notice." *Id.*, p. 2. Plaintiff did not seek to toll the limitations period for the time during which the parties engaged in discovery.

On March 31, 2021, the Court issued its Opinion and Order, granting McColley's Motion for Notice but denying without prejudice the First Tolling Motion. Dkt. 131. In its Order, the Court stated the following regarding tolling:

> The court appreciates that this case has lingered before being reassigned to this presiding judge, *but that alone isn't a basis to equitably toll the statute of limitations*. Equitable tolling may well be appropriate later, but the court won't make that determination now, without knowing *whether a particular plaintiff or group of plaintiffs knew about this action but forewent the opportunity to join*, whether the class notice served as the first word of the opportunity to opt in, or a great many other facts that this record lacks. Equitably tolling the statute of limitations for a swath of plaintiffs whose circumstances are unknown could *potentially benefit plaintiffs who have sat on their hands* while their claims have tolled and who don't deserve equity.

*Id.*, p. 12 (emphasis added).

Before notice of this lawsuit was issued to the conditionally certified collective, 83 individuals joined as Opt-in Plaintiffs. Dkt. 237 at p.3. On July 27, 2021, notice of this lawsuit issued to individuals who were employed by Casey's since February 16, 2015 (three years from Plaintiff's filing of the Complaint) and more than 1,800 additional individuals filed consents to join. *Id.*

On April 5, 2022, just over one year after the Court granted the Motion for Notice but denied the First Tolling Motion, Plaintiff filed the Second Tolling Motion and her memorandum in support. Dkts. 219 and 220. Once again, Plaintiff did not seek equitable tolling for the time spent

by the parties in discovery but, rather, predicated her request on the time it had taken the Court to rule on the Motion for Notice. Dkt. 220 at 1. Specifically, Plaintiff requested "the entry of an Order restoring the Opt-Ins' claims by tolling the statute of limitations on their FLSA claims from three years back from March 9, 2019" with the explanation that "March 9, 2019 is two months after Plaintiffs' motion for conditional certification was fully briefed." *Id*., at 1, n.2.

In the 2022 Order, the Court did not deny that equitable tolling might be available; indeed, the Court specifically noted

> In extraordinary circumstances, the court may equitably toll the statute of limitations and allow a plaintiff to proceed with an otherwise untimely claim. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). This relief is only available when the person (1) diligently pursues her rights and (2) extraordinary circumstances preclude the exercise of her rights. *Id.*

Dkt. 237at p.3. Thus, the *Richards* Court's indication that equitable tolling may be available in appropriate circumstances is not contrary to the 2022 Order. This Court further noted in the 2022 Order:

> The law "characterize[s] equitable tolling's two components as 'elements,' not merely factors of indeterminate or commensurable weight." [*Menominee Indian Tribe v. United States*, 577 U.S. 250, 256 (2016)] (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equity has been guided just so in practice too, rejecting requests for equitable tolling when a litigant failed to satisfy one prong without addressing whether he satisfied the other. *See id.*; *see, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007) (rejecting equitable tolling without addressing diligence because habeas petitioner could not show extraordinary circumstances); *Pace*, 544 U.S. at 418 (without resolving litigant's argument that he had shown extraordinary circumstances, finding that "he would not be entitled to relief because he has not established the requisite diligence").

Dkt. 237 at 7. Having set forth the law with respect to equitable tolling, the Court stated it was "address[ing] only diligence today." *Id*., p. 8. As to diligence, "[t]his record provides no facts that would permit the court to conclude that any one opt-in member exercised reasonable diligence in

5

pursuing his rights." *Id*. at 12. Consequently, the Court denied the Second Tolling Motion. *Id*. at 13–14.

On October 12, 2022, Plaintiff sought bite number three of the tolling apple, filing a motion asking the court to issue a final judgment with respect to certain of the opt-in plaintiffs so that they could appeal the denial of the Second Tolling Motion. Dkt. 242. On February 13, 2023, this Court denied that motion. Dkt. 255. Finally, while not yet filed, Defendants fully expect Plaintiff's opposition to their Motion for Summary Judgment with respect to the claims of the opt-ins, to effectively seek a fifth bite of the apple. *See* Dkt. 348 at 6–9.

