**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NANCY WHITE, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,<br><br>　　　　　　　Defendants. | **No. 2:18-cv-00072-DRL-JEM** |

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF 466 OF THE OPT-IN PLAINTIFFS**

Plaintiff Nancy White ("White"), along with the Opt-In Plaintiffs who are now participating in the case by virtue of filing their Consents to Join with the Court (collectively, "Plaintiffs"), oppose Defendants' Motion for Summary Judgment in part.

There are 466 Opt-In Plaintiffs whose claims are at issue in this motion. *First*, there are 450 Opt-In Plaintiffs whose claims are untimely under the Fair Labor Standards Act's ("FLSA") three-year statute of limitations if the Court does not grant Plaintiffs' Motion for Reconsideration and equitably toll their statute of limitations. ECF No. 356. Plaintiffs asked the Court to reconsider its prior order denying equitable tolling in light of *Richards v. Eli Lilly & Co.*, 149 F.4th 901 (7th Cir. 2025). In *Richards*, the Seventh Circuit clarified that "district courts should decide as soon as practicable whether notice is appropriate" and district courts "are empowered to use their equitable tolling authority" when there are delays that "risk[] running out the clock on putative plaintiffs' FLSA claims." *Id*. at 914. The Seventh Circuit reiterated that, in FLSA cases, equitable tolling "is a fair and appropriate measure, especially while disputes about notice are being resolved." *Id*.

In this case, 26 months passed between the time that Plaintiffs filed their motion for conditional certification and when the order granting the motion for conditional certification was entered. Without equitable tolling, 450 Opt-In Plaintiffs will lose their claims entirely and hundreds more will lose substantial time within the statutory period to claim damages. As such, Plaintiffs ask that the Court grant their Motion for Reconsideration, equitably toll the FLSA statute of limitations, and deny Defendants' motion for summary judgment as to these 450 Opt-In Plaintiffs.

*Second*, Defendants move for summary judgment as to 16 Opt-In Plaintiffs who Defendants assert did not work as Store Managers. Defendants do not indicate why they included these individuals on the list provided to the notice administrator as individuals who worked for Defendants and who should receive a notice of this lawsuit. Defendants also do not state why they caused the administrator to mail notices to these individuals and incur costs for Plaintiffs. Nevertheless, Plaintiffs do not oppose the dismissal of the 16 Opt-In Plaintiffs who did not hold the position of Store Manager and who are identified at ECF No. 347 at page 14.

For these reasons and those stated in Plaintiffs' Motion for Reconsideration (ECF No. 356) and previously filed Motions for Equitable Tolling (ECF Nos. 93 and 219), Plaintiffs request that the Court deny Defendants' motion for summary judgment as to the 450 Opt-In Plaintiffs whose claims would otherwise be time barred absent equitable tolling.

## I.    PROCEDURAL BACKGROUND

Plaintiffs filed this FLSA collective action on February 16, 2018. ECF No. 1. After a period of narrowly-tailored discovery limited to the conditional certification issues which began in July 2018, Plaintiffs filed their Motion for Conditional Certification on November 16, 2018. ECF No. 65. On December 14, 2018, Defendant filed its Response, ECF No. 7, and on January 8,

2019, Plaintiffs filed their Reply. ECF No. 82.  On March 31, 2021, the Court granted Plaintiffs' motion for conditional certification.  ECF No. 131.

On January 14, 2020 – one year after Plaintiffs filed their Motion and while the motion for conditional certification was pending – Plaintiffs filed their first Motion for Equitable Tolling to preserve the claims of putative FLSA collective members. ECF No. 93.

More than two years after filing the motion for conditional certification, on March 31, 2021, the Court granted the motion for conditional certification. ECF No. 131. The Court also denied as premature Plaintiffs' first Motion for Equitable Tolling, finding that because the case was at the pre-certification stage and the identity of the putative opt-in plaintiffs had not yet been determined, it could not evaluate the merits of tolling at that time.  ECF No. 131 at 11-12.

On April 5, 2022, Plaintiffs filed their second motion for equitable tolling.  ECF No. 219. The Court denied that motion on September 12, 2022.  ECF No. 237.

