**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

|  |  |
|---|---|
| NANCY WHITE, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,<br><br>                Defendants. | **No. 2:18-cv-00072-DRL-JEM** |

<u>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION REGARDING EQUITABLE TOLLING**</u>

Plaintiff Nancy White ("White"), along with the 1,916 Opt-Ins who are now participating in the case by virtue of filing their Consents to Join with the Court (collectively, "Plaintiffs") submit this Reply in support of their Motion for Reconsideration Regarding Equitable Tolling. ECF No. 356. Plaintiffs seek to protect the Fair Labor Standards Act ("FLSA") rights of the 450 Opt-In Plaintiffs who will lose their claims entirely[1] and the approximately 900 more Opt-In Plaintiffs who will lose substantial time to claim damages if equitable tolling is not granted. Plaintiffs' Motion should be granted, and the Court should enter an Order equitably tolling the statute of limitations for the Opt-In Plaintiffs from March 9, 2019 to March 31, 2021 (the date of the Court's conditional certification decision).

**I.    A Change In Law Warrants Reconsideration of the Court's Equitable Tolling Decision.**

Courts may reconsider prior decisions where there has been "a controlling or significant

---

[1] *See* Plaintiffs' Second Motion for Equitable Tolling (ECF No. 219); Defendants' summary judgment motion (ECF No. 347) (seeking to dismiss 450 Opt-In Plaintiffs).

change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The Seventh Circuit's recent decision in *Richards v. Eli Lilly & Co. Lilly USA, LLC*, 149 F.4th 901 (7th Cir. 2025), constitutes a "controlling or significant change in the law" warranting reconsideration of the Court's decision denying equitable tolling. *Id.*; ECF No. 237. In *Richards*, the Seventh Circuit noted that "[e]xpeditious notice is particularly important in FLSA cases" because "delays in notice risk limiting or even running out the clock on putative plaintiffs' claims." *Richards*, 149 F. 4th at 908. The Seventh Circuit held that courts should equitably toll the FLSA statute of limitations due to delays "while disputes about notice are being resolved." *Id.* at 914 (citing *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1014-15 (6th Cir. 2023) ("[I]n situations where court delay has time-barred a sizeable number of potential plaintiffs, many courts find that **the delay alone warrants equitable tolling** [.]") (quotation omitted) (emphasis added)).

This Court's equitable tolling order did not consider the delays and extraordinary amount of time (26 months) to decide Plaintiffs' motion for conditional certification. Rather, in denying Plaintiffs' motion for equitable tolling, the Court only addressed the "diligence" of the Opt-In Plaintiffs. ECF No. 237 at 8. Importantly, the *Richards* Court did not consider the opt-in plaintiffs' diligence as an equitable tolling factor, but rather how courts should implement equitable tolling due to delays "while disputes about notice are being resolved." *Richards*, 149 F.4th at 914. Because this Court did not consider the delays while the conditional certification motion was pending and the time needed to resolve the FLSA notice dispute, the Court should reconsider its decision denying equitable tolling in light of the *Richards* decision and change in law.

II.     **Defendants' Arguments Ignore the Clarification of the Equitable Tolling Standard for FLSA Cases in *Richards*.**

Defendants try to narrow *Richards* (ECF No. 359 at 2-3, 6-8) and sidestep its conclusion that equitable tolling is appropriate in FLSA cases where there are delays "while disputes about notice are being resolved." *Richards*, 149 F. 4th at 914. Defendants bizarrely argue that *Richards* only held that delays in discovery can warrant equitable tolling. ECF No. 359 at 2-3, 6-9. That is not what the Seventh Circuit held. *Id.* The Seventh Circuit was clear that equitable tolling prevents the harm caused due to "delays in notice [which] risk limiting or even running out the clock on putative plaintiffs' claims." *Id*. at 908. The *Richards* Court cited multiple cases where courts held that equitable tolling was appropriate where there were court delays in deciding the motions for conditional certification. *Id*. at 914 (citing *Clark*, 68 F.4th at 1014 and *Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F. Supp. 3d 784, 799 (N.D. Ind. 2020)). In *Koch*, the court "agree[d] with Plaintiffs that [the court] ultimately bears responsibility for more than a year of delay, and that the delay should not be visited upon Plaintiffs." *Id*. at 799. Therefore, contrary to Defendants' characterization, the Seventh Circuit's *Richards* decision does not limit equitable tolling solely to cases where discovery delays occurred.

