**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **JOY McCOLLEY, on behalf of herself and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,**<br><br>**Defendants.** | Case No. 2:18-cv-00072 |

## PLAINTIFF JOY MCCOLLEY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff Joy McColley ("Plaintiff"), by and through her undersigned counsel, hereby propound upon Defendants the following Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS

a.      "All," "each," and "every" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

b.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

c.      "Store Manager" or "SM" means individuals holding the job title of Store Manager and similar positions, however variously titled, at Defendants' stores in the United States of America.

1

d.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to any oral or written statement, dialogue, colloquy, discussions or conversation, and also means any transfer of thoughts or ideas between person by means of documents and includes any transfer of data from one location to another by electronic or similar means.

e.    "Defendants," "You", "Your" and "Yourself" mean and refer to the Defendants, and all of their subsidiaries, agents, directors, representatives, employees, servants, supervisors, managers, affiliates, subsidiaries, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on their behalf.

f.    "Document" or "Documents" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, any written, typed, printed, recorded, graphic, computer generated or other matter of any kind from which information can be derived, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as computer discs or hard drives), computer-generated electronic mail ("e-mail") that is in your actual or constructive possession, custody or control, or the existence of which you have knowledge and, whether prepared, published or released by you or any other person. It includes, without limitation, any text message, binder, cover note, certificate, letter, correspondence, memorandum, book, record, table, chart, exhibit, index, analysis, graph, schedule, report, evaluation, test, study, note, list, appointment book, diary, log, calendar, telex, facsimile, message, bulletin, questionnaire, bill, purchase order, contract, memorandum of contract, agreement, assignment, blueprint, drawing, diagram, application, license, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, proposal, budget material, information

2

contained in, on or retrievable from computer hard drives, information contained in, on or retrievable from computer-generated electronic mail systems ("e-mail"), computer or data processing card, computer or data processing disk or diskette, zip file, computer-generated matter, computer back-up tapes, photograph, photographic negative, audiotape, cassette tape, phonograph recording, transcript or log of such recording, projection, videotape, film, microfiche, motion, petition, complaint, answer, response, reply, protest, verified statement, hearing transcript, attachment, filing submission, pleading and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, notations of conversations, notations of telephone calls, notations of any other type of communications, information contained in any computer although not printed out, whether in machine readable or other form. The term "Document" or "Documents" as used herein shall also include each copy that is not identical to the original and the preliminary drafts of any document or working paper related thereto.

g.     "Lawsuit" means the above-captioned action.

h.     "Opt-In" or "Opt-Ins" means all persons who have filed consent forms to join this matter.

i.     "Person" or "Persons" as used herein, shall include without limitation any natural person or business, legal or governmental entity or association.

j.     "Plaintiff" means the named plaintiff in this action, Joy McColley.

k.     "Related to," "relating to," "concerning," "regarding," or pertaining to" each mean explaining, containing, corresponding to, evidencing or discussing, or to be in any way legally, logically, causally or factually connected with the matter inquired of, whether directly or

3

indirectly.

l.       The term "relevant time period" refers to the period February 16, 2015 to the present.

m.      If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

n.      The use of the singular shall include the plural and vice versa and the masculine form of any word includes the feminine and vice versa.

o.      Terms not defined herein shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor.

p.      Definitions set forth in the Complaint, if any, are incorporated.

## INSTRUCTIONS

Unless otherwise indicated, for the purposes of these requests the following instructions shall apply:

a.      You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

b.      Each request which seeks information relating in any way to communications from or within a business or corporate entity, is hereby designated to demand and should be construed

4

to include all communications by and between representatives, employees, agents, brokers or servants of the business or corporate entity.

c.       Each request should be responded to separately.  However, a document which is responsive to more than one request, may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

d.       Pursuant to Federal Rule of Civil Procedure 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in the requests.  For example, organized by custodian or sources.

e.       Pursuant to Federal Rule of Civil Procedure 34(a)(1), Plaintiffs may specify the form or forms in which ESI is to be produced.  Plaintiffs request that ESI be produced according to the instructions contained in Attachment A or through any agreed upon ESI protocol reached by the parties hereinafter.

f.       All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.  Where required by a particular paragraph of this request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

**g.       All electronically stored documents responsive to Plaintiff Joy McColley's Second Request for Production of Documents to Defendants shall be identified using, at minimum, the search terms and custodians identified in Attachment B, as well as custodians identified by Defendants as a result of their discovery compliance efforts.**

5

h.       If any document responsive to these requests is withheld based on a claim of privilege or other protection, for each such document: (1) identify the withheld document, including its general subject matter, its date, its author and its addressee; (2) state the privilege or other grounds for withholding the document; and (3) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

i.       If you object to part of any request, please furnish documents responsive to the remainder of the request.

j.       All documents produced in response to this request shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

k.       If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

l.       With respect to any document requested which was once in your possession, custody or control, but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the manner in which it ceased to be in your possession, custody and control and the name and address of its present custodian.

m.       These requests are continuing in nature and require a continuing duty to promptly supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

n.       Unless otherwise indicated, each request is to be construed as encompassing all documents that pertain to the stated subject matter and to events that transpired during the relevant time period.

