## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JOY McCOLLEY, on behalf of herself and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,**<br><br>Defendants. | Case No.2:18-cv-00072 |

## RESPONSE TO PLAINTIFF JOY MCCOLLEY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Plaintiff Joy McColley and her attorneys, Gregg I. Shavitz, Camar Jones and Loren B. Donnell, Shavitz Law Group, P.A., 951 Yamato Rd, Suite 285, Boca Raton, FL 33431; Michael Palitz, Shavitz Law Group, P.A., 830 3rd Avenue, 5th Floor, New York, NY 10022; Marc S. Hepworth, Charles Gershbaum, David A. Roth and Rebecca S. Predovan, Hepworth, Gershbaum & Roth, PLLC, 192 Lexington Avenue, Suite 802, New York, New York 10016; and Richard E. Shevitz and Scott Gilchrist, Cohen & Malad, LLP, One Indiana Square Suite 1400, Indianapolis, Indiana 46204.

Defendants Casey's General Stores, Inc., Casey's Marketing Company and Casey's Retail Company (collectively "Defendants" or "Casey's") object and respond to Plaintiff Joy McColley's ("Plaintiff") Second Request for Production of Documents as follows:

## PRELIMINARY STATEMENT

Pursuant to the Parties' Stipulated Representative Discovery Plan (Doc. 259), unless otherwise noted, Defendants will limit their responses to these requests to information and documents related to Plaintiff Joy McColley, Opt-In Plaintiff Melinda Korte, and the 75 Opt-In Plaintiffs selected pursuant to the method outlined in the Discovery Plan (hereinafter collectively referred to as the "Selected Plaintiffs").

**RESPONSES TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS**

1.      Definitions "e" and "m" and Instructions "a," "k" and "l", purport to seek or require Casey's to produce or provide information that is not within Casey's possession, custody, or control.  Unless otherwise stated, Defendants shall construe these requests to only require Defendants to use reasonable diligence to locate responsive information based on a review of Defendants' files in which such information ordinarily would be expected to be located.

2.      With respect to the definition of "Store Managers" or "SM" as stated in Definition "c," Defendant will limit its responses to the Selected Plaintiffs.

3.      In Definition "e," Plaintiff defines "Defendants," "You," "Your" and "Yourself" to include advisors and attorneys, specifically "Defendants, and all of their subsidiaries, agents, directors, representatives, employees, servants, supervisors, managers, affiliates, subsidiaries, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on their behalf."  Defendants shall construe the terms "Defendants," "You," "Your," and "Yourself" to only mean Casey's Marketing Company.

4.      In response to Definition "k," Defendants state that they will apply reasonable and commonsense interpretations of the terms "related to," "relating to," "concerning," "regarding," or "pertaining to.".

5.      With respect to the term "relevant time period," to the extent it seeks information back to February 16, 2015 for each of the Selected Plaintiffs and the Opt-In Plaintiffs, Defendant will limit its responses to the limitations period applicable to each individual Selected Plaintiff and Opt-In Plaintiff's own claim.

6.      In response to Instructions "d" and "f," and to the extent either seeks to impose obligations on Defendants beyond their obligations under Fed. R. Civ. P. 34, Defendants state that they will produce documents in compliance with Fed. R. Civ. P. 34.

7.      In response to Attachment A to Plaintiff's Second Request for Production of Documents, Defendants state that they will produce documents responsive to these requests in conformance with all form-of-productions specifications described in that Attachment A other than the specifications in Paragraphs 8 and 11 of the same.  Defendants further respond that they will produce the "DATESENT" and "TIMESENT" metadata fields as a combined field and the "DATESVD and "TIMESVD" metadata fields as a combined field.

8.      In response to Attachment B to Plaintiff's Second Request for Production of Documents containing proposed search terms and parameters untethered to any specific Request for Production, Defendants state that Attachment B is not presented as a proper request for production of documents.  Nevertheless, in the spirit of cooperation, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" and is producing non-privileged responsive documents resulting from Defendant's review of the documents responsive to those search terms.  The only search term from the "AM/DM/RM CUSTODIANS" section that Defendants eliminated was the term "Hours" due to the high volume of non-responsive documents that search term generated.  Defendants will also produce emails and documents that were sent to and from all of Casey's stores between December 4, 2022, and December 10, 2022.  Additionally, Defendants will produce all available communications and documents sent to Casey's stores via the ThinkTime and ServiceNow applications during the limitations period applicable to this case.

3

## <u>RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS[1]</u>

**<u>REQUEST NO. 1:</u>** Produce all documents responsive to Plaintiffs' First Set of Request for Production of Documents to the extent they have not been produced or additional documents exist that are responsive to those requests.

**<u>RESPONSE:</u>** Defendants hereby incorporate by reference their objections to each respective response to Plaintiff's Request for Production of Documents to Defendants (Set One).

Notwithstanding the foregoing, Defendants respond as follows: Defendants will supplement their production in response to Plaintiffs' First Set of Request for Production of Documents as required by Fed. R. Civ. P. 26(e).

**<u>REQUEST NO. 2:</u>** Produce Opt-Ins' personnel files including performance evaluations.

**<u>RESPONSE:</u>** Defendants respond as follows: Defendants refer Plaintiff to the personnel records previously produced for Joy McColley at CASEY'S 00000049 – CASEY'S 00000093, Melinda Korte at CASEY'S 00000094 – CASEY'S 00000157 and Vivian Piehl at CASEY'S 00000158 – CASEY'S 00000197. Defendants will produce the remaining Selected Plaintiffs' personnel files on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**<u>REQUEST NO. 3:</u>** Produce documents that refer, relate or pertain to any Opt-In, including but not limited to offer letters, schedules, supervisor files, personnel status or action notices, pay changes, reprimands, discipline notices or warnings, employment applications, applications for or records of promotions or transfers.

