**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| NANCY WHITE, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,<br><br>      Defendants. | Case No.: 2:18-CV-00072 (DRL) (JEM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FULL
RESPONSES TO DISCOVERY AND FOR SANCTIONS**

Plaintiff Nancy White and all Opt-In Plaintiffs (hereinafter "Plaintiffs") file this Opposition to Defendant' Motion to Compel Full Responses to Discovery and for Sanctions and state as follows.

## I.      INTRODUCTION

Plaintiffs Nancy White and the Opt-In Plaintiffs (collectively, "Plaintiffs") respectfully submit this opposition to Defendants' Motion to Compel Full Responses to Discovery and for Sanctions. Defendants' motion represents an exercise in opportunism and gamesmanship that ignores both the procedural history of this case and the prior rulings of this Court. Although Defendants now claim to be unsatisfied with written discovery responses, they waited nearly two years after the service of those requests to bring this motion, a delay for which they offer no reasonable explanation. Furthermore, Defendants have moved to compel despite their own failure to produce the ESI they owe to Plaintiffs, which was necessary to properly prepare witnesses for the very depositions at issue.

The motion should be denied because Defendants have effectively waived their right to seek this discovery by delaying action for years. Their request is further undermined by the fact that they are once again seeking to compel a "trial plan" through a discovery mechanism—an application this Court already denied during the December 8, 2022, conference. Regarding the specific individuals named in the motion, many of the issues raised are now moot because those Opt-Ins have either already provided the requested responses, withdrawn from the action entirely, or are currently non-responsive despite Plaintiffs' Counsel's significant and concerted outreach efforts.

Defendants' request for sanctions regarding the depositions of Lynn Jeffress and Clara Flowers is inappropriate premature and fails to provide the details of Defendants' own conduct, as Defendants unilaterally noticed these dates and refused to reschedule them despite being warned that the witnesses would not be appearing. This unilateral setting up of depositions is unworkable, Plaintiffs' Counsel has agreed to every adjournment Defendants have asked for since the beginning of this matter and it is important for counsel to work together to provide dates that are mutually convenient to everyone unless there is a pending motion, dispute or Court Order precluding the ability of the parties to offer common litigation courtesies.

Finally, Casey's claims that Plaintiffs are withholding documents on the basis of a privilege objection which is pure speculation for which Defendants should themselves be sanctioned as the result is making a spurious motion. Plaintiffs are not withholding any documents based on privilege, and the limited volume of documents produced by Opt-ins simply reflects that Casey's maintains nearly all relevant employment records and has strict policies against employees taking such materials home. Because the responses provided are reflective of the Opt-Ins' similar

experiences and the limited materials in their possession, the Court should deny Defendants' motion in its entirety.

## II. PERTINENT PROCEDURAL BACKGROUND

On February 16, 2018, Plaintiffs filed this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), against Casey's, for failure to pay overtime compensation to its retail employees known as Store Managers ("SMs") for the hours they work in excess of forty (40) in a workweek, due to Casey's misclassification of SMs as exempt. Dkt. No. 1.

This action was conditionally certified on March 31, 2021, and while 1,916 individuals joined this action, only 1,508 of these individuals were determined to have timely claims, following this Court's decision on equitable tolling. ECF Nos. 237, 255.

On March 31, 2023, the parties presented to the Court their Stipulated Representative Discovery Plan. ECF No. 259. On April 6, 2023, the Court entered an ordered granting the parties' Stipulation. *See* ECF No. 260. The Representative Discovery Plan provides, in relevant part that: 75 Opt-ins would be selected to respond to Defendants' written discovery requests and that Defendants could take the deposition of up to 30 of these Opt-ins, with a 4-hour limit for each. ECF No. 259 ¶ 4, 6. The Opt-ins selected for Representative Discovery are referred to herein as "Representative Plaintiffs." The Representative Plaintiffs responded to Defendants' discovery on a rolling basis beginning on October 16, 2023. Plaintiffs, received and responded to these discovery request in October and November of 2023. Casey's never addressed any purported discovery issues for over two years.

