# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA

NANCY WHITE, on behalf of herself and all
others similarly situated,

        Plaintiffs,

        v.

CASEY'S GENERAL STORES, INC.,
CASEY'S MARKETING COMPANY, and
CASEY'S RETAIL COMPANY,

        Defendants.

Case No.: 2:18-CV-00072 (DRL) (JEM)

## DECLARATION OF REBECCA S. PREDOVAN IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS

I, Rebecca S. Predovan, declare as follows:

1. I am an admitted *pro hac vice* to practice before this Court and am counsel for Plaintiffs Nancy White and the Opt-In Plaintiffs in this action. I make this declaration based upon my personal knowledge, my review of the case file, discovery exchanged in this action, and communications with co-counsel and Plaintiffs. If called as a witness, I could and would testify competently to the matters stated herein.

2. This declaration is submitted in support of Plaintiffs' Opposition to Defendants' Motion to Compel Full Responses to Discovery and for Sanctions.

3. This action was filed on February 16, 2018, asserting claims under the Fair Labor Standards Act based on Defendants' alleged misclassification of Store Managers as exempt.

4. On March 31, 2021, the Court conditionally certified this collective action. Ultimately, 1,508 Opt-In Plaintiffs were determined to have timely claims.

5.     On March 31, 2023, the parties submitted a Stipulated Representative Discovery Plan, which the Court approved on April 6, 2023, permitting written discovery from 75 Opt-Ins and depositions of up to 30 Opt-Ins.  Pursuant to the Stipulated Representative Discovery Plan, the Representative Plaintiffs served discovery responses beginning October 16, 2023 until completed at the end of December 2023.

7.     The Opt-In Plaintiffs possess few responsive documents because Defendants are the party who maintain employment records and prohibit private retention of company materials.  Simply put one cannot produce something that one does not have.

9.     Defendants did not raise substantive objections to these responses for nearly two years. Defendants first raised alleged deficiencies only after noticing Opt-In depositions and immediately before the scheduled mediation of this action.

18.     Defendants unilaterally noticed depositions for Lynn Jeffress and Clara Flowers on a date of their choosing, without ascertaining whether the Opt-Ins were in fact available on the noticed date.

19.     Plaintiffs promptly advised Defendants that the unilaterally noticed deposition dates were not workable and sought to adjourn the depositions to dates that were mutually agreeable.  It should be noted that when Plaintiffs schedule depositions of the Defendants' witnesses, Plaintiffs do not keep objected to dates on the calendar, incur unnecessary court reporter fees, make a record of non-appearance and seek sanctions.  Such disputes can simply be dealt with through conferral and motion practice.

20.     At the same time, Plaintiffs were actively raising and briefing Defendants' outstanding discovery deficiencies, which had been the subject of repeated meet-and-confer efforts for months.

21.     On February 12, 2025, Plaintiffs advised Defendants that opt-in depositions would not proceed until Defendants cured their discovery deficiencies.

22.     On February 21, 2025, Plaintiffs reiterated their objection to Defendants' unilateral deposition notices and Defendants' failure to substantively respond to discovery, while nevertheless agreeing, in good faith, to identify alternative dates for several of the noticed depositions. (Dkt. No. 346-1 at 2876)(E-mail Correspondence dated February 21, 2025).

23.     On February 24, 2025, Plaintiff's counsel proposed dates of March 17 or March 18, 2025, for Opt-In Plaintiff Clara Flowers's deposition.  Thereafter Clara Flowers became non-responsive, and the deposition was not conducted.  Plaintiffs provided sufficient notice of Ms. Flowers's non-responsiveness to cancel her deposition without incurring costs.

24.     As to Opt-In Plaintiff, Lynn Jeffress, Defendants were fully aware that she would not appear for her March 3, 2025 deposition.

25.     A brief review of transcript of the unilaterally scheduled March 3, 2025, deposition reveals that Defendant *knew* that Lynn Jeffress would not be appearing (Dkt. No. 346-1 at 2834:3-9).  Despite knowing this, Defendants chose to proceed with the depositions and to incur attorney time and costs.

26.     Any expenses incurred were entirely avoidable and were the result of Defendants' own tactical decision to proceed despite knowing the witnesses would not appear.

27.    Plaintiffs never refused to produce Ms. Jeffress or Ms. Flowers for deposition and consistently represented that Opt-In Plaintiffs would be produced on mutually agreeable dates and after discovery issues were addressed.

28.    Despite being advised multiple times that the Opt-In Deponents would not appear on unilaterally noticed dates, Defendants choose to incur these costs despite multiple emails as to unilateral dates being unacceptable.

29.    Plaintiffs have acted in good faith throughout discovery and complied with the Court-approved plan.

30.    Sanctions under Rule 37 require a showing of willfulness, bad faith, or fault. No such showing exists here.

31.    Defendants' request for costs and fees is improper where Plaintiffs provided advance notice, sought reasonable adjournments, and offered alternative dates.

32.    Finally, Defendants' request for leave to submit further briefing on fees and costs is premature and unsupported, as Defendants have failed to identify what costs are allegedly attributable to the deposition issue, (a cost made by Defendants own actions) as opposed to other aspects of their motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 23, 2025
New York, New York

s/ *Rebecca S. Predovan*
Rebecca S. Predovan