**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **NANCY WHITE, on behalf of herself and all others similarly situated,** | |
| Plaintiffs, | Case No.2:18-cv-00072 |
| v. | |
| **CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,** | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT AS TO
THE CLAIMS OF 466 OF THE OPT-IN PLAINTIFFS**

As previewed in Defendants' Opposition to Plaintiffs' Motion for Reconsideration of Equitable Tolling (the "Reconsideration Opp."), *see* Dkt. 359 at 6, Plaintiffs' Partial Opposition to Defendants' Motion for Summary Judgment (the "Partial SJ Opp.") seeks an illegitimate fifth bite of the equitable tolling apple. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments[.]") Indeed, the Partial SJ Opp. concedes it is wholly dependent on the Court granting the Motion for Reconsideration, stating "there are 450 Opt-In Plaintiffs whose claims are untimely . . . if the Court does not grant Plaintiffs' Motion for Reconsideration and equitably toll their statute of limitations." Dkt. 360 at 1. Having so conceded, Plaintiffs "ask the Court to reconsider" the denial of equitable tolling, then "toll the FLSA statute of limitations" for

the 450[1] opt-ins whose claims are time-barred and, having done so, to then deny the summary judgment motion as to them. *Id*. p. 2.

As more fully set forth in the Reconsideration Opp., there is no basis for reconsidering the Court's 2022 Order denying tolling for the collective members. Dkt. 359, *passim*. There has been no change in the law relative to equitable tolling. In its dicta referencing that equitable tolling could be available, the Court in *Richards v. Eli Lilly & Co.* noted "the equitable tolling of FLSA claims is already a familiar practice in our circuit." 149 F.4th 901, 914 (7th Cir. 2025) (citations omitted). That tolling *could* be available is not a change in the law, and in the 2022 Order the Court recognized tolling could be available but ruled Plaintiffs had not met the requirements for it. Dkt. 237 at 3, 12–14.

The *Richards* decision does not address much less change the requirement, set forth by the U.S. Supreme Court, that the party seeking equitable tolling demonstrate that they diligently pursued their rights. *See, e.g., Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255, 256 (2016) (holding that a litigant seeking equitable tolling bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" and that such are "elements, not merely factors of indeterminate or commensurable weight.")[2] Even if the *Richards* Court sought to change the standard for equitable tolling, it neither stated an explicit new standard to replace the two-pronged equitable tolling test nor is it authorized to overrule the U.S. Supreme Court—the source

---

[1] There are 466 opt-ins at issue in the summary judgment motion. Plaintiff does not oppose summary judgment as to the 16 who had never been members of the collective and, thus, were mistakenly sent notice. ECF No. 360 at p.2.

[2] The *Richards* court's reference to equitable tolling followed its raising the possibility of "abuses and unnecessary delay" in the pre-motion discovery that its order contemplated, with the Court stating that the District Courts "are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery." 149 F.4th at 914. As discussed in the Reconsideration Opp., Plaintiffs' equitable tolling requests are not related to discovery at all, much less abuses or unnecessary delays in discovery that disadvantaged them.

of the standard. *See id.* If the Seventh Circuit had changed the standard for equitable tolling as Plaintiffs claim, it would not have hidden the ball. It would have clearly stated a new standard exists and what that standard is. *See Levine v. Heffernan*, 864 F.2d 457, 461 (7th Cir. 1988) (stating that "[l]ower courts, however, out of respect for the great doctrine of *stare decisis*, are ordinarily reluctant to conclude that a higher court precedent has been overruled by implication."). Instead, the *Richards* Court simply affirmed that equitable tolling may be available prior to conditional certification, *see* 149 F.4th at 914, which was the law when this Court denied Plaintiffs' last attempt at equitable tolling. Further, Plaintiffs have not, either before the 2022 Order or since, set out any evidence showing that even *one* of the members of the collective on whose behalf they seek tolling acted with the requisite diligence to warrant tolling, much less that all 450 did. *Id*. at 12.