## II.    LEGAL ARGUMENT

### A.    Legal Standard for a Motion for Reconsideration

To bring a motion for reconsideration one of the following circumstances must obtain:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. *A further basis for a motion to reconsider would be a controlling or significant change in the law* or facts since the submission of the issue to the Court. *Such problems rarely arise and the motion to reconsider should be equally rare.*

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted) (emphasis added). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Mudica v. Warden*, No. 3:19-CV-1090-DRL-MGG, 2021 WL 1170204, *1 (N.D. Ind. Mar. 26, 2021) (Leichty, J.) (citation omitted).

### B.    The *Richards* Decision Has No Bearing on this Court's Denial of the Second Motion for Equitable Tolling.

#### 1.    The *Richards* Court's Reference to Equitable Tolling is Dicta and, Even Were It Not, It Did Not Change the Law.

Before turning to the *Richards* Court's reference to equitable tolling, it is important to note that the plaintiff in *Richards* had not sought equitable tolling and there had been no District Court decision on it; i.e., the propriety of and standards for equitable tolling were not before the *Richards*

Court. Rather, *Richards* addressed what the standard for determining certification of a collective action for trial should be, ultimately rejecting the standard first articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D.N.J. 1987), which this Court and many others in the Seventh Circuit had previously adopted and followed. *See* 149 F.4th at 912–14.

In setting forth its new standard, the Seventh Circuit held that upon the plaintiff "mak[ing] a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated" the "defendants must be permitted to submit rebuttal evidence and, in assessing whether a material dispute exists, courts must consider the extent to which plaintiffs engage with opposing evidence." *Id.* at 913. The Seventh Circuit further held that "if the court is confident that a similarity dispute can be resolved by a preponderance of the evidence before notice, *it may authorize limited and expedited discovery* to make this determination and tailor (or deny) notice accordingly." *Id.* (emphasis added).

It was in the context of the prospect of pre-Motion for Notice discovery under the new standard that the Seventh Circuit raised the question of equitable tolling. In raising it, the Court cited the need to "carefully supervise this process to prevent abuses and unnecessary delay" and noted the District Courts "are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery." *See id.* at 914 (citation omitted and emphasis added). The Court then noted "the equitable tolling of FLSA claims is already a familiar practice in our circuit, and that is a fair and appropriate measure, especially while disputes about notice are being resolved." *Id*. (emphasis added) (internal citations omitted). The *Richards* Court simply was not announcing a change in the law with respect to equitable tolling, much less a 'controlling or significant change.'

4931-7530-9438 / 091581.1001

  **2.**  **Even If *Richards* Reference to Tolling Changed the Law, That Change Is Irrelevant to the 2022 Order.**

    **a.**  **Plaintiff Did Not Seek Tolling Based on Discovery Abuse or Delays in Discovery.**

The *Richards* Court limited its commentary on tolling to abuses and unnecessary delays in discovery. *Richards*, 149 F.4th at 914 (district courts "are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged *by any delays in discovery*." (emphasis added)). As set forth above, the Second Tolling Motion did not seek tolling because of time spent on discovery, much less for delays caused by discovery abuse. Dkt. 220 at 1. The *Richards* Court's tolling reference is, therefore, irrelevant to the Second Tolling Motion and the 2022 Order.

    **b.**  **This Court Did Not Deny Having the Authority to Equitably Toll; Rather, the Court Held that Plaintiff Had Not Demonstrated That Any Opt-In Plaintiff Was Entitled to It.**

The *Richards* court's reference to District Courts being empowered to utilize equitable tolling is irrelevant for the additional reason that the Court here did not deny it had the power to equitably toll the limitations period; quite to the contrary, the Court expressly noted equitable tolling could apply it if the necessary elements were met. Dkt. 237, p. 3. The 2022 Order laid out the elements for equitable tolling, focusing in particular on the element of the diligence of the opt-in plaintiffs. *Id*. Ultimately, the Court held that the record presented to the Court "provides no facts that would permit the court to conclude that any one opt-in member exercised reasonable diligence in pursuing his rights." *Id*., p. 12. Consequently, the Court denied the Second Tolling Motion. *Id*., pp. 13-14. The *Richards* decision has no bearing on this finding.