## II.    ARGUMENT

The Court should deny Defendants' motion for summary judgment as to the 450 Opt-In Plaintiffs because the Seventh Circuit held that a delay in issuing notice is a basis for equitable tolling and that courts should protect the FLSA rights of Opt-In Plaintiffs to prevent them from expiring while the parties dispute the conditional certification and notice issues.  *Richards*, 149 F.4th at 914.  The Seventh Circuit's *Richards* decision requires that courts take action to avoid delays "running out the clock on putative plaintiffs' FLSA claims."  149 F.4th at 914.  "To that end, district courts should decide as soon as practicable whether notice is appropriate and are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery."  *Id.*  "**Indeed, the equitable tolling of FLSA claims is already a familiar practice in our circuit, [] and that is a fair and appropriate measure,**

**especially while disputes about notice are being resolved**." *Id*. (internal citations omitted; emphasis added); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1014 (7th Cir. 2023) (Bush, J., concurring) ("Equitable considerations support the use of tolling for FLSA collective actions.").

Since the outset of this case, Plaintiffs acted diligently filing their motion for conditional certification after the initial phase of discovery was completed. That motion was filed on November 16, 2018 and fully briefed by January 8, 2019. The motion was decided on March 31, 2021. The delay in issuing the decision caused more than 26 months of FLSA claims to expire.

Defendants seek to take advantage of the 26-month delay in resolving the motion for conditional certification and dismiss 450 Opt-In Plaintiffs from this case. That is directly contrary to the Seventh Circuit's decision in *Richards*. Those 450 Store Managers collectively worked thousands of overtime hours for Defendants' benefit. They joined this case promptly after receiving notice of the lawsuit. This is the prime example of a case where this Court should "use [its] equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays[.]" *Richards*, 149 F.4th at 914.

Plaintiffs previously argued that the Court's 26-month delay in deciding Plaintiffs' motion for conditional certification was a proper basis for equitable tolling. ECF No. 220 at pp. 2, 4-12. The Court (lacking the guidance which *Richards* now provides) did not factor in the 26-month delay in ruling on Plaintiffs' motion for conditional certification and how that delay ran out the clock completely or substantially on many Opt-In Plaintiffs' claims.[1] The Court should grant

---

[1] This delay was the result of a confluence of factors: COVID, changes as to which Judge was assigned, heavy dockets, etc. Plaintiffs do not blame the Court but merely seek to protect the Opt-In Plaintiffs who lost the ability to proceed completely in the case or lost a significant portion of their potential damages claims.

4

Plaintiffs' motion for reconsideration and equitably toll the FLSA statute of limitations so that these 450 Opt-In Plaintiffs are not dismissed and the remaining Opt-In Plaintiffs do not lose approximately 26 months of potential damages.

Defendants try to distinguish *Richards* arguing that the delays in deciding the conditional certification were not caused by pre-notice discovery.  However, *Richards* is clear that "district courts should decide as soon as practicable whether notice is appropriate" and "equitable tolling of FLSA claims is a fair and appropriate measure, especially while disputes about notice are being resolved." *Richards*, 149 F.4th at 914.  Equitable tolling is a "fair and appropriate measure" here given the 26 months of delay in deciding the conditional certification and resolving disputes about FLSA notice. *Id*.

### **CONCLUSION**

Due to the change in law from the Seventh Circuit in *Richards*, Plaintiffs respectfully request that the Court deny Defendants' motion for summary judgment as to the 450 Opt-In Plaintiffs, reconsider its September 12, 2022 Opinion and Order denying Plaintiffs' equitable tolling motion (ECF No. 237), grant Plaintiffs' Motion for Reconsideration (ECF No. 356), and enter an Order equitably tolling the statute of limitations for the Opt-In Plaintiffs from March 9, 2019 to March 31, 2021 (the date of the Court's conditional certification decision).

Dated: December 16, 2025                    Respectfully submitted,

s/Michael Palitz_____
Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Gregg I. Shavitz*

Camar Jones*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

Richard E. Shevitz
Scott Gilchrist
**COHEN & MALAD, LLP**
One Indiana Square Suite 1400
Indianapolis, IN46204
Phone: (317) 636-6481
Facsimile: (317) 636-2593
E-mail: rshevitz@cohenandmalad.com
E-mail: sgilchrist@cohenandmalad.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
E-mail:  mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com

***Attorneys for Plaintiffs and the FLSA Collective Members***

*admitted or to apply for admission *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on December 16, 2025, I served a true copy of this document by all counsel of record via the Court's Electronic Case Filing system.

/s/ Michael Palitz
Michael Palitz

6