Defendants' argument that *Richards'* equitable tolling standard for FLSA cases is limited to discovery delays also makes no sense. After all, discovery delays could potentially be impacted by the parties, whereas the timeline for a motion to be decided (as is at issue here) is completely out of the control of either party.[2] Under Defendants' theory, a two-month delay for discovery could warrant equitable tolling but a 26-month delay in deciding the conditional certification motion – where the entire FLSA statute of limitations period expired – would not. Defendants'

---

[2] In fact, some of the delay here related to the pandemic, an act of God attributable to no one, but with a very clear prejudicial result to Plaintiffs.

argument is contrary to the clear language in *Richards* about the necessity of preventing the FLSA statute of limitations from expiring due to delays "while disputes about notice are being resolved." *Richards*, 149 F. 4th at 914; *accord Zawlocki v. Partners Tap, Inc*., 2023 U.S. Dist. LEXIS 95466, at *8 (N.D. Ill. June 1, 2023) ("Plaintiffs' motion [] to toll statute of limitations is granted, delay in ruling on the motion not having been the fault of plaintiffs or their counsel."); *Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1077 (S.D. Ohio 2019) (same).

Defendants' claim that the *Richards* discussion regarding equitable tolling is *dicta* and not a change in law strains credibility.  Indeed, the Seventh Circuit was explicit: "district courts should decide as soon as practicable whether notice is appropriate" and that equitable tolling needs to be considered when there are delays in deciding whether notice should issue.  *Richards*, 149 F. 4th at 914.  The Seventh Circuit stated to ameliorate the sensitivity to the passage of time in FLSA cases:

> [D]istrict courts should decide as soon as practicable whether notice is appropriate and are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery.  Indeed, the equitable tolling of FLSA claims is already a familiar practice in our circuit, [citations omitted], and **that is a fair and appropriate measure, especially while disputes about notice are being resolved**.

*Id*. at 914 (emphasis added).  To fail to follow the Seventh Circuit's clear direction in this action is no small matter, it means dismissing the claims of 450 opt-ins (*see* Defendants' summary judgment motion. ECF No. 347) and substantially diminishing the claims of 900 others.  This is not *dicta* but rather the Seventh Circuit clarified the standard for equitable tolling in *Richards* and this constitutes an unequivocal directive to district courts about how to address equitable tolling in FLSA cases when there are "disputes about notice" being resolved (i.e., as here, a contested motion for conditional certification).

Defendants do not dispute the applicability of *Richards*.  Rather they try to obfuscate it by misapplying a two-element test, not referenced in any fashion in the *Richards* decision.  To be

clear, the *Richards* equitable tolling standard for FLSA cases does not apply a two-element test. ECF No. 359 at 2-3 (discussing extraordinary circumstances and due diligence factors). This portion of Defendants' Opposition must be ignored as totally unrelated to the issues currently before the Court. Rather, *Richards* clarifies that, in FLSA cases, courts must implement equitable tolling to prevent FLSA claims from expiring when there are delays from disputes about notice being resolved (i.e., discovery delays, delays in deciding motions for conditional certification, etc.).

**III.    The Court Should Reject Defendants' Request to Stay Decision on the Motion for Reconsideration Pending the Petition for Certiorari Filed in *Richards*.**

Defendants argue that the Court should defer ruling on Plaintiffs' Motion for Reconsideration pending the Supreme Court's consideration of the writ of certiorari filed in *Richards*. However, the questions presented to the Supreme Court in *Richards* do not address equitable tolling at all. Those questions presented are:

1.    Whether this Court should overrule [the holding in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165] that district courts may authorize and facilitate notice to nonparties on behalf of plaintiffs.

2.    If this Court does not overrule *Hoffmann-La Roche*, what standard must plaintiffs satisfy in order for a district court to authorize notice and facilitate notice to nonparties on behalf of plaintiffs?

ECF No. 359 at 9 (quoting the *Eli Lilly* Petition). The Supreme Court's potential resolution of these questions is irrelevant to the standard for equitable tolling and the delay factor set forth in *Richards*. Therefore, the Court should not stay resolution of this Motion for Reconsideration pending the writ of certiorari.

<u>**CONCLUSION**</u>

For these reasons and those set forth in Plaintiffs' opening motion (ECF No. 356), Plaintiffs respectfully request that the Court reconsider its September 12, 2022 Opinion and Order denying

Plaintiffs' equitable tolling motion (ECF No. 237) and enter an Order equitably tolling the statute of limitations for the Opt-In Plaintiffs from March 9, 2019 to March 31, 2021 (the date of the Court's conditional certification decision).

Dated: December 18, 2025

Respectfully submitted,

s/Michael Palitz
Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Camar Jones*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

Richard E. Shevitz
Scott Gilchrist
**COHEN & MALAD, LLP**
One Indiana Square Suite 1400
Indianapolis, IN46204
Phone: (317) 636-6481
Facsimile: (317) 636-2593
E-mail: rshevitz@cohenandmalad.com
E-mail: sgilchrist@cohenandmalad.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

6

E-mail:  mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com

***Attorneys for Plaintiffs and the FLSA Collective Members***

*admitted or to apply for admission *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2025 I served a true copy of this document by all counsel of record via the Court's Electronic Case Filing system.

/s/ Michael Palitz
Michael Palitz