6

o. Files should be produced via secure file transfer to mpalitz@shavitzlaw.com, ldonnell@shavitzlaw.com, rpredovan@hgrlawyers.com and mhepworth@hgrlawyers.com or by delivering a portable file drive to the undersigned addresses.

p. Defendant shall supplement its production with any additional documents obtained that are responsive to the documents requested in Plaintiffs' First Set of Request for Production of Documents and to the requests below.

## DOCUMENTS REQUESTED

1. Produce all documents responsive to Plaintiffs' First Set of Request for Production of Documents to the extent they have not been produced or additional documents exist that are responsive to those requests.

2. Produce Opt-Ins' personnel files including performance evaluations.

3. Produce documents that refer, relate or pertain to any Opt-In, including but not limited to offer letters, schedules, supervisor files, personnel status or action notices, pay changes, reprimands, discipline notices or warnings, employment applications, applications for or records of promotions or transfers.

4. All documents that show time worked by Opt-ins as SMs during the relevant time period including but not limited to timesheets, schedules, time cards, forecast planners, attendance records, schedules, time-stamped documents, security logs, security badge records, card access data, computer log-on data, computer log-off data, customer order records, phone logs, bank, safe and bank deposit records, and any other documents, regardless of by whom prepared, evidencing or recording the time Opt-ins arrived at work, were on break, were at lunch, performed any work, or departed from work.

5. Email boxes, including incoming and outgoing email and all attachments, for the store email box in which all Opt-ins' worked. Calendar invites or entries are not responsive to this Request.

6. Email boxes, including incoming and outgoing email and all attachments, for supervisors of all Opt-ins including Area Supervisors, District Manager, and Regional Managers. Calendar invites or entries are not responsive to this Request.

7. Text messages and GroupMe communications to and from the District Manager and/or Area Managers and the Named Plaintiffs or Opt-ins.

8. All documents that show hours worked by Opt-ins, including clock-in and out records, timesheets, and schedules. Produce in Excel if exportable into Excel format.

9. All documents relating to the hours of operation at each store at which any of the Named Plaintiffs and Opt-ins worked during their employment as SMs during the relevant time period.

10. All documents that provide checklists and assignments for Store Managers, Area Managers, District Managers.

11. Performance reviews of District Managers and Area Managers of the Named Plaintiffs and Opt-in Plaintiffs.

12. Documents evidencing the wages paid to all Named Plaintiffs and Opt-ins, the number of hours they worked, deductions from their compensation, while employed as SMs during the relevant time period. Produce in Excel if exportable into Excel format.

13. All documents related to any disciplinary action Opt-ins may have taken or initiated regarding another employee while employed by Defendant as SM during the relevant time period.

14. All performance evaluations prepared or completed by Opt-in during the relevant time period, as SM, regarding any employee of Defendant.

8

15. Produce documents or communications from the stores indicating the actual amount of time taken to complete a project or planogram.

16. Produce organization charts of Defendants' operations and/or its subparts.

17. Produce maps of Defendants' Region(s), District(s), Area(s) and/or the geographic depictions of its organization's subparts.

18. Emails sent to all stores, all stores in a region or all stores in a district.

19. All complaints made by Store Managers related to wage and hour issues.

20. Emails to/from the District or Area Manager regarding store walks or visits, process validation reports, self-evaluation reports, mystery shopper reports for all supervised stores.

21. All performance evaluations for stores in which Opt-ins' worked, including process validation reports, self-evaluation reports, mystery shopper reports.

22. All documents and communications provided to Opt-ins regarding: interviewing, hiring, staffing levels, termination of employees, discipline of employees, setting/negotiating/adjusting employees' rates of pay, promoting employees, demoting employees, training employees, preparation of performance evaluations, supervising employees, handling employee or customer complaints, safety procedures, scheduling, setting up of displays (including planograms and endcaps) and labor/budgeting.

23. Produce documents relating to Named Plaintiffs' and Opt-Ins' discretionary authority or ability to exercise discretion and independent judgment, including but not limited to Named Plaintiffs' and Opt-Ins' ability to schedule, hire, fire, discipline, promote, change pay rates of, and conduct performance reviews of other employees.

24. Produce documents relating to wages, salaries, commissions, compensation methods, compensation plans and/or bonuses for the SMs position, including but not limited to

9

compensation plans, sales plans, and commission plans and hours of work expected for SMs.

25. Produce documents relating to SMs' authority to formulate, affect, interpret, or implement Defendants' management policies or operating procedures, including but limited to documents relating to SMs' involvement in planning long or short-term business objectives for Defendants and documents relating to SMs' authority to negotiate on behalf of Defendants or contractually bind Defendants.