**<u>RESPONSE:</u>** Defendants object to this request as the terms "schedules," "supervisor files," "personnel status," "action notices," and "reprimands," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further

---

[1] Defendants note that Plaintiff restarted the request numbering at 1 in this second Request for Production of Documents.

object to this request on the grounds it is overly broad, seeks documents that are not relevant to any party's claims or defenses, and is not proportional to the needs of the case. Defendants object to this request to the extent that it seeks the production of electronically stored information ("ESI") on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object that this request is unnecessarily duplicative of Request for Production No. 2.

Notwithstanding the foregoing, Defendants respond as follows: Defendants refer Plaintiff to the personnel records previously produced for Joy McColley at CASEY'S 00000049 – CASEY'S 00000093, Melinda Korte at CASEY'S 00000094 – CASEY'S 00000157 and Vivian Piehl at CASEY'S 00000158 – CASEY'S 00000197. Defendants will produce the remaining Selected Plaintiffs' personnel files on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 4:** All documents that show time worked by Opt-ins as SMs during the relevant time period including but not limited to timesheets, schedules, time cards, forecast planners, attendance records, schedules, time-stamped documents, security logs, security badge records, card access data, computer log-on data, computer log-off data, customer order records, phone logs, bank, safe and bank deposit records, and any other documents, regardless of by whom prepared, evidencing or recording the time Opt-ins arrived at work, were on break, were at lunch, performed any work, or departed from work.

**RESPONSE:** Defendants object to this request as the terms "timesheets," "schedules," "forecast planners," "attendance records," "time-stamped documents," "security logs," "security badge records," "card access data," "computer log-on data," "computer log-off data," "customer order records," "phone logs," "bank, safe and bank deposit records," "any other documents," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants also object to this request to the extent is seeks "[a]ll documents," as such a request is inherently overbroad, seeks documents and information that are not relevant to

the party's claims and defenses, and is not proportional to the needs of the case. Defendants further object to this request to the extent it seeks sources of information that are not utilized or maintained for purposes of tracking employees' work time, as such sources of information are not relevant to the party's claims and defenses and collection and production of such sources of information are not proportional to the needs of the case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows: On November 16, 2021, Defendants produced reports reflecting time punch records for Named Plaintiff and each of the Opt-In Plaintiffs. Defendants will supplement this production, as required by Fed. R. Civ. P. 26(e) before the close of discovery.

**REQUEST NO. 5:** Email boxes, including incoming and outgoing email and all attachments, for the store email box in which all Opt-ins' worked. Calendar invites or entries are not responsive to this Request.

**RESPONSE:** Defendants object to this request as the terms "email boxes," and "store email box" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to this request on the grounds that the request for all email content sent to and from the stores in which each of the Selected Plaintiffs worked is overly broad, seeks documents and information that are not relevant to the party's claims and defenses and collection is not proportional to the needs of the case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants object to the extent this request seeks privileged

6

and confidential information protected by the attorney-client privilege and/or the attorney work product doctrine.

Notwithstanding the foregoing, Defendants respond as follows:  As noted above, Defendants have collected and will produce all available non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022.  Defendant notes that this one-week volume alone comprises almost 25,000 emails and attachments, and therefore represents a significant burden for review for both parties  Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case.

**REQUEST NO. 6:** Email boxes, including incoming and outgoing email and all attachments, for supervisors of all Opt-ins including Area Supervisors, District Manager, and Regional Managers. Calendar invites or entries are not responsive to this Request.

**RESPONSE:** Defendants object to this request as the term "email boxes" is vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to this request on the grounds that the request for all email content sent to and from the stores in which each of the Selected Plaintiffs is overly broad, seeks documents and information that are not relevant to the party's claims and defenses and collection is not proportional to the needs of the case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants object to the extent this request seeks privileged and confidential information protected by the attorney-client privilege and/or the attorney work product doctrine.

Notwithstanding the foregoing, Defendants respond as follows:  As noted above, Defendants have collected and will produce all available non-privileged email sent to and from any store email account from December 4, 2022, to December 10, 2022, a volume of almost 25,000 emails and attachments.  Defendants will meet and confer with Plaintiffs to discuss whether further review and production of additional store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case.

**REQUEST NO. 7:** Text messages and GroupMe communications to and from the District Manager and/or Area Managers and the Named Plaintiffs or Opt-ins.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents and information that are outside of Defendants' possession, custody or control because Defendants do not own or control Store Managers' mobile phones or use of communication applications, such as GroupMe; rather, this information is within Plaintiffs' possession, custody and control and may be subject to Defendants' discovery requests.  Defendants further object to this request on the grounds that the request for all text messages and GroupMe communications between District Managers or Area Supervisors and the Selected Plaintiffs seeks documents and information that are not relevant to the party's claims and defenses and collection is not proportional to the needs of the case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Based on the foregoing objections, Defendants will meet and confer with Plaintiffs regarding the scope of this request.

**REQUEST NO. 8:** All documents that show hours worked by Opt-ins, including clock-in and out records, timesheets, and schedules. Produce in Excel if exportable into Excel format.

**RESPONSE:** Defendant objects to this request as the terms "clock-in and out records," "timesheets," and "schedules" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants also object to this request to the extent is seeks "[a]ll documents," as such a request is inherently overbroad, seeks documents and information that are not relevant to the party's claims and defenses, and is not proportional to the needs of the case. Defendants further object to this request to the extent it seeks sources of information that are not utilized or maintained for purposes of tracking employees' work time, as such sources of information are not relevant to the party's claims and defenses and collection and production of such sources of information are not proportional to the needs of the case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object that this request is unnecessarily duplicative of Request for Production No. 4.

Notwithstanding the foregoing, Defendants respond as follows: On November 16, 2021, Defendants produced reports reflecting time punch records for Named Plaintiff and each of the Opt-In Plaintiffs. Defendants will supplement this production, as required by Fed. R. Civ. P. 26(e) before the close of discovery.

**REQUEST NO. 9:** All documents relating to the hours of operation at each store at which any of the Named Plaintiffs and Opt-ins worked during their employment as SMs during the relevant time period.