Significantly, Defendants served deposition notices for Jewelya Boyd, Tabetha Ciechna, Deann Skinner, and now have stated for the first time, months after they were noticed for

deposition, that they are unsatisfied with their written discovery responses. The Discovery Opt-Ins generally do not have many responsive documents because Casey's maintains the documents which are relevant to the case in Casey's own systems – including policies, procedures, electronic messages and the like. The Opt-Ins have had significantly similar experiences to one another as Store Managers and as a result their responses are largely duplicative of one another, and the Opt-Ins quite simply do not have a significant amount of discovery that is responsive to these requests. By and large the party that has and continues to maintain discovery related to the Discovery Opt-ins and their employment is Casey's. This is why in full disclosure to the Court; Plaintiffs have held off in producing Opt-ins for depositions in this action. Plaintiffs have been conferring with Defendants about ESI they owe to Plaintiffs at the Court's direction. *See* Dkt. No. 366-367 (seeking to compel discovery from Defendants). Plaintiffs produced some Opt-Ins for deposition but held off moving forward with the remainder as it continued to be clear that further discovery, the production of which continued to be contested by Defendants even after motion practice, was needed to properly prepare these witnesses and challenge assertions made by Defense Counsel at the Opt-In depositions that have occurred to date, a fact of which Defendants are well aware.

Plaintiffs ask that the Court deny Defendants' motion in its entirety, nearly all of which is now moot, and find that in having delayed any action in connection with their discovery requests for years, they have effectively waived their ability to seek this discovery.

## I.   LEGAL STANDARD

The Court has broad discretion in deciding discovery matters should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case

before the court." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir.2002) (*quoting Rowlin v. Alabama,* 200 F.R.D. 459, 461 (M.D.Ala.2001)).

Defendants make their motion nearly two years after service of the requests at issue. In doing so Defendants make no showing which would assist the Court in assessing the delay of the movant, including (1) the length of the delay; (2) the reason for it; and (3) what happened during the delay. *Everett v. Aldi, Inc.,* No. 1:07-CV-275, 2009 WL 940379, at *2 (N.D. Ind. Apr. 6, 2009) (*citing West v. Miller,* No. 05C4977, 2006 WL 2349988, at *6 (N.D. Ill. Aug.11, 2006)).

## II. PLAINTIFFS SHOULD NOT BE REQUIRED TO PRODUCE A TRIAL PLAN IN CONNECTION WITH AN INTERROGATORY REQUEST.

Defendants have already sought to have Plaintiffs produce a trial plan in this action, originally in the context of the 26(f) briefing. Dkt. No. 246 ¶ 7. In its motion, Defendants raise an array of arguments that it already put before the Court, now expecting a different result. At the December 8, 2022, conference the Court denied this application. Judge Martin refused to order a trial plan and advised that the parties should follow the Fed. R. Civ. P. and Judge Leichty rules in connection with pre-trial filings. Defendants now seek again for Plaintiffs to provide a trial plan via a discovery mechanism again ignoring this Court's direction on this topic, Plaintiffs object. Courts in similar collective actions have held, that a trial plan is not a proper subject for an interrogatory. *See, e.g., Lapan v. Dick's Sporting Goods, Inc.*, 1:13-cv-11390-RGS, Dkt. No. 189 (D. Mass. July 27, 2015). Moreover, as there is no Rule of Civil Procedure or rule of this Court requiring one, how any trial will proceed is a matter of pretrial consideration following the parties' submission of a Joint Final Pretrial Order and is appropriately addressed at the time of a pretrial conference in accordance with the usual procedures in this Court. We are very far away from a trial plan as Defendants have not even agreed to the scope of discovery.

Plaintiffs respectfully request that this Court deny Defendants' continued request to compel Plaintiffs to produce a trial plan.

## III.   SEVERAL DISCOVERY OPT-INS HAVE ELECTED TO WITHDRAW FROM THIS ACTION.

Defendants raised deficiencies, perceived or otherwise in their motion to compel related to Pamela Beavers, Jean Spurlock and Teri Kouri.  However, all three of these individuals have requested to withdraw from this lawsuit and have done so (Dkt. No. 365), thus Defendants' motion as it related to these individuals is moot.