Though, as this Court has previously ruled (*see* Dkt. 237, pp. 8-12), the 450 Plaintiffs' failure to demonstrate they pursued their claims with diligence is fatal to the tolling argument, Plaintiffs re-up an argument from their prior attempts at equitable tolling but that they did not raise in the Motion for Reconsideration itself; that the former Named Plaintiff Joy McColley was herself diligent in filing for conditional certification. Dkt. 360 at 4.[3] As Plaintiffs' Motion for Reconsideration does not seek reconsideration of the 2022 Order on the basis of Nancy White's—or anyone's—diligence, it would be improper for the Court to rely on that argument to deny summary judgment; i.e., to reconsider the 2022 Order on that basis. Even if they had raised it, this Court addressed that argument in painstaking detail in the 2022 Order, holding that "[t]he standard for equitable tolling *focuses on an individual's diligence, not that of another putative or*

---

[3] The Partial SJ Opp. loosely states that "Plaintiffs" were diligent in filing a motion for conditional certification, having defined that term to include the 450 opt-ins in question but, as Plaintiffs admit in noting the 450 joined this case *after* receiving notice of it, see *id*., they were not yet plaintiffs at the time of that motion. That is, they were not part of filing the motion. As filing the motion was Named Plaintiff's act, it reflects only her diligence and not theirs.

*named plaintiff.*" Dkt. 237 at 8–12 (emphasis added) (citations omitted). The word diligence appears nowhere in the *Richards* opinion because the law requiring a showing of diligence prior to granting equitable tolling has not changed. As there is no basis for reconsidering the denial of tolling, there is no basis for denying summary judgment to Casey's with respect to the claims of the 450 plaintiffs whose claims Plaintiffs concede are untimely.

The only authorities Plaintiffs cite in the Partial SJ Opp. are *Richards v. Eli Lilly & Co.*, 149 F.4th 901 (7th Cir. 2025) and *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), that improperly states the *Clark* case was decided by the Seventh Circuit. *See* Dkt. 360 at 4. *Clark* is the Sixth Circuit's seminal case rejecting the two-step *Lusardi* standard for a one-step notice process akin to the standard for a preliminary injunction. *See id.* (holding that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a strong likelihood that those employees are similarly situated to the plaintiffs themselves") (internal quotations omitted). Aside from being non-binding case law in the Seventh Circuit, *Clark* adopts a completely different standard for the formation of a collective under the FLSA than that adopted by the *Richards* Court—a standard the *Richards* Court explicitly rejected. 149 F.4th at 911. ("We decline to [adopt the Fifth or Sixth Circuit's standards].") Further, Plaintiffs' citation to *Clark* again in their Reply in Support of Motion for Reconsideration Regarding Equitable Tolling attempts to pass off the *Clark* concurrence's quotation of an Ohio district court as the law adopted by the Sixth Circuit. That is clearly not the case For these reasons, the Court should not look to *Clark* for guidance on the Seventh Circuit's equitable tolling standard.

Finally, and most importantly in the context of a motion for summary judgment, Plaintiffs have failed to point the Court to any portion of the record creating a genuine dispute of

material fact as required by Rule 56(e). Nothing in Rule 56 allows the conditional admissions Plaintiffs attempt to pass off in their Response to Defendants' Statement of Material Facts Not in Dispute. *See* Dkt. 361 at 1.[4] Rather, "[a] party asserting that a fact . . . is genuinely disputed *must* support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" FED. R. CIV. P. 56(C) (emphasis added). Plaintiffs' responses attempt neither. Plaintiffs explicitly admit every fact addressed. *See* Dkt. 361 at 2, ¶¶ 1–9. To the extent the Federal Rules allow Plaintiffs' conditional admissions, Plaintiffs have failed to affirmatively cite to the record to show why the facts alleged by Defendants are genuinely disputed, which likewise means the Court should "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3).

In conclusion, the Court should not flip the chess board after years of litigation relying on its prior ruling denying equitable tolling. The Court should grant summary judgment to Casey's as to the 450 plaintiffs whose claims are time-barred. The Court should further grant summary judgment as to the 16 plaintiffs who were mistakenly sent notice but were never actually in the collective.

---

[4] "Plaintiffs' responses to Defendants' Statement of Material Facts are made subject to the Court's ruling on Plaintiffs' Motion for Reconsideration."

Date:  January 14, 2026

Respectfully submitted,

/s/ John H. Lassetter

John H. Lassetter (MN #0389009)
Niloy Ray (MN #0398699)
Brendan C. Johnson (MN #0403009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
E-mail:  jlassetter@littler.com
E-mail:  nray@littler.com
E-mail:  bcjohnson@littler.com

Sarah Doty (#35007-53)
**LITTLER MENDELSON, P.C.**
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
Facsimile:  317.636.0712
E-mail: sdoty@littler.com

*Attorneys for Defendants*

4930-3248-3970 / 091581.1001