Importantly, Plaintiff has made no effort in the Reconsideration Motion to demonstrate that, in fact, *any* of the opt-in Plaintiffs exercised sufficient diligence to warrant equitably tolling their claims. More than four and a half years have passed since the Court first told Plaintiff that she would have to

4931-7530-9438 / 091581.1001

show diligence on the part of the opt-ins - see Dkt. 131, p. 12 – and more than three years since the Court informed Plaintiff she had not done so. Dkt. 237, p. 12. Indeed, nearly six years have passed since Plaintiff filed the First Tolling Motion. Dkt. 93. Plaintiff has repeatedly sought blanket relief in the face of the Court's clear instructions to the contrary and does so yet again in the Reconsideration Motion. The unfair prejudice to Defendants of reconsidering the 2022 Order, resurrecting the stale claims of hundreds of plaintiffs years later, where Plaintiff has never properly supported the request for equitable tolling and *Richards* does not address the issue that caused the Court to deny the Second Tolling Motion, can scarcely be overstated. The Court should deny the Reconsideration Motion.

**C.**     **If the Court Is Inclined to Reconsider Its Prior Order, Defendants Respectfully Submit that the Court Should Stay Its Decision Pending Determination of the Petition for Certiorari Filed in *Richards*.**

Eli Lilly & Company and Lilly USA, LLC, the defendants in *Richards*, filed a Petition for Certiorari on or about October 15, 2025. *See* Petition for Writ of Certiorari, *Eli Lilly & Co. v. Richards*, No. 25-476 (U.S. filed Oct. 15, 2025) ("*Eli Lilly* Petition"). The *Eli Lilly* Petition presents the following questions to the Supreme Court:

> 1. Whether this Court should overrule [the holding in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165] that district courts may authorize and facilitate notice to nonparties on behalf of plaintiffs.
>
> 2. If this Court does not overrule *Hoffmann-La Roche*, what standard must plaintiffs satisfy in order for a district court to authorize and facilitate notice to nonparties on behalf of plaintiffs?

*Eli Lilly* Petition, p. i. The predicate of the *Richards* Court's discussion of equitable tolling is the potential impact of abuse of and unnecessary delays in discovery on the timing of the Court's authorization of notice being sent to the proposed collective. 149 F.4th at 913–14. Plaintiff here seeks equitable tolling on an entirely different basis—the length of time for the Court's decision related to Plaintiffs' Motion for Notice after it was filed. Dkt. 220 at 1.

Asserted delays in the authorization of notice and the question of whether to equitably toll because of them, however, will be moot if the Supreme Court grants the *Eli Lilly* Petition, overrules

*Hoffmann-LaRoche*, and holds that the Court does not have the power to authorize and facilitate notice in the first instance. Indeed, even should the Supreme Court decline to overrule *Hoffmann-La Roche*, it may revise the standard set forth by the Seventh Circuit in *Richards*, potentially mooting the question of equitable tolling. Consequently, if the Court is inclined to reconsider its prior ruling, Defendants respectfully submit the Court should stay that ruling pending determination of the *Eli Lilly* Petition and, if it is granted, pending the Supreme Court's substantive decision on the appeal.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration Regarding Equitable Tolling.

Date:  December 12, 2025

Respectfully submitted,

/s/ John H. Lassetter

John H. Lassetter (MN #0389009)
Niloy Ray (MN #0398699)
Brendan C. Johnson (MN #0403009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
E-mail:  jlassetter@littler.com
E-mail:  nray@littler.com
E-mail:  bcjohnson@littler.com

Sarah Doty (#35007-53)
**LITTLER MENDELSON, P.C.**
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
Facsimile:  317.636.0712
E-mail: sdoty@littler.com

*Attorneys for Defendants*

10

4931-7530-9438 / 091581.1001