26. All documents related to and used to calculate the labor budgets at stores in each Named Plaintiffs or Opt-ins' worked, including, but not limited to, documents that refer to setting labor budgets, description of labor budgets, individual responsible for setting or determining labor budgets, and/or practice or policy for exceeding labor budgets assigned to stores.

27. Documents that relate to the size, type, classification by offerings, and/or model of stores operated by Defendant in which SMs' work.

28. Documents related to Defendants' dashboards used by Area Supervisors.

29. Documents with directives on marketing, ordering, and pricing of products in stores, including but not limited to planograms ad set, store layouts and the like.

30. All documents Defendant will use in a deposition of any Opt-in Plaintiff.

31. All documents reflecting the rates of pay and hours worked of any employees employed at the stores at which Opt-in Plaintiffs were employed as SMs during the relevant time period.

32. Produce documents relating to Defendants' defenses, either affirmative defense or otherwise, including documents relating to Defendants' defenses that they did not act willfully and acted in good faith for purposes of the FLSA.  This Request is not limited to the Relevant Time.

33. Produce documents relating to reports or complaints, whether formal or informal, or written or verbal, by or on behalf of SMs regarding wage and hour issues, including but not limited

10

to Defendants' failure to pay for all hours worked, during the relevant time period.

34. Produce documents, relating to any federal or state lawsuit or administrative action filed by an SMs or administrative agency against Defendants relating to any wage and hour claim relating to SMs during the relevant time period.

35. Produce documents relating to the classification of SMs as exempt or non-exempt from entitlement to overtime pay under state and federal law, including but not limited to: internal communications relating to the classification of SMs as exempt or non-exempt employees and their entitlement to overtime pay; and documents between Defendants and any advisor or consultant (including wage and hour audits) relating to the classification of SMs as exempt or non-exempt employees and their entitlement to overtime pay; and documents relating to studies (including time studies, observational studies, and time and motion studies), data, reports, evaluations, research, and/ recommendations regarding workload limits or guidelines for SMs. This Request is not limited to the Relevant Time.

36. All documents related to the decision to change the salary for SMs in 2016.

37. Produce opinions sought or received by Defendants from any state or federal governmental entities (including but not limited to the Department of Labor) relating to whether SMs should be classified as exempt or non-exempt from overtime pay requirements under state or federal overtime laws.  This Request is not limited to the Relevant Time.

38. Produce documents relating to Defendants' internal communications and communications with others regarding this Lawsuit, including documents relating to declarations, affidavits, and/or statements (written, recorded, sworn, or otherwise) made by anyone relating to the subject matter of this action.  This demand is not seeking attorney-client privileged communications.

39. Produce documents relating to expert reports about the subject matter of this Lawsuit

including but not limited to drafts, notes, and e-mail sent to or from any expert that is not privileged.

40. Produce documents obtained pursuant to subpoena, release, or authorization relating to this Lawsuit.

41. Produce any commutations to employees about this Lawsuit.

42. All planograms and communicating or detailing deadlines or timeframes related to planograms.

43. All training materials for applicable to all Store Managers.

44. All documents to be used by Defendants in support of motion practice or at trial.

45. Documents supporting, negating, or otherwise relating to any affirmative defenses relied upon by Defendant and/or as set forth in Defendant's Answer to Complaint.  This Request is not limited to the relevant time period.

46. Documents supporting, negating or otherwise relating to Defendant's contention that Store Managers are not similarly situated, including but not limited to documents relating to any differences in Defendant's locations affecting Store Managers' duties and responsibilities.

47. Produce all documents that constitute, reflect, pertain or refer to the time spent by Store Managers on exempt and non-exempt tasks, whether absolutely or comparatively including but not limited to Casey's way activities, Training Materials for all SMs, layouts, handbooks, tasks to be completed; tasks with due dates; layouts, planograms and updates; new items/projects; food temperatures, check lists, monthly action plans, matrix(es), conference call topics, and planogram changes.

48. All SM job descriptions and job postings for the stores and/or districts in which the Named Plaintiffs and Opt-in Plaintiffs worked, drafts of the SM job descriptions and job positings, and job descriptions for the Regional Manager position.

49. Documents relating to the procedures that Store Managers are required or recommended to undertake in performing any job, task, assignment, duty or function, including but not limited to documents indicating instructions, guidelines, processes, procedures, policies, manuals, protocols, scripts or checklists Store Managers are required or recommended to follow. This request includes, but is not limited to, policies and procedures concerning merchandising, operations, marketing, advertising, setting prices for products, deliveries, ordering stock, gasoline, and supplies, safety, loss prevention, security, asset protection, human resources matters, cash handling, cash register duties, cleaning, hours of operation, holiday schedules, and labor budgets.

50. Documents that constitute, reflect, pertain or refer to the following information for each of the non-exempt employees who worked in the locations where Plaintiff and Opt-Ins worked as Store Managers during the time they were employed as Store Managers:

  a. wage rates;
  b. salary rates;
  c. bonuses;
  d. overtime rates;
  e. dates of employment;
  f. total hours worked during each week of employment; and
  g. total wages paid for each week worked.