**RESPONSE:** Defendants object to this request to the extent is seeks "[a]ll documents," as such a request is inherently overbroad, seeks documents and information that are not relevant to the party's claims and defenses, and is not proportional to the needs of the case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such

ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will produce documents reflecting the current hours of operation for each store where the Selected Plaintiffs worked as Store Managers.

**REQUEST NO. 10:** All documents that provide checklists and assignments for Store Managers, Area Managers, District Managers.

**RESPONSE:** Defendants object to this request as the terms "checklists," and "assignments," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to this request to the extent is seeks "[a]ll documents," as such a request is inherently overbroad, seeks documents and information that are not relevant to the party's claims and defenses, and is not proportional to the needs of the case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will search for responsive documents applicable to the Selected Plaintiffs and their District Managers and/or Area Supervisors. To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 11:** Performance reviews of District Managers and Area Managers of the Named Plaintiffs and Opt-in Plaintiffs.

**RESPONSE:** Defendants object to this request on the grounds that it is overbroad because this request is not limited in terms of time. Defendants further object that the documents

and information sought by this request are not relevant to the parties' claims and defenses, and this request is not proportional to the needs of this case. Defendants further object to this request as overbroad because it is not limited in time. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants also object to this interrogatory on the grounds that it seeks private information of third parties to this litigation, which is protected by the Federal or state Constitutions or common law privacy principles.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will search for and produce performance reviews for the Selected Plaintiffs' District Managers and/or Area Supervisors during the limitations periods applicable to the Selected Plaintiffs' claims. Defendants will produce responsive documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 12:** Documents evidencing the wages paid to all Named Plaintiffs and Opt-ins, the number of hours they worked, deductions from their compensation, while employed as SMs during the relevant time period. Produce in Excel if exportable into Excel format.

**RESPONSE:** Defendants object to this request to the extent it seeks production of information in a form or format other than that maintained by Defendants. Defendants also object to this interrogatory to the extent it seeks production of information related to Opt-In Plaintiffs whose claims are time-barred.

Notwithstanding the foregoing, Defendant responds as follows: On November 16, 2021, Defendants produced reports reflecting time punch and compensation records for Named Plaintiff and each of the Opt-In Plaintiffs. Defendants will supplement this production, as required by Fed. R. Civ. P. 26(e) before the close of discovery.

**REQUEST NO. 13:**  All documents related to any disciplinary action Opt-ins may have taken or initiated regarding another employee while employed by Defendant as SM during the relevant time period.

**RESPONSE:**  Defendants object to this request as the terms "taken" and "initiated" are vague, ambiguous, overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants also objects to the phrase "[a]ll documents," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to this request to the extent that it seeks documents protected by the constitutional right to privacy of Defendants' past and current employees and other third-party non-litigants.

Based on the foregoing objections, Defendants will meet and confer with Plaintiffs for purposes of discussing a reasonable scope for this request in light of the disproportionate burden this request seeks to place on Defendants.

**REQUEST NO. 14:**  All performance evaluations prepared or completed by Opt-in during the relevant time period, as SM, regarding any employee of Defendant.

**RESPONSE:** Defendants also objects to the phrase "[a]ll performance evaluations," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants

further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to this request to the extent that it seeks documents protected by the constitutional right to privacy of Defendants' past and current employees and other third-party non-litigants.

Based on the foregoing objections, Defendants will meet and confer with Plaintiffs for purposes of discussing a reasonable scope for this request in light of the disproportionate burden this request seeks to place on Defendants.

**REQUEST NO. 15:** Produce documents or communications from the stores indicating the actual amount of time taken to complete a project or planogram.

**RESPONSE:** Defendants object to this request as the terms "project" and "planogram" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants also object to this request on the grounds that it is overbroad, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to

13

Defendants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 16:** Produce organization charts of Defendants' operations and/or its subparts.

**RESPONSE:** Defendants object to this request as the terms "organization charts," "Defendants' operations" and "subparts" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants respond as follows: Defendants refer Plaintiff to the document previously produced at CASEY'S 00008247. Defendants will search for and produce additional responsive documents, to the extent such documents exist and can be

14

located on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 17:** Produce maps of Defendants' Region(s), District(s), Area(s) and/or the geographic depictions of its organization's subparts.

**RESPONSE:** Defendants object to this request as the terms "maps," "Area(s)," "geographic depictions" and "organization's subparts" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will search for and produce additional responsive documents, to the extent such documents exist and can be located on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 18:** Emails sent to all stores, all stores in a region or all stores in a district.

**RESPONSE:** Defendants also object to this request on the grounds that it is overbroad, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue

15

burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022.  Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case.

**REQUEST NO. 19:**  All complaints made by Store Managers related to wage and hour issues.

**RESPONSE:**  Defendants object to this request as the terms "complaints" and "wage and hour issues" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).    Defendants also object to this request on the grounds that it is overbroad, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any, exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants will search for complaints, if any, made by Store Managers relative to their exempt classification from

overtime during the limitations period applicable to this case. To the extent such documents exist and can be located, Defendants will produce responsive documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 20:**  Emails to/from the District or Area Manager regarding store walks or visits, process validation reports, self-evaluation reports, mystery shopper reports for all supervised stores.

**RESPONSE:**  Defendants object to this request as the terms "Area Manager," "store walks," "visits," "process validation reports," "self-evaluation reports," "mystery shopper reports," and "supervised stores" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants also object to this request on the grounds that it is overbroad, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022.  Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case.

**REQUEST NO. 21:**  All performance evaluations for stores in which Opt-ins' worked, including process validation reports, self-evaluation reports, mystery shopper reports.

**RESPONSE:**  Defendants object to this request as the terms "performance evaluations for stores," "process validation reports," "self-evaluation reports," and "mystery shopper reports" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants will produce the Selected Plaintiffs' performance evaluations on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.  Additionally, Defendants will meet and confer with Plaintiffs for purposes of discussing a reasonable scope for this request in light of the vague nature of the request and the disproportionate burden this request seeks to place on Defendants.