## IV.   DISCOVERY RESPONES WERE SERVED IN CONNECTION WITH SEVERAL OPT-INS INCLUDED IN THIS MOTION.

Defendants stated that the following individuals served no response or partial responses to discovery: Terry Lumma, Janie Kress and Chrystal Warren.  However, these individuals have already served full responses, thus Defendants' motion as it related to these individuals is moot as they have already served responses.

## IV.   NANCY WHITE SERVED SUPPELEMNTAL DISCOVERY RESPONES.

Nancy White served supplemental discovery response clarifying that she does not have and is not withholding documents.  Therefore, excluding the issue related to the trial plan interrogatory addressed below, there are no further pending disputes related to her responses.

## V.   SEVERAL DISCOVERY OPT-INS FROM WHICH DEFENDANTS ARE SEEKING DISCOVERY ARE NON-RESPONSIVE.

Defendants have also raised deficiencies, in their motion to compel related to the following non-responsive Discovery Opt-ins Ginny Blythe, Shelly Lemcke, Cassandra Rice, Kersten Schafer, Stephanie Vanderlinden, Aimee Pasco, and Michelle Seltvedt.  Again, these individuals are non-responsive.  Plaintiffs' Counsel has engaged in concerted and significant attempts to contact these individuals.  Because efforts to communicate with these individuals have not resulted

6

in communications, Plaintiffs cannot take a position in connection with Defendants' efforts to have them dismissed.

In this action Plaintiffs served objection only discovery responses for individuals that were non-responsive.  Plaintiffs' counsel does not always engage in this practice, however they did so here because Defendants had served requests for admission in conjunction with their other document and interrogatory requests.  The difference here being that two years had passed between when the initial objection only responses were served and Defense Counsel's conferral efforts. The result of which was that Plaintiffs' Counsel had to reengage in outreach efforts to ensure the passage of time had not impacted an individual's responsiveness. Plaintiffs' Counsel was able to reach and secure responses from Deeann Skinner and David Weiler which Plaintiffs have served.

Defendants do not account for all discovery responses received, stating that 16 individuals have not substantively responded. Terry Lumma, Sarah Evans, Crystal Warren and Janine Kress all provided full discovery responses to Defense Counsel back in 2023.  Plaintiffs have re-provided those materials to defense counsel. The remaining individuals are either non-responsive or have withdrawn from the case.

Defendants also argue both for the dismissal or in the alternative for the Court to deem the non-responsiveness as an admission on the part of the non-responsive Opt-ins in connection with requests for admission served.

In making this argument, Defendants cite to *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)(an action brought by the government seeking back taxes) and *Moses v. U.S. Steel Corp.*, 946 F. Supp. 2d 834, 840–41 (N.D. Ind. 2013)(a single plaintiff employment discrimination case).  However, neither of these cases are class or a collective action lawsuits, where a party is seeking to hold the unresponsiveness of Opt-Ins or class members in the form of

admissions against the participating Opt-Ins.  Quite simply the procedural posture of these cases does not align and cannot be used in the collective context.

For this reason, Defendants' Motion should be denied.

## VI.    PLAINTIFFS ARE NOT WITHOLDING DOCUMENTS ON THE BASIS OF A PRIVLEDGE OBJECTION.

Plaintiffs are not withholding documents based on a privilege objection, there is nothing to log and nothing further to produce.  Defendants did not raise this issue with Plaintiffs during conferrals.  Defendants now raise the responses of Sarah Sutton, which are the only responses that state they are withholding documents based on an objection; however, nothing is being withheld based on a privilege objection.  Defendants would have known this if they had conferred with Plaintiffs about Ms. Sutton's requests at any time since they received them in 2023 rather than raising it for the first time in their motion papers.  Plaintiffs submit that this issue is not properly before this Court, however Plaintiffs will make themselves available to Defendants to confer related to her responses.