51. Documents that constitute, reflect, pertain or refer to the Opt-Ins', as Store Managers, discretionary authority or lack thereof, including but not limited to documents relating to regulations or limitations affecting Opt-Ins', as Store Managers, ability to exercise discretion and/or independent judgment, including but not limited to their ability to hire, fire and/or discipline employees.

13

Dated:  January 16, 2023

Respectfully submitted,

s/Gregg I. Shavitz

_____

Gregg I. Shavitz*
Loren B. Donnell**
Camar Jones*
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com
E-mail: ldonnell@shavitzlaw.com

Richard E. Shevitz
Scott Gilchrist
COHEN & MALAD, LLP
One Indiana Square Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481
Facsimile: (317) 636-2593
Email: rshevitz@cohenandmalad.com
Email:  sgilchrist@cohenandmalad.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: 800-616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
HEPWORTH, GERSHBAUM & ROTH,
PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199

14

Facsimile: (212) 532-3801
E-mail: mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com

***Attorneys for Plaintiff and the Putative FLSA Collective Members***

*admitted *pro hac vice*
** application for *pro hac vice* pending

**ATTACHMENT A**

Pursuant to Federal Rule of Civil Procedure 34(a)(1), Plaintiffs may specify the form or forms in which electronically stored information ("ESI") is to be produced. Plaintiffs request that ESI be produced as follows:

1. Documents created or stored electronically should not be produced in hard copy. All ESI should be produced with the metadata requested below.

2. Unless otherwise indicated or the parties agree to a different format, documents should be produced as PDF images and named according to the Bates number of the corresponding PDF imagine. Each *.pdf file should be assigned a unique name matching the Bates number of the corresponding image. The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

3. All images should be single-page and scanned at 300 dpi. If a party provides color images, files should be produced in "JPEG/JPG" format with a resolution of 150 to 300 DPI. File names cannot contain embedded spaces. Bates numbers and confidentiality designations should be electronically branded on each produced PDF image, and bates numbers should appear on the lower right corner of all images. The number of PDF files per folder should not exceed 1,000 files.

16

4.      The parties agree not to degrade the searchability of documents as part of the document production process.

5.      All productions should be free of computer viruses.

6.      Except as detailed below, all unredacted documents should be provided with complete document-level extracted text files.  In the event a document contains text which is to be redacted, OCR text files should be provided for any unredacted portions of the documents.  Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents.  The extracted full text and/or OCR text for all deliverables should be in separate document-level TXT files.  These TXT files may either be provided in a separate folder or included in the same folder as their corresponding images.  The number of TXT files per folder should be limited to 1,000 files.

7.      All documents produced should include a metadata load file that is a .DAT or .TXT format with standard Concordance delimiters, and contain all fields outlined below.  Image load files should be provided in .OPT format.  If a produced PDF image is unreadable or appears to be missing information, the party received the document(s) may request production of the associated native document.

8.      In the case of any electronic discovery contained in proprietary or non-proprietary databases, the parties shall meet and confer to discuss the fields contained in the database and the best means of producing responsive information from them, such as running reports or queries.  In the event that ESI will be produced directly from a database, ESI should be produced in a comma delimited file or in Excel format, with all formulae and records of irregular or manual manipulation of data reflected.  If proprietary

17

software is required to access or use documents in their native format, please supply such software. A written list of all database fields and a reasonable description for each field, or a "database dictionary" shall be included.

9. For email collections, the parent-child relationships (the association between emails and attachments) should be preserved. Email attachments should be consecutively produced with the parent email record.

10. The Bates number must be a unique, consistently formatted identifier, i.e., an alpha prefix along with a fixed length number for EACH custodian, i.e., ABC0000001. This format must remain consistent across all production numbers for each custodian. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

11. All word processing files, including without limitation Microsoft Word files, that do not require redactions, will be produced in native file format showing comments and track changes, and as *.pdf images showing track changes and comments. A UNC file path must be included in the ESI load file.

12. Spreadsheet files, including without limitation Microsoft Excel files, that do not require redactions will be produced as native files showing comments and similar data. A UNC file path must be included in the ESI load file. Additionally, a bates-stamped *.PDF placeholder matching the bates number of the native file, must be

18

included in the production and reflected in the image load file. To the extent the parties prefer native file redaction of spreadsheet files, the parties will meet and confer to discuss the form of production.

13.    Presentation files, including without limitation Microsoft PowerPoint files, will be produced as native files showing comments, hidden slides, speakers' notes, and similar data. A UNC file path must be included in the ESI load file. Additionally, a bates-stamped *.PDF placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file. The parties will meet and confer regarding production of presentation files with alternate default settings.

14.    For deliverables containing multi-media files, the following production format should be used:

    (a) Audio Data Files: Audio data files should be produced in audio Windows Media Audio ("WMA") format or "MP3" format; and

    (b) Video Files: Video files should be produced in Audio/Video Interleaved ("AVI") format.