**REQUEST NO. 22:**  All documents and communications provided to Opt-ins regarding: interviewing, hiring, staffing levels, termination of employees, discipline of employees, setting/negotiating/adjusting employees' rates of pay, promoting employees, demoting employees, training employees, preparation of performance evaluations, supervising employees, handling employee or customer complaints, safety procedures, scheduling, setting up of displays (including planograms and endcaps) and labor/budgeting.

**RESPONSE:** Defendants object to this request as the term "planograms" is vague, ambiguous, and overly broad and fails to "describe with reasonable particularity each item or

18

category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants also objects to the phrase "[a]ll documents," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 23:** Produce documents relating to Named Plaintiffs' and Opt-Ins' discretionary authority or ability to exercise discretion and independent judgment, including but not limited to Named Plaintiffs' and Opt-Ins' ability to schedule, hire, fire, discipline, promote, change pay rates of, and conduct performance reviews of other employees.

19

**RESPONSE:** Defendants object to this request insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant objects to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, as noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Additionally, Defendants will produce all available

and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 24**:   Produce documents relating to wages, salaries, commissions, compensation methods, compensation plans and/or bonuses for the SMs position, including but not limited to compensation plans, sales plans, and commission plans and hours of work expected for SMs.

**RESPONSE:** Defendants object to this request as the terms "compensation methods," "compensation plans," "sales plans," and "commission plans," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).   Defendants further object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.   Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.   Defendants further objects to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.   Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows:   On November 16, 2021, Defendants produced reports reflecting time punch and compensation records for Named Plaintiff and each of the Opt-In Plaintiffs.   Defendants will supplement this production, as required by Fed. R. Civ. P. 26(e) before the close of discovery.

**REQUEST NO. 25**:  Produce documents relating to SMs' authority to formulate, affect, interpret, or implement Defendants' management policies or operating procedures, including but limited to documents relating to SMs' involvement in planning long or short-term business

21

objectives for Defendants and documents relating to SMs' authority to negotiate on behalf of Defendants or contractually bind Defendants.

**RESPONSE:** Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows: Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, as noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Additionally, Defendants will produce all available and documents sent to Casey's stores

utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 26**:  All documents related to and used to calculate the labor budgets at stores in each Named Plaintiffs or Opt-ins' worked, including, but not limited to, documents that refer to setting labor budgets, description of labor budgets, individual responsible for setting or determining labor budgets, and/or practice or policy for exceeding labor budgets assigned to stores.

**RESPONSE:** Defendants object to this request as the phrases "description of labor budgets" "individual responsible for setting or determining labor budgets," and "practice or policy for exceeding labor budgets assigned to stores" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants also object to the phrase "[a]ll documents," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022.  Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants,

the parties' claims and defenses and the needs of the case.  Additionally, as noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 27**:  Documents that relate to the size, type, classification by offerings, and/or model of stores operated by Defendant in which SMs' work.

**RESPONSE:** Defendants object to this request as the terms and phrases "type," "classification by offerings" and "model of stores" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants also object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will collect and produce documents responsive to this request, to the extent such documents exist and can be located on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 28**: Documents related to Defendants' dashboards used by Area Supervisors.

**RESPONSE:** Defendants object to this request as the term "dashboards" is vague, ambiguous, and overly broad and fails to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants also object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will meet and confer with Plaintiffs regarding the information sought and the scope of this request.

**REQUEST NO. 29**: Documents with directives on marketing, ordering, and pricing of products in stores, including but not limited to planograms ad set, store layouts and the like.

**RESPONSE:** Defendants object to this request as the terms "directives," "planograms ad set," "store layouts," and "the like" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as

required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants also object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows: Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022 and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, as noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 30**:  All documents Defendant will use in a deposition of any Opt-in Plaintiff.

**RESPONSE:** Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendant responds as follows:  Defendants will produce document it intends to use as exhibits during depositions of any Opt-In Plaintiff in advance of the depositions.

**REQUEST NO. 31**:  All documents reflecting the rates of pay and hours worked of any employees employed at the stores at which Opt-in Plaintiffs were employed as SMs during the relevant time period.

**RESPONSE:** Defendants object to the phrase "[a]ll documents," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period during which the Opt-in Plaintiffs held the SM position.  Defendants object to this request to the extent that it seeks documents protected by the constitutional right to privacy of Defendants' past and current employees and other third-party non-litigants.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will collect and produce documents reflecting the rates of pay and hours work by employees in the stores where the Selected Plaintiffs worked as SMs while the Selected Plaintiffs held the SM position during the limitations period applicable to their claims.  Defendants will produced documents responsive to this request on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

27

**REQUEST NO. 32**:  Produce documents relating to Defendants' defenses, either affirmative defense or otherwise, including documents relating to Defendants' defenses that they did not act willfully and acted in good faith for purposes of the FLSA. This Request is not limited to the Relevant Time.

**RESPONSE:**  Defendants object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period during which the Opt-in Plaintiffs held the SM position.  Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants will collect and produce documents responsive to this request, to the extent such documents exist and can be located on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 33**:  Produce documents relating to reports or complaints, whether formal or informal, or written or verbal, by or on behalf of SMs regarding wage and hour issues, including but not limited to Defendants' failure to pay for all hours worked, during the relevant time period.

**RESPONSE:** Defendants object to this request as the terms and phrases "reports or complaints," "formal or informal," "on behalf of," and "wage and hour issues," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants also object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this

matter and is disproportionate to the needs of this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants object to this request to the extent that it seeks documents protected by the constitutional right to privacy of Defendants' past and current employees and other third-party non-litigants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will search for complaints, if any, made by Store Managers relative to their exempt classification from overtime during the limitations period applicable to this case. To the extent such documents exist and can be located, Defendants will produce responsive documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 34**: Produce documents, relating to any federal or state lawsuit or administrative action filed by an SMs or administrative agency against Defendants relating to any wage and hour claim relating to SMs during the relevant time period.