## VII.    PLAINTIFFS LYNN JEFFRESS AND CLARA FLOWERS SHOULD NOT BE DISMISSED BECAUSE DEFENDANTS UNILATERALLY NOTICED THEIR DEPOSITIONS AND REFUSED TO RESCHEDULE THEM.

Defendants stating that Opt-In Plaintiffs Lynn Jeffress and Clara Flowers failed to appear for their depositions without the context of what occurred is misleading.  Defendants never had any expectation that they would appear, and they moved forward with the depositions and incurred costs despite Plaintiffs warning that they would not be appearing for the depositions on the noticed dates.  Defendants chose to incur attorney time and costs in conjunction with these depositions despite being warned that these Plaintiffs would not appear, thus Defendants' application should be denied, and the Court should remind Defendants despite their opportunism, that Courts prefer to resolve disputes between parties the old-

fashioned way, on the merits.

Defendants unilaterally noticed depositions in this action and did not wait for Plaintiffs Counsel to confirm dates that worked with the witnesses' schedules. Plaintiffs sought to adjourn the dates to a time *mutually agreeable* to the parties.

Concurrently occurring, but no less in the background, was Plaintiffs raising and subsequent briefing of Defendants' discovery disputes. Plaintiffs continually raised these disputes with Defendants in the months leading up to the noticed depositions and advised them on February 12, 2025, Plaintiffs would not move forward with Opt-In depositions until after Defendants cured their deficiencies. Defendants chose not to cure the deficiencies and instead to keep the deposition dates despite Plaintiffs advising that they would not be moving forward. Specifically on February 21, 2025, Plaintiffs informed Defendants that "Plaintiffs maintained their objection to [Defendants] unilaterally noticing depositions and [Defendants'] failure to substantively respond to outstanding discovery." Plaintiffs did however state that, "in the interest of working together, we will agree to identify dates for the unilaterally noticed depositions of Clara Flowers, Tabetha Ciechna, Tammy Wheat and Lynn Jeffress" and advised that they would respond shorty with new mutually agreeable dates for Clara Flowers, Tabetha Ciechna, Tammy Wheat and Lynn Jeffress. Thus, Defendants were well aware that Lynn Jeffress would not be appearing for her March 3, 2025 deposition. Given these circumstances, Plaintiffs cannot imagine why Defendants would seek costs now (nine-months later). Putting the discovery dispute aside, Defendants were given every opportunity to mitigate these costs but chose not to do so no doubt for strategic reasons. Refusing a deposition for a witness that the opposing party will agree to produce on an alternate date in the future is quite simply not an adequate basis to support dismissal or a motion for costs. Nor is 4-days an inadequate period

9

of time to adjourn a deposition without incurring costs as asserted by Defendants in relation to Clara Flowers.

The *Collins* case, cited by Defendants fails to support this outcome.  In *Collins* the Plaintiffs had a long history of failing to comply with Court discovery orders and later when disposed on a date of her choosing, refused to move forward in the presence of a court reporter, questioned the unrelated presence of policemen outside the building, and refused to allow another party to be present at the deposition. *Collins v. Illinois*, 554 F.3d 693, 694 (7th Cir. 2009).  The *pro se* Plaintiff also left her deposition before the Magistrate Judge could be contacted to advise on these disputes and address her objections. *Collins v. Illinois*, 554 F.3d at 694-96.  Here, Defendants fail to make a showing of willfulness, bad faith, or fault. *Id.*

Moreover, Defendants' request that they be permitted to submit further briefing on costs and fees.  While Plaintiffs believe that there is no basis for such relief to be granted, they too believe that further briefing would be needed before any action is taken as it is unclear from Defendants' papers if they are seeking costs and fees related solely to the deposition issue raised with the Court or if their application relates more broadly to the other components of their motion to compel.  Without an accounting of costs and fees it is not possible of Plaintiffs to be sure what is implied and to adequately oppose this application.