15.    Embedded files are produced as independent document records. Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

16.    The following metadata fields should be produced for each document to the extent that such information is available at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log. All requests should be read to include a request for all metadata associated with all documents responsive to the request.

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **BEGDOC** | Starting bates | Hardcopy, edoc, email and attachment |
| **ENDDOC** | Ending bates | Hardcopy, edoc, email and attachment |
| **CUSTODIAN** | Custodial or non-custodial source(s) from which the document was collected | Hardcopy (if coded), edoc, email and attachment (populated through processing) |
| **FAMILYIDOR ATTACHID** | Family (Range of bates related documents (i.e email & attachment) - this field will be populated for all records in the family.) | Hard copy, edoc, emails and attachments (populated through processing) |
| **PRPERTIES OR RCRDTYPE** | Record type – will be either "email," "attachment," "edoc," or "hardcopy." | |
| **FROM** | Email Author | Emails (populated through processing) |
| **TO** | Recipient | Emails (populated through processing) |
| **CC** | CC field - In the event of emails | Emails (populated through processing) |
| **BCC** | Bcc field - in the event of emails | Emails (populated through processing) |
| **SUBJECT** | Subject | Emails (populated through processing) |
| **DOCTITLE** | Document Title/name of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc or attachment (populated through processing) |
| **DOCDATE** | Document Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email and Attachments |

20

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **DATESENT** | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMESENT** | Time sent 00:00:00 AM/PM | Emails (populated through processing) |
| **DATECREATED** | Date first created, format MM/DD/YYYY | Edoc or attachment (populated through processing) |
| **DATESVD** | Date last saved/modified, format MM/DD/YYYY | Edoc or attachment (populated through processing) |
| **TIMESVD** | Time saved 00:00:00 AM/PM | (populated through processing) |
| **PAGECOUNT** | Document page count | Edoc or attachment (populated through processing) |
| **ATTILE** | File name/attachment name | Electronic files and/or attachments (populated through processing) |
| **APPLICAT** | Application used to open the file (Word, Powerpoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files and/or emails, attachments (populated through processing) |
| **FOLDERID OR ORIGFOLDERPATH OR FILEPATH** | File path/folder structure of original native file as it existed at the time of collection. | Electronic files and/or emails, attachments (populated through processing) |
| **DOCLINK or NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files and/or emails, attachments (populated through processing and only provided if receiving |
| **FILEEXTEN** | In the event of attachments or emails, this will enable us to search by document type. Sample contents: PST, MSG, | Electronic files and/or emails, attachments (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
| --- | --- | --- |
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the document | For Hard Copy docs (if coded) or electronic files and/or attachments (populated through processing) |
| **HASH** | Hash value for de-dupe | Electronic files and/or attachments (populated through processing) |
| **HEADER** | Contains all the routing information from the header section of an email message | Emails (populated through processing) |
| **TEXT** | Text of email in the event of emails; text of attachment in the event of attachments. We recognize that some attachments will | For Hardcopy, electronic files, emails and attachments. |

**ATTACHMENT B**

| SEARCH PROTOCOLS | OPT-IN CUSTODIANS |
|---|---|
| Documents designated to be accessed or sent or pushed to all stores, or all stores in a region or all stores in a district. | Store email account for the Opt-ins |

| SEARCH PROTOCOLS | CORPORATE DOCUMENT CUSTODIAN |
|---|---|
| Planograms, store responses planograms indicating completion and time taken to complete, Casey's way, Training Materials for all SMs, layouts, handbook, tasks to be completed; tasks with due dates; layouts, planograms and updates; new items/projects; in the location stores need to input food temps, check lists, monthly action plans, matrix(es), conference call topics, and planogram changes that were designated to be accessed or sent or pushed to all stores, or all stores in a region or all stores in a district. | OKTA<br>ThinkTime and Apps like it used by Casey's<br>Casey's Academy and similar programs used by Casey's<br>Email Groups or accounts used to transmit emails to all stores, for all stores in a region or district. |

| SEARCH TERMS | OPT-IN CUSTODIANS |
|---|---|
| "ADP"<br>"Under Hours"<br>"Approv*" OR "Permission"<br>"Associate*"<br>"Audit"<br>"Authori*"<br>"Back" AND "Stock"<br>"Bathroom*"<br>"BOGO" OR "Buy One Get One"<br>"Budget*" AND "Hours"<br>"Care" AND "Job"<br>"Classif*"<br>"Clean"<br>"Complain*"<br>"Conference" AND "Call" AND "Topics"<br>"Cooler"<br>"Cut" w/3 "Hours"<br>"Do*" AND "Job"<br>"Duties" OR "Duty" AND "SM" OR "Store Manager" | Store email account for the Plaintiff and Opt-ins<br>Group Me |