**RESPONSE:** Defendants object to this request as the terms "administrative action," "administrative agency," and "wage and hour claim" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be

noted on a privilege log.  Defendants further object to the extent Plaintiff seeks documents that are public record.

Notwithstanding the foregoing, Defendants respond as follows:  Plaintiffs are already aware of the case captioned *Summer Kessler v. Casey's General Stores, Inc.*, *et al.* venued in the Southern District of Illinois and are in possession of documents related to this case.  Other than documents related to this case, Defendants are not in possession, custody or control of documents responsive to this request.

**REQUEST NO. 35**:  Produce documents relating to the classification of SMs as exempt or non-exempt from entitlement to overtime pay under state and federal law, including but not limited to: internal communications relating to the classification of SMs as exempt or non-exempt employees and their entitlement to overtime pay; and documents between Defendants and any advisor or consultant (including wage and hour audits) relating to the classification of SMs as exempt or non-exempt employees and their entitlement to overtime pay; and documents relating to studies (including time studies, observational studies, and time and motion studies), data, reports, evaluations, research, and/ recommendations regarding workload limits or guidelines for SMs.  This Request is not limited to the Relevant Time.

**RESPONSE:**  Defendants object to this request as the terms "internal communications," "advisor," "consultant," "wage and hour audits," "studies," "time studies," "observational studies," "time and motion studies," "data," "reports," "evaluations," "research," "recommendations," "workload limits," and "guidelines" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period

relevant to this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows:  As noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Defendants have not conducted time studies, observational studies, time and motion studies or any audits related to the Store Manager position.

**REQUEST NO. 36**:  All documents related to the decision to change the salary for SMs in 2016.

**RESPONSE:** Defendants object to this request as the phrase "decision to change the salary for SMs" is vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the phrase "[a]ll documents," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows:  As noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians' identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Defendants have not conducted time studies, observational studies, time and motion studies or any audits related to the Store Manager position.  Defendants will search for additional documents responsive to this request.  To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 37**:  Produce opinions sought or received by Defendants from any state or federal governmental entities (including but not limited to the Department of Labor) relating to whether SMs should be classified as exempt or non-exempt from overtime pay requirements under state or federal overtime laws. This Request is not limited to the Relevant Time.

**RESPONSE:**  Defendants object to this request as the term "opinions" is vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants do not have any responsive documents in their possession, custody, or control and will therefore not be producing any documents in response to this request.

**REQUEST NO. 38**:    Produce documents relating to Defendants' internal communications and communications with others regarding this Lawsuit, including documents relating to declarations, affidavits, and/or statements (written, recorded, sworn, or otherwise)

made by anyone relating to the subject matter of this action. This demand is not seeking attorney-client privileged communications.

**RESPONSE:** Defendants object to this request as the terms and phrases "internal communications," "communications with others," "statements," and "otherwise," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows: Defendants have previously produced declarations from witnesses related to this lawsuit. To the extent additional declarations are obtained, Defendants will produce them.

**REQUEST NO. 39**: Produce documents relating to expert reports about the subject matter of this Lawsuit including but not limited to drafts, notes, and e-mail sent to or from any expert that is not privileged.

**RESPONSE:** Defendants object to this request as the terms "drafts" and "notes" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log. Defendants further object to the extent this request calls for a legal conclusion.

Notwithstanding the foregoing, Defendants respond as follows: Defendants do not have any responsive documents in their possession, custody, or control and will therefore not be producing any documents in response to this request.

33

**REQUEST NO. 40**:  Produce documents obtained pursuant to subpoena, release, or authorization relating to this Lawsuit.

**RESPONSE:** Defendants object to this request as the terms "release" and "authorization" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).

Notwithstanding the foregoing, Defendants respond as follows:  Defendants do not have any responsive documents in their possession, custody, or control and will therefore not be producing any documents in response to this request.

**REQUEST NO. 41**:  Produce any commutations to employees about this Lawsuit.

**RESPONSE:** Defendants object to this request as the terms "commutations" is vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants do not have any non-privileged responsive documents in their possession, custody, or control and will therefore not be producing any documents in response to this request.

**REQUEST NO. 42**:  All planograms and communicating or detailing deadlines or timeframes related to planograms.

**RESPONSE:** Defendants object to this request as the terms "planograms," "deadlines," and "timeframes" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants further object to the extent this request seeks the disclosure

of private, confidential, and/or proprietary business information.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants also object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.   Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows:   Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022.   Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case.   Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case.

**REQUEST NO. 43**:  All training materials for applicable to all Store Managers.

**RESPONSE:**  Defendants object to this request as the term "training materials" is vague, ambiguous, and overly broad and fails to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the phrase "[a]ll training materials," insofar as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants further object to the extent this request

35

seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants refer to the training materials applicable to Store Managers previously produced at CASEY'S 00012786 – CASEY'S 00013190.    Defendants will search for additional documents responsive to this request.  To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 44**:  All documents to be used by Defendants in support of motion practice or at trial.

**RESPONSE:** Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants will identify all document they intend to utilize as exhibits in support motions or at trial as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 45**:  Documents supporting, negating, or otherwise relating to any affirmative defenses relied upon by Defendant and/or as set forth in Defendant's Answer to Complaint. This Request is not limited to the relevant time period.

**RESPONSE:** Defendants object to this request as the terms "supporting," "negating," and "otherwise relating to," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants object to the extent this request seeks

privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows: Defendants refer Plaintiff to the documents previously produced. Defendants will search for additional documents responsive to this request. To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 45**: Documents supporting, negating or otherwise relating to Defendant's contention that Store Managers are not similarly situated, including but not limited to documents relating to any differences in Defendant's locations affecting Store Managers' duties and responsibilities.