**A.     PLAINTIFFS HAVE ALREADY PRODUCED DOCUMENTS OR AMENDED RESPONSES TO CONFIRM THAT THEY DO NOT HAVE ADDITIONAL DOCUMENTS TO PRODUCE FOR IMPACTED RESPONSES.**

The exhibits to Defendants motion to compel are voluminous nearly 2,500 pages[1] and include what appears to be every discovery response served in this case and then some.  Because

---

[1]     The Defendants motion has numerous unnecessary attachments. Plaintiffs note that there is no reason for this other than for Defendants to artificially increase the size and effort of their

of this, exactly pinpointing the concerns raised by Defendants about document production were a challenge.   Particularly as Defendants have not conferred with Plaintiffs on this topic and are raising issues for the first time without naming the Opt-ins impacted by name, instead simply producing stacks of responses and citing them as having varying issues.   The primary focus of which as Plaintiffs understand is based on the language of a certain responses, causing it to believe that additional documents may be forthcoming, without listing the actual names of the individuals that they believe were impacted.   In response to this, Plaintiffs audited the responses which they understood to be impacted by this concern.   Many these individuals had already produced documents, Opt-ins such as, Bonnie Barrera, Mariah Brown, Karen Calhoun, Lincoln Johnson, Elizabeth Rice, Vicki Simon, Amie Slimick, Tammy Wheat, Jewelya Boyd and Shannon Williams. Plaintiffs have amended these responses to either state the bates range of produced documents or that there are no documents to be produced.   This issue is also now moot.[2]

Defendants also state that the overall volume of documents is suspect without giving a particular reason as to why, merely citing volume alone.   Defendants are requesting information that is mostly in their possession.   Defendants represent to the Court, that these are crucial records that they need, when in fact the vast majority of Plaintiffs' employment records are in Defendants' possession.   Casey's instructs its Store Managers not to bring materials home and has policies against employees recreationally posting about their employment on social media.   Thus, the types of materials in the possession of the Opt-Ins responsive to Defendants' requests are limited.   Types

---

papers in seeking costs and sanctions. The Court should see through this thinly veiled ploy in an effort to increase their heretofore unsubstantiated fees.

[2]    If Defendants have additional items that they believe need to be addressed then Plaintiffs would ask for them to confer so that any remaining items in this category can be addressed on a reasonable timeline, mutually agreeable to the parties.   Plaintiffs do not object to clarifying responses but emphasize that conferral requirements should be adhered to.

of documents produced related to their employment at Casey's often include resumes, offer letters, store schedules, tax documents and occasional other materials. These are not voluminous in nature and an Opt-In having only a resume is in no way indicative of a lack of discovery compliance. Rather it relates to Caseys own documents, the types of materials requested and those maintained by the Opt-Ins.

### VIII.    PLAINTIFFS' INITIAL DISCLOSURE ARE NOT DEFICIENT.

Contrary to Defendants' assertions in its motion to compel there is nothing ironic or corollary in connection with the parties' Initial Disclosures. First, Plaintiffs identify all Opt-Ins in this action as they are the individuals that have claims in this action. The are all reachable through counsel and are Defendants' former employees. Defendants have unfettered access to their personnel file, current employees that work(ed) with these individuals and the complete roster of all individuals that worked or supervised the opt-ins. Defendants' argument that this category is too broad to be able to reasonably direct discovery is spurious as a discovery plan was set explicitly set detailing which of these individuals would be identified for representative discovery. The parties also specifically addressed trial witnesses in the representative discovery plan so Defendants cannot claim to be surprised as to who will appear on behalf of Plaintiffs. ECF No. 259 at ¶ 4.

Second Defendants complain that Plaintiffs have identified "[a]ll supervisors for any individuals who opt-in to this action," this identifier when made and even now, is derived from the witness identification made by Casey's 26(a) Initial Disclosures, these individuals quite literally relate to individuals identified on Defendants' Initial Disclosures in paragraph 26. Defendants acknowledge that Plaintiffs quite literally are referring to its Initial Disclosures in identifying these individuals.