| | |
|---|---|
| "Empty" AND "Garbage" OR "Trash"<br>"Excessive" AND "Hours"<br>"Exempt*"<br>"Exhaust*"<br>"Exit" AND "Interview"<br>"Expect" OR "Expectation" OR "Expectations"<br>"Expiration" AND "Check" AND "Dates"<br>"Face" AND "Shelves"<br>"Flexed"<br>"FLSA" OR "Fair Labor Standards Act"<br>"Forward" OR "Front" AND "Fac*"<br>"Free" AND "Labor"<br>"Full" OR "Fill" AND "Recovery"<br>"Full" OR "Fill" AND "Stock"<br>"Hold" AND "Hand"<br>"Hours"<br>"Improve" AND "Score"<br>"Inventory" OR "Count"<br>"Label*" OR "Tag*" AND "Price Change"<br>"Labor" w/3 "Budget"<br>"Lawsuit"<br>"Layout" AND "Lay Out"<br>"Make" & "Budget"<br>"Martix" AND "Ranking"<br>"Meeting" & "Recap"<br>"Meeting" AND "Slideshow"<br>"No" AND "Overtime"<br>"Non-Exempt" OR "Nonexempt"<br>"Number" AND "Up"<br>"Opportunity"<br>"Over time" OR "Overtime" OR "OT"<br>"Pack*" OR "Load"<br>"Payroll"<br>"Presentation"<br>"Price Change*"<br>"Profit" AND "Loss "<br>"Reclassif*"<br>"Recover*"<br>"Register"<br>"Reset"<br>"Responsib*"<br>"Restroom"<br>"Salar*" | |

| | |
|---|---|
| "Score" | |
| "Seasonal" AND "Display" | |
| "Secret" OR "Mystery" AND "Shopper" | |
| "Set" | |
| "Shelf" AND "Shelve*" AND "Full" OR "Done" OR "Order" | |
| "Short" AND "Staff*" | |
| "Shrink" | |
| "Stay" AND "Within" AND "Hours" | |
| "Steritech" | |
| "Stock*" | |
| "Stocking" OR "Cooler time" | |
| "Store Manager" OR "SM" | |
| "Task" AND "List" | |
| "Task*" AND "Close Out" | |
| "Toilet*" | |
| "Train*" OR "Coach*" | |
| "Trash" | |
| "Truck*" | |
| "Unload*" | |
| "Visit*" | |
| "Walk" | |
| "Webex" AND "Meeting" | |
| "Casey's Way" | |
| "Clock in" | |
| "Clock out" | |
| "Customer Satisfaction" AND "Number*" | |
| "Daily Task List" | |
| "End Cap" | |
| "Figure It Out" | |
| "Flex the Store" | |
| "Joy McColley" OR "Melinda Korte" | |
| "Kitchen Checklist" | |
| "Monthly Action Plan" | |
| "Operating" AND "Procedure" | |
| "Planogram" | |
| "Summer Hours" | |
| "Task List" AND "Due" | |
| "Task List" AND "Sign Off" | |
| "Truck Day" | |
| "Wall of Value" | |
| "Weekly" AND "Meeting" | |
| SEARCH TERMS | AM/DM/RM CUSTODIANS |

| | |
|---|---|
| "ADP"<br>"Under Hours"<br>"Approv*" OR "Permission"<br>"Associate*"<br>"Audit"<br>"Authori*"<br>"Back" AND "Stock"<br>"Bathroom*"<br>"BOGO" or "Buy One Get One"<br>"Budget*" AND "Hours"<br>"Care" AND "Job"<br>"Classif*"<br>"Clean"<br>"Complain*"<br>"Conference" AND "Call" AND "Topics"<br>"Cooler"<br>"Cut" w/3 "Hours"<br>"Do*" AND "Job"<br>"Duties" OR "Duty" AND "SM" "Store Manager"<br>"Empty" AND "Garbage" OR "Trash"<br>"Excessive" AND "Hours"<br>"Exempt*"<br>"Exhaust*"<br>"Exit" AND "Interview"<br>"Expect" OR "Expectation" OR "Expectations"<br>"Expiration" AND "Check" AND "Dates"<br>"Face" AND "Shelves"<br>"Flexed"<br>"FLSA" OR "Fair Labor Standards Act"<br>"Forward" OR "Front" AND "Fac*"<br>"Free" AND "Labor"<br>"Full" OR "Fill" AND "Recovery"<br>"Full" OR "Fill" AND "Stock"<br>"Hold" AND "hand"<br>"Hours"<br>"Improve" AND "Score"<br>"Inventory" OR "Count'<br>"Label*" OR "Tag*" AND "Price Change"<br>"Labor" w/3 "Budget"<br>"Lawsuit"<br>"Layout" OR "Lay Out"<br>"Make" AND "Budget" | Area Manager Email Account for the Plaintiff and Opt-ins<br>District Manager Email Account for the Plaintiff and Opt-ins<br>Region Manager Email Accounts for the Plaintiff and Opt-ins<br>Chris Boling<br>Cindi Summers<br>Bob Ford |