**RESPONSE:** Defendants object to this request as the terms "supporting," "negating," "otherwise relating to," and "similarly situated," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows: Defendants refer Plaintiff to the documents previously produced. Defendants will search for additional documents responsive to this request. To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 47**:  Produce all documents that constitute, reflect, pertain or refer to the time spent by Store Managers on exempt and non-exempt tasks, whether absolutely or comparatively including but not limited to Casey's way activities, Training Materials for all SMs, layouts, handbooks, tasks to be completed; tasks with due dates; layouts, planograms and updates; new items/projects; food temperatures, check lists, monthly action plans, matrix(es), conference call topics, and planogram changes.

**RESPONSE:** Defendants object to this request as the terms and phrases "exempt and non-exempt tasks," "absolutely," "comparatively," "Casey's way activities," "layouts," "handbooks," "tasks to be completed," "tasks with due dates," "planograms," "updates," "new items/projects," "food temperatures," "check lists," "monthly action plans," "matrix(es)," "conference call topics," and "planogram changes" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants object that the request for "[a]ll documents" as it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendant objects to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.  Defendants object that this request calls for a legal conclusion.

Notwithstanding the foregoing, Defendants respond as follows: Defendants refer Plaintiff to the documents previously produced. Additionally, Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case. Defendants will search for additional documents responsive to this request. To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 48**: All SM job descriptions and job postings for the stores and/or districts in which the Named Plaintiffs and Opt-in Plaintiffs worked, drafts of the SM job descriptions and job postings, and job descriptions for the Regional Manager position.

**RESPONSE:** Defendants object to this request as the terms "Regional Manager position" and "job postings" are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log. Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case. Defendants object to this

request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendant objects to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.

Notwithstanding the foregoing, Defendants respond as follows:   Defendants refer Plaintiff to the documents previously produced. Defendants will search for additional documents responsive to this request.  To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 49**:  Documents relating to the procedures that Store Managers are required or recommended to undertake in performing any job, task, assignment, duty or function, including but not limited to documents indicating instructions, guidelines, processes, procedures, policies, manuals, protocols, scripts or checklists Store Managers are required or recommended to follow.  This request includes, but is not limited to, policies and procedures concerning merchandising, operations, marketing, advertising, setting prices for products, deliveries, ordering stock, gasoline, and supplies, safety, loss prevention, security, asset protection, human resources matters, cash handling, cash register duties, cleaning, hours of operation, holiday schedules, and labor budgets.

**RESPONSE:** Defendants object to this request as the terms "procedures," "function," "protocols," "scripts," "checklists," "safety," "human resources matters," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A).  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants.  Defendants further object to the

extent this request seeks the disclosure of private, confidential, and/or proprietary business information.

Notwithstanding the foregoing, Defendants respond as follows:  Defendants refer Plaintiff to documents previously produced. Defendants will search for additional documents responsive to this request. To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 50**:  Documents that constitute, reflect, pertain or refer to the following information for each of the non-exempt employees who worked in the locations where Plaintiff and Opt-Ins worked as Store Managers during the time they were employed as Store Managers:

b.    wage rates;

c.    salary rates;

d.    bonuses;

e.    overtime rates;

f.    dates of employment;

g.    total hours worked during each week of employment; and

h.    total wages paid for each week worked.

**RESPONSE:** Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in this matter and is disproportionate to the needs of this case.  Specifically, non-exempt employees' bonuses, overtime rates, and total wages paid each week worked are not relevant to the claims or defenses in this matter.  Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case.  Defendants object to this request to the extent that it

41

seeks documents protected by the constitutional right to privacy of Defendants' past and current employees and other third-party non-litigants.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will produce documents reflecting the wage rates, dates of employment, and total hours worked for each workweek for non-exempt employees' who reported to the Selected Plaintiffs within the limitations period applicable to the Selected Plaintiffs' claims and during the time frame that the non-exempt employees reported to the Selected Plaintiffs. Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

**REQUEST NO. 51**: Documents that constitute, reflect, pertain or refer to the Opt-Ins', as Store Managers, discretionary authority or lack thereof, including but not limited to documents relating to regulations or limitations affecting Opt-Ins', as Store Managers, ability to exercise discretion and/or independent judgment, including but not limited to their ability to hire, fire and/or discipline employees.

**RESPONSE:** Defendants object to this request as the terms and phrases "discretionary authority or lack thereof" and "regulations," are vague, ambiguous, and overly broad and fail to "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rules of Civil Procedure 34(b)(1)(A). Defendants object to this request on the grounds that it is overbroad and disproportionate to the needs of this case to the extent it seeks documents that are not applicable to the time period relevant to this case. Defendants object to this request to the extent that it seeks the production of ESI on the grounds that such ESI, if any exists at all, may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendants. Defendants further object to the extent this request seeks the disclosure of private, confidential, and/or proprietary business information. Defendants object to this request to the extent that it seeks documents protected by the constitutional right to privacy of Defendants' past and current employees and other third-party non-litigants.

Defendants object to the extent this request seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine and any documents withheld on this basis will be noted on a privilege log.

Notwithstanding the foregoing, Defendants respond as follows: Defendants have collected and will produce all non-privileged email sent to and from any store email account from December 4, 2022, and December 10, 2022. Defendants will meet and confer with Plaintiffs to discuss whether further review and production of store email is necessary considering the enormous burden collection and production of store email places on Defendants, the parties' claims and defenses and the needs of the case. Additionally, as noted above, Defendants have applied the requested search terms to the electronically stored documents and information of the individual custodians identified in the section titled "AM/DM/RM CUSTODIANS" of Attachment B to Plaintiffs' requests and will produce non-privileged responsive documents as a result of the review documents responsive to those search terms. Additionally, Defendants will produce all available and documents sent to Casey's stores utilizing ThinkTime and ServiceNow applications during the limitations period applicable to this case. Defendants will search for additional documents responsive to this request. To the extent such documents exist and are located, Defendants will produce such documents on a rolling basis and anticipate completing their production of documents on or before January 31, 2024.