Of all of the "alleged deficiencies" Defendants have noted in their motion, this section is perhaps the most disingenuous and should be ignored by the Court. It is the proverbial "tit for tat". As this Court recalls, what has led to the supplemental disclosure and discovery dispute from the Plaintiffs perspective is when on the eve of the initial close of discovery and prior to the extension granted by this Court was the exchange of ***thousands of potential witnesses*** by the defendants. After much negotiation Defendants narrowed their disclosures down to hundreds from thousands. See Dkt. No. 331, 336 (discussing individuals described on Defendants' Initial Disclosures and disputes in connection with same). This brief background is necessary because the ***only*** reason Plaintiffs' Counsel has been unable to narrow down the witnesses as noted in their initial disclosure is because of the lengthy supplemental disclosure by Defendants. It should be noted that of all of Casey's employees (excepting their clients the Opt-Ins) Plaintiffs listed only **6** individuals. Plaintiffs affirm that they plan to notice a few more individuals for deposition which will likely result in future supplements to their Initial Disclosures. However, Plaintiffs are still awaiting discovery and as such to list anyone would be premature. Again, the defendants have the name of every Caseys employee from the store level to the CEO whereas the Plaintiffs need to wait until discovery is exchanged and depositions are taken to fully supplement their disclosures. Moreover, Plaintiffs intend to only potentially call the upper-level superiors of those individuals who are called to testify at the time of trial and are deposed and or noticed. Plaintiffs have advised defense counsel of this *ad nauseum.* However, and despite this, Plaintiffs have only listed 6 and plan to add a few more. Moreover, ***all*** of these individuals are employed by Casey's and are being noticed based upon discovery produced to date by Casey's – clearly there has been no element of surprise.

The quandary for Plaintiffs is that Pursuant to Fed. R. Civ. P. 26(a)(1)(A) a party must supplement their disclosures "in a timely manner if the party learns that in some material respect

the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Because the defendants are still seeking to exchange hundreds of witnesses, Plaintiffs[3] submit that the Court should limit the number of potential witnesses named in its 26(a) disclosures as the Plaintiffs have proposed otherwise, they will be forced to similarly engage in having a larger than feasible exchange. These obligations are enforced by Rule 37(c), which states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Townsend v. City of Fort Wayne*, No. 1:12-CV-371 JD, 2014 WL 4829644, at *2 (N.D. Ind. Sept. 26, 2014). The factors to consider in making that determination—one that district courts are given broad discretion to make—are "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Natl. Fire & Cas. Co. v Kessler Tank Co., Inc.,* 4:13-CV-82, 2017 WL 3034974, at *4 (N.D. Ind July 18, 2017)(quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). If Defendants insist on having hundreds of potential witnesses named in their 26(a) disclosures, then Plaintiffs will be forced as a matter of law to make a similar exchange. Again, the Plaintiffs reiterate that they are ready willing and able to limit whereas the Defendants are not. It should be noted that Plaintiffs cannot imagine a situation where hundreds of witness are called at trial as Defendants' Disclosures seem to suggest.

---

[3] Despite Defendants' deficiencies Plaintiffs will serve a Supplemental 26(a) disclosure within 7 business days and prior to Defendants' reply to this Court.

## IX.   CONCLUSION

For the foregoing reason, this Court should deny Defendants' motion in its totality.

Dated: December 23, 2025                    Respectfully submitted,

*/s/ Rebecca S. Predovan*
Rebecca S. Predovan*
Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
E-mail:  mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com

Michael J. Palitz*
**SHAVITZ LAW GROUP, P.A.**
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
E-mail: mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Camar R. Jones*
Loren B. Donnell*
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com
E-mail: ldonnell@shavitzlaw.com

Richard E. Shevitz
Scott Gilchrist
**COHEN & MALAD, LLP**
One Indiana Square Suite 1400
Indianapolis, IN 46204

Phone: (317) 636-6481
Facsimile: (317) 636-2593
E-mail: rshevitz@cohenandmalad.com
E-mail: sgilchrist@cohenandmalad.com

***Attorneys for Plaintiffs and the FLSA Collective***

*admitted or to apply for admission *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on December 23, 2025, I served a true copy of this document by all counsel

of record via the Court's Electronic Case Filing system.

*/s/ Rebecca S. Predovan*
Rebecca S. Predovan