26

| | |
|---|---|
| "Martix" AND "Ranking"<br>"Meeting" AND "Recap"<br>"Meeting" AND "Slideshow"<br>"No" AND "Overtime"<br>"Non-Exempt" OR "Nonexempt"<br>"Number" AND "Up"<br>"Opportunity"<br>"Over time" OR "Overtime" OR "OT"<br>"Pack*" OR "Load"<br>"Payroll"<br>"Presentation"<br>"Price Change*"<br>"Profit" AND "Loss "<br>"Reclassif*"<br>"Recover*"<br>"Register"<br>"Reset"<br>"Responsib*"<br>"Restroom"<br>"Salar*"<br>"Schedul*"<br>"Score"<br>"Seasonal" AND "Display"<br>"Secret" OR "Mystery" AND "Shopper"<br>"Set"<br>"Shelf" OR "Shelve*" AND "Full" OR<br>"Done" OR "Order"<br>"Short" AND "Staff*"<br>"Shrink"<br>"Stay" AND "Within" AND "Hours"<br>"Steritech"<br>"Stock*"<br>"Stocking" OR "Cooler time"<br>"Store Manager" OR "SM"<br>"Task" AND "List"<br>"Task*" AND "Close Out"<br>"Toilet*"<br>"Train*" OR "Coach*"<br>"Trash"<br>"Truck*"<br>"Unload*"<br>"Visit*"<br>"Walk"<br>"Webex" AND "Meeting" | |

| | |
|---|---|
| "Casey's Way"<br>"Clock in"<br>"Clock out"<br>"Customer Satisfaction" AND "Number*"<br>"Daily Task List"<br>"End Cap"<br>"Figure It Out"<br>"Flex the Store"<br>"Joy McColley" OR "Melinda Korte"<br>"Kitchen Checklist"<br>"Monthly Action Plan"<br>"Operating" AND "Procedure"<br>"Planogram"<br>"Summer Hours"<br>"Task List AND Due"<br>"Task List" AND Sign Off<br>"Truck Day"<br>"Wall of Value"<br>"Weekly" AND "Meeting" | |
| **SEARCH TERMS** | **CORPORATE CUSTODIANS** |
| "Audit"<br>"Budget*"<br>"Classif*"<br>"Complain*"<br>"Cut w/3 Hours"<br>"DOL"<br>"Duties" OR "Duty"<br>"Exempt*"<br>"FLSA" OR "Fair Labor Standards Act"<br>"Hours"<br>"Labor" w/3 "Budget"<br>"Lawsuit"<br>"No" AND "Overtime"<br>"Non-Exempt" OR "Nonexempt"<br>"Over time" OR "Overtime" OR "OT"<br>"Pay"<br>"Payroll"<br>"Reclassif*"<br>"Salar*"<br>"Store Manager" OR "SM"<br>"Study"<br>"Survey*"<br>"Wage"<br>"Joy McColley" OR "Melinda Korte" | Nate Thomae<br>Cindi Summers<br>Bob Ford<br>Sue Allyn |

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of January, 2023, a true and accurate copy of the foregoing Plaintiff's Second Request for Production of Documents to Defendants was sent via electronic mail to Defendants' counsel of record.

s/Loren B. Donnell
Loren B. Donnell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JOY McCOLLEY, on behalf of herself and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,**<br><br>**Defendants.** | Case No. 2:18-cv-00072 |

### PLAINTIFF JOY MCCOLLEY'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff Joy McColley ("Plaintiff") by and through her undersigned counsel, hereby propounds upon Defendants, the following Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

a.     "All," "each," and "every" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

b.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

c.     Store Manager" or "SM" means individuals holding the job title of Store Manager and similar positions, however variously titled, at Defendants' stores in the United

1

States of America.

d.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to any oral or written statement, dialogue, colloquy, discussions or conversation, and also means any transfer of thoughts or ideas between person by means of documents and includes any transfer of data from one location to another by electronic or similar means.

e.      "Defendants," "You", "Your" and "Yourself" mean and refer to the Defendants and all of their subsidiaries, agents, directors, representatives, employees, servants, supervisors, managers, affiliates, subsidiaries, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on their behalf.

f.      "Document" or "Documents" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, any written, typed, printed, recorded, graphic, computer generated or other matter of any kind from which information can be derived, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as computer discs or hard drives), computer-generated electronic mail ("e-mail") that is in your actual or constructive possession, custody or control, or the existence of which you have knowledge and, whether prepared, published or released by you or any other person. It includes, without limitation, any text message, binder, cover note, certificate, letter, correspondence, memorandum, book, record, table, chart, exhibit, index, analysis, graph, schedule, report, evaluation, test, study, note, list, appointment book, diary, log, calendar, telex, facsimile, message, bulletin, questionnaire, bill, purchase order, contract, memorandum