Date:  October 16, 2023

Respectfully submitted,

*s/John H. Lassetter*

John H. Lassetter (MN #0389009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
E-mail:  jlasstter@littler.com

Brian L. Mosby (#26096-29)
**LITTLER MENDELSON, P.C.**
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
Facsimile:  317.636.0712
E-mail: bmosby@littler.com

*Attorneys for Defendants*

4870-0873-6334.7 / 091581-1001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JOY McCOLLEY, on behalf of herself and all others similarly situated,**<br><br>     Plaintiffs,<br><br>          v.<br><br>**CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,**<br><br>     Defendants. | Case No.2:18-cv-00072 |

## ANSWERS TO PLAINTIFF JOY MCCOLLEY'S
## SECOND SET OF INTERROGATORIES

TO:   Plaintiff Joy McColley and her attorneys, Gregg I. Shavitz, Camar Jones and Loren B. Donnell, Shavitz Law Group, P.A., 951 Yamato Rd, Suite 285, Boca Raton, FL 33431; Michael Palitz, Shavitz Law Group, P.A., 830 3rd Avenue, 5th Floor, New York, NY 10022; Marc S. Hepworth, Charles Gershbaum, David A. Roth and Rebecca S. Predovan, Hepworth, Gershbaum & Roth, PLLC, 192 Lexington Avenue, Suite 802, New York, New York 10016; and Richard E. Shevitz and Scott Gilchrist, Cohen & Malad, LLP, One Indiana Square Suite 1400, Indianapolis, Indiana 46204.

Defendants Casey's General Stores, Inc., Casey's Marketing Company and Casey's Retail Company (collectively "Defendants" or "Casey's") object and answer Plaintiff Joy McColley's ("Plaintiff") Second Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Pursuant to the Parties' Stipulated Representative Discovery Plan (Doc. 259), unless otherwise noted, Defendants will limit their responses to these interrogatories to information and documents related to Plaintiff Joy McColley, Opt-In Plaintiff Melinda Korte, and the 75 Opt-In Plaintiffs selected pursuant to the method outlined in the Discovery Plan (hereinafter collectively referred to as the "Selected Plaintiffs").

## RESPONSES TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

1.      Some of Plaintiff's instructions, definitions, and interrogatories, including Definitions "e" and "p", purport to seek or require Casey's to produce or provide information that is not within Casey's possession, custody, or control.  Unless otherwise stated, Defendants shall construe these interrogatories to only require Defendants to use reasonable diligence to locate responsive information based on a review of Defendants' files in which such information ordinarily would be expected to be located.

2.      The definition of "Store Managers" or "SM" as stated in Definition "c" is overbroad, vague, ambiguous, and premature as it relates to individuals other than Plaintiff and current opt-in plaintiffs.

3.      Plaintiff's definitions of "Defendants," "You," "Your" and "Yourself" as provided in Definition "e" are overbroad.  Plaintiff defines "Defendants," "You," "Your" and "Yourself" to include advisors and attorneys, specifically "Defendants, and all of their subsidiaries, agents, directors, representatives, employees, servants, supervisors, managers, affiliates, subsidiaries, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on their behalf."  Defendants shall construe the terms "Defendants," "You," "Your," and "Yourself" to only mean Casey's Marketing Company.

4.      The terms "related to," "relating to," "concerning," "regarding," or "pertaining to" in Definition "n" are vague, ambiguous, overbroad, and unduly burdensome because, as defined, they incorporate nine (9) additional terms.

## ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 8:** Identify the Area Manager, District Manager, and Regional Manager for each Opt-in Plaintiff and provide each Area Manager's, District Manager's and Regional Manager's dates of employment with Defendant, home address, telephone number, and email address.

2

**ANSWER:** Defendants object that the terms "Area Manager" and "Regional Manager" are vague and ambiguous because Defendants do not utilize these job titles. Defendants have previously utilized the job title Area Supervisor and currently utilizes the job title Region Director. Defendants object to the term "identify," as defined by Plaintiff, and the interrogatory as phrased, insofar as it is overbroad and seeks unnecessary categories of personal identifying information. Defendants also object to this interrogatory on the grounds that it seeks private information of third parties to this litigation, which is protected by the Federal or state Constitutions or common law privacy principles. Defendants also object to this interrogatory on the grounds that it is overbroad, not relevant to any party's claims or defenses, and not proportional to the needs of the case, to the extent it is not limited in time to the period during which each Selected Plaintiff worked as a Store Manager.

Notwithstanding the foregoing, Defendants respond as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce documents that identify each Selected Plaintiffs' Area Supervisor(s), District Manager(s) and/or Region Director(s) during the period he or she was a Store Manager. Each of the individuals identified may be contacted through counsel.

**INTERROGATORY NO. 9:** Identify all employees who worked in stores with Named Plaintiffs and each Opt-in Plaintiff and provide each person's dates of employment with Defendant, the positions they held during their employment with Defendant, the store they worked in, their hourly rate of pay in each position held, their hours worked on a weekly basis in each position held during their employment, their home address, telephone number, and email address.

**ANSWER:** Defendants object to the term "identify," as defined by Plaintiff, and the interrogatory as phrased, insofar as it is overbroad and seeks unnecessary categories of personal identifying information. Defendants also object to this interrogatory on the grounds that it seeks private information of third parties to this litigation, which is protected by the Federal or state Constitutions or common law privacy principles. Defendants also object to this interrogatory on

the grounds that it is overbroad, not relevant to any party's claims or defenses, and not proportional to the needs of the case, to the extent it is not limited in time to the period during which each Selected Plaintiff worked as a Store Manager.