2

of contract, agreement, assignment, blueprint, drawing, diagram, application, license, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, proposal, budget material, information contained in, on or retrievable from computer hard drives, information contained in, on or retrievable from computer-generated electronic mail systems ("e-mail"), computer or data processing card, computer or data processing disk or diskette, zip file, computer-generated matter, computer back-up tapes, photograph, photographic negative, audiotape, cassette tape, phonograph recording, transcript or log of such recording, projection, videotape, film, microfiche, motion, petition, complaint, answer, response, reply, protest, verified statement, hearing transcript, attachment, filing submission, pleading and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, notations of conversations, notations of telephone calls, notations of any other type of communications, information contained in any computer although not printed out, whether in machine readable or other form.  The term "Document" or "Documents" as used herein shall also include each copy that is not identical to the original and the preliminary drafts of any document or working paper related thereto.

g.      The term "Identify," as used herein in reference to any natural person, means to provide the following information: his or her full name, present or last known address(es), telephone number(s), e-mail address(es), and present or last known place of employment.

h.      The term "Identify," as used herein in reference to any person other than a natural person, shall include:  its name, its present or last known address of its principal place

of business, its legal status and the governmental entity under whose laws it is organized and/or operating.

i.        The term "Identify," as used herein in reference to any document or written communication, means to provide the following information:  the type of document, its general subject matter, its date and its author(s), addressee(s) and recipient(s).

j.        "Lawsuit" means the above-captioned action.

k.        "Opt-In" or "Opt-Ins" means all persons who have filed consent forms to join this matter.

l.        "Person" or "Persons" as used herein, shall include without limitation any natural person or business, legal or governmental entity or association.

m.        "Plaintiff" means the named plaintiff in this action, Joy McColley.

n.        "Related to," "relating to," "concerning," "regarding," or pertaining to" each mean explaining, containing, corresponding to, evidencing or discussing, or to be in any way legally, logically, causally or factually connected with the matter inquired of, whether directly or indirectly.

o.        The term "relevant time period" refers to the period February 16, 2015 to the present.

p.        If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

q.        The use of the singular shall include the plural and vice versa and the

4

masculine form of any word includes the feminine and vice versa.

r.      Terms not defined herein shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor.

s.      If you respond to any of these Interrogatories by producing documents, the instructions contained in the Requests for Production served in this lawsuit shall apply.

t.      These interrogatories are continuing in nature and require a continuing duty to promptly supplement your responses with any information that becomes available to you at any time up to the conclusion of the proceedings herein.

u.      Terms not defined herein shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor.

v.      All definitions and rules of construction set forth in the Federal Rules of Civil Procedure and applicable Local Rules shall apply to all interrogatories herein.

w.      Definitions set forth in the Complaint, if any, are incorporated.

## INTERROGATORIES

8.      Identify the Area Manager, District Manager, and Regional Manager for each Opt-in Plaintiff and provide each Area Manager's, District Manager's and Regional Manager's dates of employment with Defendant, home address, telephone number, and email address.

9.      Identify all employees who worked in stores with Named Plaintiffs and each Opt-in Plaintiff and provide each person's dates of employment with Defendant, the

5

positions they held during their employment with Defendant, the store they worked in, their hourly rate of pay in each position held, their hours worked on a weekly basis in each position held during their employment, their home address, telephone number, and email address.

10.    Labeled by each Named Plaintiff and Opt-in Plaintiff: list each store number, location (including city and state), and the hours of operation of each store at which the Named Plaintiffs and Opt-in Plaintiffs worked during their employment as SMs, the dates those hours of operation were in effect if it changed over time, and the Area Manager, District Manager, and Regional Manager over each store and time period each held the position if this changed over time.

11.    Provide on a weekly basis for each Named Plaintiff and Opt-in, including: (a) pay date and range, (b) salary; (b) weekly pay, (c) hours worked, (d) deductions, (e) bonuses, (f) any other renumeration, including vacation, sick and paid time off.

12.    Identify all individual(s) employed by Defendant and tasked with the responsibility of determining the amount of time work assigned to the store will take and the individual(s) that determine the number of budgeted hours needed by each store to complete its assigned work and customer load.

13.    Identify all documents to be used by Defendants in support of its defenses at trial.

14.    Identify all individuals that evaluate the hours and number of consecutive days worked by store employees, as well as the different duties performed by each job title employed by Casey's in its stores.

6

Dated:  January 16, 2023

Respectfully submitted,

s/Gregg I. Shavitz
Gregg I. Shavitz*
Camar Jones*
Loren B. Donnell**
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com
E-mail: ldonnell@shavitzlaw.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: 800-616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
HEPWORTH, GERSHBAUM &
ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
E-mail: mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com

Richard E. Shevitz
Scott Gilchrist
COHEN & MALAD, LLP
One Indiana Square Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481

7

Facsimile: (317) 636-2593
Email: rshevitz@cohenandmalad.com
Email:  sgilchrist@cohenandmalad.com

***Attorneys for Plaintiff and
FLSA Collective Members***

*admitted *pro hac vice*
**application to be admitted *pro hac vice* submitted

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2023, a true and accurate copy of the foregoing Plaintiff's Second Set of Interrogatories was sent via electronic mail to Defendants' counsel of record.

s/Loren B. Donnell
Loren B. Donnell

8