Notwithstanding the foregoing, Defendants respond as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce documents identifying the employees who worked in the same stores as each of the Selected Plaintiffs while they were Store Managers. These documents will identify each employees' store location(s), position(s) held, and rate(s) of pay, while they reported to the Selected Plaintiffs in the Store Manager position. These documents will also provide each hourly employees' personal contact information, to the extent Defendants have such in their possession, custody and control. Defendants will also separately produce reports reflecting the hours worked by employees on a weekly basis in the stores where the Selected Plaintiffs held the Store Manager position and for the period the Selected Plaintiffs held the Store Manager position.

**INTERROGATORY NO. 10:** Labeled by each Named Plaintiff and Opt-in Plaintiff: list each store number, location (including city and state), and the hours of operation of each store at which the Named Plaintiffs and Opt-in Plaintiffs worked during their employment as SMs, the dates those hours of operation were in effect if it changed over time, and the Area Manager, District Manager, and Regional Manager over each store and time period each held the position if this changed over time.

**ANSWER:** Defendants object that the terms "Area Manager" and "Regional Manager" are vague and ambiguous because Defendants do not utilize these job titles. Defendants have previously utilized the job title Area Supervisor and currently utilizes the job title Region Director.

Notwithstanding the foregoing, Defendants respond as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce documents identifying the store number, location and hours of operations for the stores where the Selected Plaintiffs worked as Store Managers and documents

4

reflecting the stores where each Selected Plaintiff worked as a Store Manager.  Each Selected Plaintiffs' Area Supervisors, District Managers and/or Region Directors will be identified pursuant to Defendants' response to Interrogatory No. 8.

**INTERROGATORY NO. 11:**  Provide on a weekly basis for each Named Plaintiff and Opt-in, including: (a) pay date and range, (b) salary; (b) weekly pay, (c) hours worked, (d) deductions, (e) bonuses, (f) any other renumeration, including vacation, sick and paid time off.

**ANSWER:** Defendants object to this interrogatory to the extent it seeks production of information in a form or format other than that maintained by Defendants.  Defendants also object to this interrogatory to the extent it seeks production of information related to Opt-In Plaintiffs whose claims are time-barred.

Notwithstanding the foregoing, Defendants respond as follows:  On November 16, 2021, Defendants produced reports reflecting time punch and compensation records for Named Plaintiff and each of the Opt-In Plaintiffs.  Defendants will supplement this production, as required by Fed. R. Civ. P. 26(e) before the close of discovery.

**INTERROGATORY NO. 12:**  Identify all individual(s) employed by Defendant and tasked with the responsibility of determining the amount of time work assigned to the store will take and the individual(s) that determine the number of budgeted hours needed by each store to complete its assigned work and customer load.

**ANSWER:** Defendants object that the terms "assigned work" and "customer load" are vague and ambiguous and, as a result, improperly require Defendants to guess Plaintiff's intended meanings.  Defendants object to the term "identify," as defined by Plaintiff, and the interrogatory as phrased, insofar as it is overbroad and seeks unnecessary categories of personal identifying information.  Defendants also object to this interrogatory on the grounds that it seeks private information of third parties to this litigation, which is protected by the Federal or state Constitutions or common law privacy principles.  Defendants object to this interrogatory on the grounds it is overly broad, not relevant to any party's claims or defenses, and not proportional to

5

the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits.

Notwithstanding the foregoing, Defendants respond as follows: Currently, no particular individual is responsible for determining store labor forecasts. The Store Operations and Operations Support departments develop labor forecasts for each store utilizing a variety of business intelligence tools and metrics. Previously, Area Supervisors and District Managers would review each store's labor budget twice a year. Region Manager approval was required to increase a store's labor budget.

**INTERROGATORY NO. 13:** Identify all documents to be used by Defendants in support of its defenses at trial.

**ANSWER:** Defendants object to the extent this interrogatory seeks privileged and confidential information pursuant to the attorney-client privilege and/or the attorney work product doctrine. Defendants also object to this interrogatory as premature, as discovery is ongoing, and Defendants have not yet determined which documents it intends to identify as exhibits and utilize at trial.

Notwithstanding the foregoing, Defendants respond as follows: Defendants will identify trial exhibits as required by the Federal Rules of Civil Procedure and applicable Court orders.

**INTERROGATORY NO. 14:** Identify all individuals that evaluate the hours and number of consecutive days worked by store employees, as well as the different duties performed by each job title employed by Casey's in its stores.

**ANSWER:** Defendants object that the phrase "evaluate the hours and number of consecutive days worked by store employees" is vague and confusing. Defendants object to the term "identify," as defined by Plaintiff, and the interrogatory as phrased, insofar as it is

6

overbroad and seeks unnecessary categories of personal identifying information.  Defendants also object to this interrogatory on the grounds that it seeks private information of third parties to this litigation, which is protected by the Federal or state Constitutions or common law privacy principles.  Defendants object to this interrogatory on the grounds it is overly broad, not relevant to any party's claims or defenses, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits.

Notwithstanding the foregoing, Defendants respond as follows:  No particular individual is responsible for monitoring the hours worked by store employees or the duties and responsibilities performed each store employees.  The Store Operations department, in conjunction with the Human Resources department, is responsible for determining the duties and responsibilities assigned to each position within the store.

Date:  October 16, 2023

Respectfully submitted,

*s/John H. Lassetter*

John H. Lassetter (MN #0389009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
E-mail:  jlasstter@littler.com

Brian L. Mosby (#26096-29)
**LITTLER MENDELSON, P.C.**
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
Facsimile:  317.636.0712
E-mail: bmosby@littler.com

*Attorneys for Defendants*

## VERIFICATION

Nan Thomae being first duly sworn, deposes and states as follows:

I solemnly swear that neither I nor any single employee of Defendants, to my knowledge, has personal knowledge of all of the information contained in the foregoing Answers, that I and other employees of Defendants have made a diligent search of information available to provide the foregoing Answers, and that the foregoing Answers are true and accurate to the best of my knowledge and belief based on the information available at the time the Answers were provided.

Nan Thomae
Vice President of Human Resources, Field Operations

4861-7332-9483.4 / 091581-1001

8